**WINEGAR, WILHELM, GLYNN & ROEMERSMA**
305 Roseberry Street
P.O. Box 800
Phillipsburg, NJ  08865
(908) 454-3200
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| JUNIOR DOE, a minor, by JOHN DOE, and JANE DOE, his parents and natural guardians, | : : : | |
| Plaintiffs | : | Civil No.: |
| | : | |
| vs. | : | |
| | : | |
| ALLENTOWN SCHOOL DISTRICT (a/k/a "The School District of the City of Allentown") | : : : | Civil Action |
| and | : | |
| LEHIGH VALLEY HOSPITAL, INC. | : | |
| and | : | |
| EVA W. HADDON, in her individual capacity and as Principal | : : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| and | : | |
| BRADLEY CARTER, in his individual capacity and as Assistant Principal | : : | |
| and | : | |
| DR. KAREN S. ANGELLO, in her individual capacity and as Superintendent | : : | |
| and | : | |
| EVELYN W. ROSSI, in her individual capacity and as Director of Human Resources | : : : | |
| and | : | |
| KAREN J. BOARDMAN, in her individual capacity and as Assistant to the Superintendent-Elementary, n/k/a Executive Director of Elementary Education | : : : : | |
| and | : | |
| DIANE M. HOLBEN, in her individual capacity and as Director of Research, Planning & Accountability | : : : | |
| and | : | |

RITA D. PEREZ, in her individual                :
capacity and as Director of Professional &      :
Staff Development                               :
     and                :
RALPH A. DAUBERT, in his individual             :
capacity and as Executive Director of           :
Community and Student Services                  :
     and                :
RALPH S. TODD, in his individual                :
capacity and as Executive Director of           :
Instructional Support Services                  :
     and                :
DEBORAH HARTMAN, in her individual              :
capacity and as Director of Instructional       :
Support Services n/k/a Director of Special      :
Education                                       :
     and                :
DR. LOURDES SANCHEZ, in her                     :
individual capacity and as School               :
Psychologist                                    :
     and                :
GERALD BROWN, in his individual                 :
capacity and as Teacher                         :
     and                :
AMY ENRIGHT, in her individual                  :
capacity and as Teacher                         :
     and                :
LORI FRIEBOLIN, in her individual               :
capacity and as Teacher                         :
     and                :
KIM CECCATTI, in her individual                 :
capacity and as Guidance Counselor              :
     and                :
CATHERINE BUCKS, in her individual              :
capacity and as Teacher                         :
     and                :
JENNA HEILAND, in her individual                :
capacity and as School Nurse                    :
     and                :
PEG PERRY, in her individual                    :
capacity and as School Nurse                    :
     and                :
KATHLEEN E. COUGHLIN, in her                    :
individual capacity and as Social Worker        :
     and                :
F.H., a minor                                   :

```
                and                          :
ABC PUBLIC AGENCIES (1-5)                    :
(fictitious public entities)                 :
                and                          :
THOMAS DOES (1-5)                            :
(fictitious names),                          :
                         Defendants.         :
```
_____

NOW COME the Plaintiffs, Junior Doe, a minor, by John Doe and Jane Doe, his

parents and natural guardians, by and through their undersigned counsel, Scott M. Wilhelm,

Esq., and Blake W. Rush, Esq., who hereby complain of the above-named Defendants as

follows:

## I.    PARTIES

1.    Plaintiff, Junior Doe[1], is presently an eight year-old African-American male and

resident of the Commonwealth of Pennsylvania, County of Lehigh, City of Allentown, who at all

times material hereto was a six year-old elementary school student at the Central Elementary

School located at 829 Turner Street, Allentown, Pennsylvania 18102.  Plaintiffs, John Doe and

Jane Doe, are, and were at all times mentioned in this Complaint, residents of the

Commonwealth of Pennsylvania, County of Lehigh, City of Allentown, and parents and natural

guardians of the minor plaintiff, Junior Doe.  John and Jane Doe are named as plaintiffs both

individually and on behalf of their Plaintiff-son, Junior Doe.

2.    Defendant, Allentown School District a/k/a The School District of the City of

Allentown, is an entity authorized and existing by virtue of the laws of the Commonwealth of

---

[1]  Plaintiff Junior Doe institutes this action under a fictitious name out of concern that his identity may be published
in connection with these delicate circumstances, and in order to prevent a risk of publication in the future, Plaintiff
will soon seek a Court Order prohibiting any public mention of his true identity in relation to this litigation.

  Plaintiff's identity is protected from public disclosure pursuant to Local Civil Rule 5.1.3, due to his privacy rights
and protected status as both a minor and rape victim under Pennsylvania common law and the Juvenile Act, 42
Pa.C.S. § 6301 et. seq.  Plaintiffs have supplied sufficient details in this Complaint from which the Defendants, all of
whom have prior knowledge of the underlying events, will still be able to accurately identify him.  Plaintiff's true
identity and present residence will be disclosed to all parties to this litigation pursuant to the Court's instruction.

Pennsylvania with a principal place of business located at 31 South Penn Street, Allentown, Pennsylvania 18102-5409, which entity at all times hereto functioned, under color of state law, as the executive administrative agency responsible for the orderly administration of the schools within the Allentown School District, including, but not limited to, the Central Elementary School, and was the entity responsible for institution of administrative rules regarding the conduct of the schools within the Allentown School District, as well as the implementation of Disciplinary Responses and Procedures to be followed by administrators in the conduct of the day-to-day business of the schools within the Allentown School District, including disciplinary responses, procedures, and implementation of same, which entity at all material times hereto employed all of the Defendants named herein, with the exception of Defendants F.H., a minor, and Lehigh Valley Hospital, and supervised, directed and/or ratified their activities.

3. Defendant, Lehigh Valley Hospital, Inc., is a professional business corporation/organization existing by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at Interstate 78 and Cedar Crest Boulevard, Allentown, Pennsylvania 18105, authorized to provide health care, medical care, social services, and associated treatment through its agents, servants, employees, and/or independent contractors, all of the same being physicians with various specialties, nurses, social workers, and others, which entity at all material times hereto functioned, under color of state law, as the entity responsible for health care, medical care, social services, and associated treatment within certain schools of the Allentown School District, including, but not limited to, Central Elementary School, which entity at all material times hereto employed, supervised, directed, and/or ratified the activities of its agents, servants, employees, and/or independent contractors located within certain schools of the Allentown School District, including, but not limited to, Central Elementary School, in furtherance of its business interests.

4

4.     Defendant, Eva W. Haddon, is an adult individual who at all times relevant hereto acted in her individual capacity and color of the law of the Commonwealth of Pennsylvania as the Principal of the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, and as Principal was responsible for the daily administration and implementation of Allentown School District policies and procedures, including but not limited to, implementation and enforcement of disciplinary procedures and school child safety, and at all times material hereto was acting within the course and scope of her employment.  Suit is brought herein against her as an individual and in her official capacity as the Principal of the Central Elementary School.

5.     Defendant, Bradley Carter, is an adult individual who at all times relevant hereto acted in his individual capacity and under color of the law of the Commonwealth of Pennsylvania as the Assistant Principal of the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, and as Assistant Principal was responsible for the daily administration of Allentown School District policies and procedures, including but not limited to implementation and enforcement of disciplinary procedures and school child safety, at all times material hereto and was acting within the course and scope of his employment.  Suit is brought herein against him as an individual and in his official capacity as the Assistant Principal of the Central Elementary School.

6.     Defendant, Dr. Karen S. Angello, is an adult individual who at all times relevant hereto was the Superintendent for the Allentown School District, acting in her individual capacity and as Superintendent within the course and scope of her employment and was acting under color of the law of the Commonwealth of Pennsylvania, and was responsible for the administration and implementation of Allentown School District policy, including but not limited to the enforcement of disciplinary procedures within the Allentown School District, having

5

overall supervisory responsibility for implementation and execution of disciplinary procedures by administrative personnel, faculty and staff within the Allentown School District, and acted in concert with, directed the activities of, and ratified the conduct of, the Defendants named herein. Suit is brought herein against her as an individual and in her official capacity as the Superintendent of the Allentown School District.

7.     Defendant, Evelyn W. Rossi, is an adult individual who at all times relevant hereto was the Director of Human Resources for the Allentown School District, acting in her individual capacity and as Director of Human Resources within the course and scope of her employment and was acting under color of the law of the Commonwealth of Pennsylvania and was responsible for the administration and implementation of Allentown School District policy, including but not limited to the enforcement of disciplinary procedures within Allentown School District, having overall responsibility for implementation and execution of Disciplinary Responses and Procedures by administrative personnel, faculty and staff within the Allentown School District, was responsible for the pre-employment screening, hiring, training, and supervision of administrative personnel, faculty, and staff within the elementary schools of Allentown School District, and acted in concert with, directed the activities of, and ratified the conduct of the Defendants named herein.  Suit is brought herein against her as an individual and in her official capacity as the Director of Human Resources of the Allentown School District.

8.     Defendant, Karen J. Boardman, is an adult individual who at all times relevant hereto was the Assistant to the Superintendent-Elementary, (n/k/a Executive Director of Elementary Education), for the Allentown School District, acting in her individual capacity and as Assistant to the Superintendent-Elementary within the course and scope of her employment and acting under color of the law of the commonwealth of Pennsylvania, and was responsible for the administration and implementation of Allentown School District policy, including but not

limited to enforcement of disciplinary procedures within the elementary schools of Allentown School District, having overall responsibility for implementation and execution of disciplinary procedures by administrative personnel, faculty, and staff within the elementary schools of Allentown School District, and was responsible for the pre-employment screening, hiring, training, and supervision of administrative personnel, faculty, and staff within the elementary schools of Allentown School District, and acted in concert with, directed the activities of, and ratified the conduct of the Defendants named herein.  Suit is brought herein against her as an individual and in her official capacity as the Assistant to the Superintendent-Elementary, (n/k/a Executive Director of Elementary Education), for Allentown School District.

9. Defendant, Diane M. Holben, is an adult individual who at all times relevant hereto was the Director of Research, Planning, and Accountability for the Allentown School District, acting in her individual capacity and as Director of Research, Planning, and Accountability and within the course and scope of her employment and acting under color of the law of the Commonwealth of Pennsylvania, and was responsible for the administration and implementation of Allentown School District policy, including but not limited to the enforcement of disciplinary procedures within Allentown School District, having overall responsibility for implementation and execution of disciplinary procedures by administrative personnel, faculty, and staff within Allentown School District, and was responsible for the pre-employment screening, hiring, training, and supervision of administrative personnel, faculty, and staff within Allentown School District, and acted in concert with, directed the activities of, and ratified the conduct of the Defendants named herein.  Suit is brought herein against her as an individual and in her official capacity as the Director of Research, Planning, and Accountability for Allentown School District.

10.     Defendant, Rita D. Perez, is an adult individual who at all times relevant hereto was the Director of Professional and Staff Development for the Allentown School District, acting in her individual capacity and as Director of Professional and Staff Development, and within the course and scope of her employment, and acting under color of the law of the Commonwealth of Pennsylvania, and was responsible for the administration and implementation of Allentown School District policy, including but not limited to the enforcement of disciplinary procedures within Allentown School District, having overall responsibility for implementation and execution of disciplinary procedures by administrative personnel, faculty, and staff within Allentown School District, and was responsible for the pre-employment screening, hiring, training, development, and supervision of administrative personnel, faculty, and staff within Allentown School District, and acted in concert with, directed the activities of, and ratified the conduct of the Defendants named herein.  Suit is brought herein against her as an individual and in her official capacity as the Director of Professional and Staff Development for Allentown School District.

11.     Defendant, Ralph A. Daubert, is an adult individual who at all times relevant hereto was the Executive Director of Community and Student Services for the Allentown School District, acting in his individual capacity and as Executive Director of Community and Student Services and within the course and scope of his employment, and acting under color of the law of the Commonwealth of Pennsylvania, and was responsible for the design, administration, implementation, and enforcement of Allentown School District safety policies and procedures, including but not limited to the administration, implementation, application, and enforcement of disciplinary procedures within Allentown School District, having overall responsibility for implementation and execution of disciplinary procedures by administrative personnel, faculty, and staff  within the Allentown School District, and was responsible for the training,

8

development, and supervision of administrative personnel, faculty and staff within Allentown

School District, and acted in concert with, directed the activities of, and ratified the conduct of

the Defendants named herein.  Suit is brought herein against him as an individual and in his

official capacity as the Executive Director of Community and Student Services of the Allentown

School District.

12.     Defendant, Ralph S. Todd, is an adult individual who at all times relevant hereto

was the Executive Director of Instructional Support Services for the Allentown School District,

acting in his individual capacity and as Executive Director of Instructional Support Services and

within the course and scope of his employment and acting under color of the law of the

Commonwealth of Pennsylvania, and was responsible for the administration, implementation and

enforcement of Allentown School District policy, including but not limited to the administration,

implementation, application, and enforcement of disciplinary procedures for special education

students within the Allentown School District, having overall responsibility for implementation

and execution of disciplinary procedures by administrative personnel and faculty to special

education students within the Allentown School District, and was responsible for the training,

development, and supervision of administrative personnel and faculty regarding special

education students within Allentown School District, and acted in concert with, directed the

activities of, and ratified the conduct of the Defendants named herein.  Suit is brought herein

against him as an individual and in his official capacity as the Executive Director of Instructional

Support Services for Allentown School District.

13.     Defendant, Deborah Hartman, is an adult individual who at all times relevant

hereto was the Director of Instructional Support Services, (n/k/a Director of Special Education),

for Allentown School District, acting in her individual capacity and as Director of Instructional

Support Services and within the course and scope of her employment and acting under color of

the law of the Commonwealth of Pennsylvania, and was responsible for the implementation and enforcement of Allentown School District policy within Allentown School District, including but not limited to the administration, implementation, application, and enforcement of disciplinary procedures for special education students within Allentown School District, having overall responsibility for implementation and execution of disciplinary procedures by administrative personnel and faculty to special education students within the Allentown School District, and was responsible for the training, development, and supervision of administrative personnel and faculty regarding special education students within the Allentown School District, and acted in concert with, directed the activities of, and ratified the conduct of the Defendants named herein. Suit is brought herein against her as an individual and in her official capacity as the Director of Instructional Support Services, (n/k/a Director of Special Education), for Allentown School District.

14.     Defendant, Dr. Lourdes Sanchez, is an adult individual who at all times relevant hereto acted in her individual capacity and under color of the law of the Commonwealth of Pennsylvania as the School Psychologist for the Allentown School District, in particular the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, and as School Psychologist was responsible for the design, implementation, and daily enforcement of Allentown School District policy, including but not limited to disciplinary procedures and responsibility for the care, safety, and well-being of students at the Central Elementary School, including Plaintiff Junior Doe, was responsible for responding to and managing student behavioral problems and district-wide crises; conducting student evaluations and appropriate interventions, including, but not limited to, individual counseling and notification of appropriate law enforcement agencies upon existence and reasonable awareness of dangerous threats to the student population; and acting in concert with and at the direction of Defendants named herein

and others, and at all times material hereto was acting within the course and scope of her employment as School Psychologist at the Central Elementary School for Allentown School District.  Suit is brought herein against her as an individual and in her official capacity as the School Psychologist of the Central Elementary School.

15.     Defendant, Gerald Brown, is an adult individual who at all times relevant hereto was a Teacher for Allentown School District at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, acting in his individual capacity and as a Teacher and within the course and scope of his employment as a teacher for the Allentown School District, and acting under color of the law of the Commonwealth of Pennsylvania, and was responsible for the care, safety, and welfare of students at the Central Elementary School, including Plaintiff Junior Doe, which included his personal, daily enforcement of Allentown School District policy at the Central Elementary School, including but not limited to disciplinary procedures, and acting in concert with and at the direction of Defendant Principal, Eva W. Haddon, the remaining Defendants named herein and others.  Suit is brought herein against him as an individual and in his official capacity as a Teacher for Allentown School District at the Central Elementary School.

16.     Defendant, Amy Enright, is an adult individual who at all times relevant hereto was a Teacher for Allentown School District at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, acting in her individual capacity and as a Teacher and within the course and scope of her employment as a teacher for the Allentown School District, and acting under color of the law of the Commonwealth of Pennsylvania, and was responsible for the care, safety, and welfare of students at the Central Elementary School, including Plaintiff Junior Doe, which included her personal, daily enforcement of Allentown School District policy at the Central Elementary School, including but not limited to disciplinary procedures, and acting

in concert with and at the direction of Defendant Principal, Eva W. Haddon, the remaining Defendants named herein and others.  Suit is brought herein against her as an individual and in her official capacity as a Teacher for Allentown School District at the Central Elementary School.

17.     Defendant, Lori Friebolin, is an adult individual who at all times relevant hereto was a Teacher for Allentown School District at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, acting in her individual capacity and as a Teacher and within the course and scope of her employment as a teacher for the Allentown School District, and acting under color of the law of the Commonwealth of Pennsylvania and was responsible for the care, safety, and welfare of students at the Central Elementary School, including Plaintiff Junior Doe, which included her personal, daily enforcement of Allentown School District policy at the Central Elementary School, including but not limited to disciplinary procedures, and acting in concert with and at the direction of Defendant Principal, Eva W. Haddon, the remaining Defendants named herein and others.  Suit is brought herein against her as an individual and in her official capacity as a Teacher for Allentown School District at the Central Elementary School.

18.     Defendant, Kim Ceccatti, is an adult individual who at all times relevant hereto was a Guidance Counselor for the Allentown School District at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, acting in her individual capacity and as Guidance Counselor and acting within the course and scope of her employment and acting under color of the law of the Commonwealth of Pennsylvania, was responsible for the care, safety, and welfare of students at the Central Elementary School, including Plaintiff Junior Doe, which included her personal, daily enforcement of Allentown School District policy at the Central Elementary School, including but not limited to disciplinary procedures, and acting in concert

with and at the direction of Defendant Principal, Eva W. Haddon, the remaining Defendants named herein and others.  Suit is brought herein against her as an individual and in her official capacity as a Guidance Counselor for Allentown School District at the Central Elementary School.

19.     Defendant, Catherine Bucks, is an adult individual who at all times relevant hereto was a Teacher for the Allentown School District at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, acting in her individual capacity and as a Teacher within the course and scope of her employment and acting under color of the Commonwealth of Pennsylvania, and was responsible for the care, safety, and well-being of students at the Central Elementary School, including Plaintiff Junior Doe, which included her personal, daily enforcement of Allentown School District policy at the Central Elementary School, including but not limited to disciplinary procedures, and acting in concert with and at the direction of Defendant Principal, Eva W. Haddon, the remaining Defendants named herein and others.  Suit is brought herein against her as an individual and in her official capacity as a Teacher for Allentown School District at the Central Elementary School.

20.     Defendant, Jenna Heiland, is an adult individual who at times relevant hereto was a School Nurse for the Allentown School District at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, acting in her individual capacity and as a School Nurse within the course and scope of her employment and acting under the color of the law of the Commonwealth of Pennsylvania, and was responsible for the nursing care of all students at the Central Elementary School, including Plaintiff Junior Doe, and acting in concert with and at the direction of Defendant Principal, Eva W. Haddon, the remaining Defendants named herein and others.  Suit is brought against her as an individual and in her official capacity as a School Nurse for Allentown School District at the Central Elementary School.

13

21.     Defendant, Peg Perry, is an adult individual who at times relevant hereto was a School Nurse for Allentown School District at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, acting in her individual capacity and as School Nurse within the course and scope of her employment and acting under color of the law of the Commonwealth of Pennsylvania, was responsible for the nursing care of all students at the Central Elementary School, including Plaintiff Junior Doe, and acting in concert with and at the direction of Defendant Principal, Eva W. Haddon, the remaining Defendants named herein and others.  Suit is brought against her as an individual and in her official capacity as a School Nurse for Allentown School District at the Central Elementary School.

22.     Defendant, Kathleen E. Coughlin, is an adult individual who at all times relevant hereto was an agent, servant, employee, and/or independent contractor employed by, and/or acting on behalf of Defendants, Lehigh Valley Hospital, Inc., and/or Allentown School District, acting in her individual capacity and as Social Worker within the course and scope of her employment within Allentown School District at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, acting under color of the law of the Commonwealth of Pennsylvania, and was responsible for the care, safety, and welfare of students at the Central Elementary School, including Plaintiff Junior Doe; the personal, daily enforcement of Allentown School District policy at the Central Elementary School, including but not limited to, disciplinary procedures; responding to and managing student behavioral problems and crises; conducting student evaluations and appropriate interventions, providing individual counseling and notification of appropriate law enforcement agencies upon existence and reasonable awareness of dangerous threats to the student population; and acting in concert with and at the direction of Defendants Lehigh Valley Hospital, Inc., Allentown School District, Principal, Eva W. Haddon, the remaining Defendants named herein and others, and was acting within the course and scope

14

of her employment.  Suit is brought herein against her as an individual and in her official

capacity as a Social Worker within Allentown School District at the Central Elementary School.

      23.     Defendant, F.H.[2], a Caucasian minor, is presently a fourteen year-old male and

resident of the Commonwealth of Pennsylvania currently incarcerated at Harborcreek Youth

Services Center, located in the County of Erie, City of Harborcreek, Pennsylvania, who at all

times material hereto was a twelve year-old, special education elementary school student at the

Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania.

      24.     Defendants, ABC Public Agencies (1-5) and Thomas Does (1-5), are fictitious

public entities and/or individuals to temporarily suffice for the presently unknown identities of

other defendant parties, who/which are deemed to include any and all public entities and/or

individuals, and who/which may have played any role whatsoever in contributing to the

constitutional violations, injuries, and damages as specifically described herein.

## II.      JURISDICTION AND VENUE

      25.     Since the Plaintiff seeks to enforce his rights under the Fourteenth Amendment to

the United States Constitution, and under federal statutes, jurisdiction of this Court is conferred

by 28 U.S.C. § 1331.  Jurisdiction over the state law claims is provided by 28 U.S.C. § 1367 as

pendent claims.

      26.     Venue is proper is this Court pursuant to 28 U.S.C. § 1391(b).

## III.      FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

      27.     Plaintiff, Junior Doe, alleges that Defendants individually, jointly, severally,

and/or in concert with each other, violated both his constitutional right to bodily integrity under

---

[2]  Defendant F.H.'s true identity is protected from public disclosure pursuant to Local Civil Rule 5.1.3, due to F.H.'s protected status as a minor under Pennsylvania's Juvenile Act.  Plaintiff has supplied sufficient details in this Complaint from which all other Defendants, all of whom have prior knowledge of the underlying events, will still be able to accurately identify Defendant F.H.  Defendant F.H.'s true identity and present residence will be disclosed to all other parties to this litigation pursuant to the Court's instruction.

the Due Process Clause of the Fourteenth Amendment to the United States Constitution as well

as his constitutional right to the Equal Protection of the law under the Equal Protection Clause of

the Fourteenth Amendment of the United States Constitution.

28.     At all times material hereto, and with respect to all actions described herein, the

Defendants were acting under color of state law, individually, jointly, severally, and/or in concert

with each other, and with color of their authority as officials, employees, agents, servants, and/or

independent contractors of the Allentown School District and the Board of School Directors of

the School District of the City of Allentown.

29.     In 1995, the Commonwealth of Pennsylvania enacted into law the Pennsylvania

Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301 *et. seq*, to address the pervasive problems

of violence and weapons possession in Pennsylvania's schools and established the Office of Safe

Schools within the Pennsylvania Department of Education.  In 1997 and 1999, the

Commonwealth enacted legislation, Act 30 and Act 36, respectively, to amend the Pennsylvania

Safe Schools Act, thereby further empowering and requiring schools to acquire the tools and

resources needed to develop and enhance safe school learning environments.

30.     At all times material hereto, Pennsylvania's Safe Schools Act, 24 P.S. § 13-1301

*et. seq*, has required all school entities, as defined by the Act, to report to the Office of Safe

Schools, "all incidents involving acts of violence…by any person on school property or at

school-sponsored events or on school transportation to and from school or school-sponsored

activities."

31.     This self-reporting requirement can be fulfilled simply by school districts filing

the Annual Report on School Violence and Weapon Possession for each of its school buildings

with Office of Safe Schools by July 31 of each year.

32.     At all times material hereto, The Safe Schools Act, 24 P.S. § 13-1303-A, also required each school district to "develop and enter into a memorandum of understanding (MOU) with the appropriate local law-enforcement agency to set forth procedures to be followed when an incident involving an act of violence or possession of a weapon by any person occurs on school property", and that "law enforcement protocols shall be developed in cooperation with local law enforcement and the Pennsylvania State Police."

33.     To assist schools in fulfilling their requirements under and achieving the purposes of Pennsylvania's Safe School Act, the Office of Safe Schools provides the following services/programs to all schools in Pennsylvania:

> (1)  Coordination of anti-violence efforts among school, professional, parental, government, law-enforcement, and community organizations and associations;
>
> (2)  Collection, development, and dissemination of information, policies, strategies and other information to assist schools in their development of programs to impact school violence;
>
> (3)   Direct training to school employees, parents, law-enforcement officials and communities on effective measures to combat school violence;
>
> (4)  Advising school entities and nonpublic schools on their development of policies regarding possession of weapons by any person; acts of violence; and protocols for coordination with and reporting to law-enforcement officials and the Department of Education;
>
> (5)  Development of forms for reporting incidents involving acts of violence and possession of weapons on school property; and
>
> (6)  Awarding grants to schools to fund programs that address school violence.

34.     Moreover, with the enactment of Act 36 in 1999 to the Safe Schools Act came new opportunities for schools to further develop strategies and introduce and expand programs, services and technology to continue improving the safety of their buildings.  In addition to the duties and powers previously delegated to the Office of Safe Schools under the Safe Schools Act, beginning in 1999, 24 P.S. § 13-1302-A(c) authorized the Office of Safe Schools "to make

targeted grants to schools to fund programs which address school violence, including, but not

limited to, the following programs…

> (3)   Risk assessment, safety-related or violence prevention curricula;
>
> (4)   Classroom management;
>
> (5)   Student codes of conduct;
>
> (6)   Training to undertake a district-wide assessment of risk factors that increase the likelihood of problem behaviors among students;
>
> (7)   Development and implementation of research-based violence prevention programs that address risk factors to reduce incidents of problem behaviors among students;
>
> (8)   Comprehensive, district-wide school safety and violence prevention plans;
>
> (9)   Security planning, purchase of security-related technology which may include metal detectors, protective lighting, surveillance equipment, special emergency communications equipment, electronic locksets, deadbolts and related technology security planning and purchase of security-related technology shall be based on safety needs identified by the school entity's board of directors;
>
> (11)   Establishment or enhancement of school security personnel, including school resource officers; and
>
> (12)   Provision of specialized staff and student training programs, including training for student assistance program team members in elementary, middle and high schools in the referral of students at risk of violent behavior to appropriate community-based services, including mental health services..."

35.   Additionally, to further address the requirements of the Safe Schools Act, the

Department of Education contracted with the Center for Safe Schools, a statewide clearinghouse

for training, technical assistance, and resources on school safety and violence prevention, which

provides and/or offers the following services/programs to all schools in Pennsylvania:

> (1)   Training of schools, communities and others on effective measures to prevent violence and promote safety.  Provision of statewide, regional and local training on topics ranging from broad administrative issues such as school building safety assessments to specific content and skill building areas such as prevention focused curriculum and implementation of peer mediation programs;

(2)   Providing technical assistance to school districts as they implement the provisions of the Safe Schools Act and other legislation related to violence prevention and school safety;

(3)   Collection, development and dissemination of resource information, which assists schools in the development of their programs to address school violence;

(4)   Administering the grant funds awarded under the Pennsylvania Department of Education's Safe Schools Initiative to fund school programs addressing school safety and violence prevention; and

(5)   Maintaining a resource lending library of over 3500 books, research journals, curricula, other print materials and videos available to educators; maintenance of a Safe Schools website and development of publications, and resources dissemination.

36.     Thus, Defendant Allentown School District has been provided with a comprehensive network of state-funded opportunities and support systems by which they could have addressed the rising dangers of violence and weapons within their respective schools and thereby fulfilled the purposes and goals of the Safe Schools Act.

37.     At some definitive point in time between December 2003 through March 2004, Defendant F.H., a then-twelve-year old Caucasian minor, who at all times material hereto was a student at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania, violently, sexually and indecently assaulted a six-year old, first-grade minority student, Michael Roe I[3], in a bathroom stall at Central Elementary School.  Upon a second-grade student partially witnessing the bathroom events and notifying his teacher, the second-grade teacher entered the bathroom area and found Defendant, F.H., and Michael Roe I in and/or around the same bathroom stall.  Upon questioning Defendant, F.H., as well as a visibly frightened and traumatized Michael Roe I, the Defendant, F.H., made certain admissions concerning the

---

[3]  Michael Roe I's identity is protected from public disclosure pursuant to Local Civil Rule 5.1.3, due to his privacy rights and protected status as both a minor and sexual assault victim under Pennsylvania common law and the Juvenile Act, 42 Pa.C.S. § 6301 *et. seq*.  Plaintiffs have supplied sufficient details in this Complaint from which the Defendants, all of whom have prior knowledge of the underlying events, will still be able to accurately identify Michael Roe I.  Michael Roe I's true identity and present residence will be disclosed to all parties to this litigation pursuant to the Court's instruction.

aforesaid events, but ran out of the bathroom against the instruction of the second-grade teacher. Thereupon, the second-grade teacher took the victimized Michael Roe I to Central Elementary School's main office and the incident was reported at some point in time to Defendants, Principal Eva W. Haddon, Assistant Principal Bradley Carter, Guidance Counselor Kim Ceccatti, Social Worker Kathleen E. Coughlin, and/or School Nurses Jenna Heiland and Peg Perry. All Defendants consciously chose to not contact any law enforcement agency at any point in time concerning this violent, sexual and indecent assault. Further, Defendant, F.H., was permitted to remain within the general student population of Central Elementary School.

38.     A second incident also occurred at some definitive point in time between December 2003 through March 2004, where Defendant, F.H., once again violently, sexually and indecently assaulted another, different first-grade minority student, Michael Roe II[4], in a bathroom area at Central Elementary School. Upon a first-grade teacher witnessing Michael Roe II hastily running out of the bathroom with unfastened and lowered pants, the teacher immediately approached Michael Roe II to assist him. Thereupon, Michael Roe II described the violent sexual and indecent assault he had just suffered and identified Defendant, F.H., as the attacker. The first-grade teacher immediately took this second victimized child and Defendant, F.H., to Central Elementary School's main office, whereby this second incident was also reported at some point in time to Defendants, Principal Eva W. Haddon, Assistant Principal Bradley Carter, Guidance Counselor Kim Ceccatti, Social Worker Kathleen E. Coughlin, and/or School Nurses Jenna Heiland and Peg Perry. Although, Defendants conducted some questioning

---

[4]  Michael Roe II's identity is protected from public disclosure pursuant to Local Civil Rule 5.1.3, due to his privacy rights and protected status as both a minor and sexual assault victim under Pennsylvania common law and the Juvenile Act, 42 Pa.C.S. § 6301 *et. seq.* Plaintiffs have supplied sufficient details in this Complaint from which the Defendants, all of whom have prior knowledge of the underlying events, will still be able to accurately identify Michael Roe II. Michael Roe II's true identity and present residence will be disclosed to all parties to this litigation pursuant to the Court's instruction.

concerning this incident over the next several weeks,  Defendants, once again, consciously chose to not contact any law enforcement agency at any point in time concerning this second violent, sexual and indecent assault involving Defendant F.H. and he was still permitted to remain with the general student population of Central Elementary School.

      39.     For a third time and also occurring at some definitive point in time between December 2003 through March 2004, Defendant, F.H., violently, sexually and indecently assaulted, or attempted to assault, a third first-grade minority student, Michael Roe III[5], this time in a cafeteria bathroom at Central Elementary School.  Upon the mother of student Michael Roe III subsequently bringing her child into school at some later point in time and notifying the child's first-grade teacher of this violent sexual and indecent assault, the visibly terrified and traumatized Michael Roe III identified Defendant, F.H., as the attacker, and the first-grade teacher quickly notified Defendant Assistant Principal Bradley Carter.  Thereupon, Defendant Assistant Principal Bradley Carter took this third victimized child and his mother to Central Elementary School's main office, whereby this third incident was also reported at some point in time to Defendants, Principal Eva W. Haddon, Guidance Counselor Kim Ceccatti, Social Worker Kathleen E. Coughlin, and/or School Nurses Jenna Heiland and Peg Perry.  Thereafter, despite the follow-up inquiries of Michael Roe III's first-grade teacher, Defendants ordered the first-grade teacher to not get involved, whereby the Defendants once again consciously chose to not contact any law enforcement agency at any point in time concerning this third violent, sexual and indecent assault involving Defendant, F.H., and Defendant, F.H., was still permitted to remain with the general student population of Central Elementary School.

---

[5]  Michael Roe III's identity is protected from public disclosure pursuant to Local Civil Rule 5.1.3, due to his privacy rights and protected status as both a minor and sexual assault victim under Pennsylvania common law and the Juvenile Act, 42 Pa.C.S. § 6301 *et. seq*.  Plaintiffs have supplied sufficient details in this Complaint from which the Defendants, all of whom have prior knowledge of the underlying events, will still be able to accurately identify Michael Roe III.  Michael Roe III's true identity and present residence will be disclosed to all parties to this litigation pursuant to the Court's instruction.

40.     As a direct result of Allentown School District's and/or its administrators, officials, agents, servants, workmen, independent contractors, and/or employees' deliberate indifference, failure to punish, remove, and/or report the known student perpetrator, Defendant F.H., to local law enforcement agencies, when Defendant F.H. was known by Defendants herein for at least over four (4) months to have violently, sexually and indecently assault innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, an atmosphere of unabated violence, by a serial violent sexual predator in particular, rendered Central Elementary School a completely unsafe environment for the activities for which it was intended and regularly used as of March 16, 2004, and which deliberate indifference was substantially certain to result in the violent, brutal rape and aggravated indecent assault of then six year-old Plaintiff, Junior Doe, on March  16, 2004 by Defendant F.H., which has left Plaintiff with permanent damages as shall be fully set forth below.

41.     The acts and/or omissions constituting deliberate indifference and blatant disregard of the law by Allentown School District and Lehigh Valley Hospital, Inc., through its administrators, officials, servants, workmen, agents, independent contractors, and/or employees, to the continued unfettered violent and sexual attacks at Central Elementary School that directly resulted in Allentown School District's failure to address grave security and safety problems at Central Elementary School, include, but are not limited to, the following:

> (1) failure to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;
>
> (2) failure to enhance or establish school security personnel, including school resource officers and on-site police officers;

(3) failure to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

(4) failure to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors effective measures to prevent school violence and improve safety;

(5) failure to implement school safety and violence prevention programs and/or curriculum that addresses risk-factors to reduce incidents of problem behaviors among students;

(6) failure to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance equipment, special emergency communication equipment, electronic locksets, deadbolts, and related technology;

(7) failure to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

(8) specifically and repeatedly failing to report or notify appropriate law enforcement agencies of the violent sexual incidents involving Defendant F.H., after it was known or reasonable suspected by Central Elementary administrators, employees, and/or safety personnel that for a period at least four (4) months that Defendant had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, thereby thwarting police notice and investigation;

(9) the specific failure to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School; and

(10) the specific failure to adequately protect the innocent students at Central Elementary School, including Plaintiff Junior Doe, from Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant F.H. had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School;…

23

all of which enabled and was substantially certain to directly result in Defendant, F.H.,
systematically and continually conducting unfettered, violent sexual assaults upon innocent
students, including the rape and aggravated indecent assault of Plaintiff Junior Doe on March 16,
2004, within the confines of unsecured, unmonitored, security-abandoned bathrooms at Central
Elementary School, without fear of significant punishment, discipline, removal, and/or isolation
from the general school population.

42.     Specifically, for a period of at least four (4) months prior to March 16, 2004,
Defendant F.H. had committed unfettered targeting of innocent students within unsecured,
unmonitored, security-abandoned bathrooms at Central Elementary School utilizing his same
modus operandi previously known to the Defendants of forcibly entering occupied bathroom
stalls, imprisoning, removing the pants of, and violently sexually assaulting the innocent student.

43.     During this four (4) month period of time prior to March 16, 2004, at all times
material hereto Defendants, Eva W. Haddon, Principal of the Central Elementary School;
Bradley Carter, Assistant Principal; Dr. Lourdes Sanchez, School Psychologist; Kathleen E.
Coughlin, Social Worker, Jenna Heiland, School Nurse; Peg Perry, School Nurse, Gerald Brown,
Teacher, Amy Enright, Teacher, Lori Friebolin, Teacher, and Catherine Bucks, Teacher,
performed their job duties involving the supervision, discipline, monitoring, and/or provision of
medical care, social services, and associated treatment to students at the School.

44.     During this four (4) month period prior to March 16, 2004, at all times material
hereto, Defendants, Dr. Karen S. Angello, who functioned as Superintendent of Allentown
School District; Evelyn W. Rossi, Director of Human Resources; Karen J. Boardman, Assistant
to the Superintendent-Elementary; Diane M. Holben, Director of Professional & Staff
Development; Ralph A. Daubert, Executive Director of Community and Student Services, Ralph
S. Todd, Executive Director of Instructional Support Services, and Deborah Hartman, Director of

Instructional Support Services, acted individually and/or through their agents, servants, workmen, independent contractors, and/or employees, as well as under color of state law and authority in performing their job duties and administering to the duties of their respective offices.

45.     For four (4) months prior to March 16, 2004 and at times material hereto, as referenced above a known individual, Defendant, F.H., continued to target and violently, sexually and indecently assault innocent students at the Central Elementary School, and continued to conduct this unfettered brutality inasmuch and at least as for this four (4) month period of time prior to March 16, 2004, there was never any reasonable coordinated effort within, by, or amongst the identified Defendants as referenced above to remove, isolate, or discipline the known Defendant, F.H., secure or monitor the bathroom areas where the incidents of violence repeatedly occurred, accurately or routinely memorialize the violent incidents via accurate medical records and/or security reports, report or communicate the subject repeated prior incidents to the City of Allentown Police Department and/or School District Allentown Police Liaison, or make any reasonable effort to halt the continued violent and sexual assaults which occurred within the confines of the Central Elementary School.

46.     In deliberate indifference to the known, clear and continuing present danger that Defendant F.H. continued to present to the student population within the Central Elementary School, in particular the much younger, first and second-grade classes from which all of the presently-known victims were enrolled in, the Defendants herein failed to take any reasonable measures whatsoever to curtail Defendant, F.H.'s, continued unfettered acts of violence, and as a consequence, an atmosphere of continued systematic violence by the Defendant, F.H., continued to exist at the Central Elementary School, which atmosphere of unabated violence provided a safe haven for continued criminal sexual assaults against innocent students such as Plaintiff, Junior Doe, which chaotic atmosphere expectedly flourished and was certain to culminate in

25

additional brutal, sexual and violent assaults within the confines of the unsecured, unmonitored, security-abandoned bathrooms of the Central Elementary School.

47.    It was under theses circumstances as referenced above that Plaintiff, Junior Doe, attended the Central Elementary School, as an intellectually gifted and promising, first-grade student on March 16, 2004.

48.    On or about March 16, 2004, shortly before a 1 p.m. early school dismissal and in the same type of unsecured, unmonitored, and security-abandoned bathroom areas of Central Elementary School where twelve-year old male student Defendant F.H. had previously sexually assaulted other innocent first-grade male minority students during the previous four (4) months, Defendant F.H. once again attacked another first-grade male minority student, utilizing his same modus operandi previously known to the Defendants of forcibly entering occupied bathroom stalls, imprisoning and removing the pants of his victim, whereby F.H. violently raped and indecently assaulted six year-old male Plaintiff, Junior Doe, about the buttocks, anus, and genital region in a lower-level bathroom stall at Central Elementary School.

49.    Immediately prior to his violent rape and aggravated indecent assault of Plaintiff Junior Doe, twelve-year old Defendant, F.H., was sitting in detention supervised by Defendant Teacher Gerald Brown, located in a hallway:  (a) directly adjoining the lower-level bathroom area where the brutal rape and indecent assault in question took place, and (b) on the same secluded floor in Central Elementary School which only housed lower-level, kindergarten, first, and second-grade classes.

50.    Upon Plaintiff, Junior Doe, notifying his first-grade teacher, Defendant Catherine Bucks, of the violent, sexual and indecent assault he had just suffered, Ms. Bucks failed to either: (a) report the incident to school administrators, officials, and/or employees, or (b) even take the Plaintiff to the nurse's office for medical examination and/or treatment.  Instead, Defendant

Catherine Bucks just dismissed the Plaintiff, Junior Doe, along with his entire class at approximately 1:05 p.m., without even notifying the Plaintiff's father, John Doe, who had been waiting in the school cafeteria to pick his son up after dismissal.  Defendant Catherine Buck's actions and/or omissions are wholly consistent with a pattern of deceit at the Central Elementary School in veiling the known, continued, unabated sexual assaults by Defendant, F.H., for a period of at least four (4) months.

51.     Upon being released to his father who was waiting in the school cafeteria, Plaintiff Junior Doe informed his father of the attack he had just suffered, and Plaintiff's father, John Doe, thereby located Defendant Catherine Bucks for questioning and subsequently proceeded to the Central Elementary School main office with his victimized child in order to report the violent incident himself to Defendant Principal Eva W. Haddon shortly thereafter. While at the main office and in the presence of Defendants Ms. Haddon and Ms. Bucks, Plaintiff Junior Doe once again described the attack and the perpetrator, whereby Defendant F.H., who was still on school premises for unrelated reasons, was finally escorted by school officials to the main office and then positively identified by Plaintiff Junior Doe as being the perpetrator.

52.     Next, Defendant Eva W. Haddon consciously declined to call local law enforcement herself and explicitly told Plaintiff, John Doe, he could call the police himself if he so desired.  Thereupon, Plaintiff's father, John Doe, contacted the City of Allentown Police Department from a phone within the school building and detectives arrived at Central Elementary School soon after.  Upon arrival, the police detectives interviewed several individuals, including Plaintiff, Junior Doe, and Defendant, F.H., whereby pursuant to police instruction, Plaintiff, John Doe, then transported his injured six-year-old son, Junior Doe, to Lehigh Valley Hospital for examination, treatment, and collection of forensic evidence.

53.     Occurring at some later point in time between the incident that occurred on or about March 16, 2004 and through July 2004, Defendant F.H. was formally arrested and subsequently adjudicated delinquent of rape, aggravated indecent assault, and indecent assault, for this March 16, 2004 attack of Plaintiff, Junior Doe, whereby the then-twelve year-old Defendant, F.H., was sentenced by a Lehigh County Family Court Judge to Harborcreek Youth Services Center, located in the County of Erie, City of Harborcreek, Pennsylvania 16421, until he at least reaches the age of eighteen (18).

54.     As outlined above, the Defendants as named above fostered an atmosphere of unabated violence by providing a safe haven for continued, known, criminal sexual assaults by Defendant, F.H., against innocent students such as Plaintiff, Junior Doe, in which said chaotic atmosphere expectedly flourished and was certain to culminate in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, within the confines of a unsecured, unmonitored, security-abandoned bathroom in the Central Elementary School on or about March 16, 2004.

55.     As a direct and proximate result of the Defendants conduct herein, the Plaintiff, Junior Doe, has suffered substantial physical injuries, has suffered and will in the future suffer great mental anguish, shame, terror, embarrassment, humiliation, and physical pain, has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

56.     As a direct and proximate result of the Defendants conduct herein, all Plaintiffs have been unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life

expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

57.     As a direct and proximate result of the Defendants conduct herein, all Plaintiffs will continue, in the future, to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and suffer a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of their lives, all of which will be to their great, collective detriment and loss.

58.     As a direct and proximate result of the Defendants conduct herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

59.     As a direct and proximate result of the Defendants conduct herein, all Plaintiffs will continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain into the future, all of which will be to their great, collective detriment and loss.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATION OF CONSTITUTIONAL RIGHT TO BODILY INTEGRITY**

**JUNIOR DOE**
**JOHN DOE**
**JANE DOE,**
*Plaintiffs*
v.
**ALLENTOWN SCHOOL DISTRICT**
**LEHIGH VALLEY HOSPTIAL, INC.**
**EVA W. HADDON**
*in her individual capacity and as Principal*
**BRADLEY CARTER**
*in his individual capacity and as Assistant Principal*
**DR. KAREN S. ANGELLO**
*in her individual capacity and as Superintendent*
**EVELYN W. ROSSI**
*in her individual capacity and as Director of Human Resources*
**KAREN BOARDMAN**
*in her individual capacity and as*
*Assistant to the Superintendent-Elementary, n/k/a*
*Executive Director of Elementary Education*
**DIANE M. HOLBEN**
*in her individual capacity and as*
*Director of Research Planning & Accountability*
**RITA D. PEREZ,**
*in her individual capacity and as*
*Director of Professional & Staff Development*
**RALPH A. DAUBERT**
*in his individual capacity and as*
*Executive Director of Community and Student Services*
**RALPH S. TODD**
*in his individual capacity and as*
*Executive Director of Instructional Support Services*
**DEBORAH HARTMAN**
*in her individual capacity and as*
*Director of Instructional Support Services, n/k/a*
*Director of Special Education*
**DR. LOURDES SANCHEZ**
*in her individual capacity and as School Psychologist*
**GERALD BROWN**
*in his individual capacity and as Teacher*
**AMY ENRIGHT**
*in her individual capacity and as Teacher*

30

**LORI FRIEBOLIN**
*in her individual capacity and as Teacher*
**KIM CECCATTI**
*in her individual capacity and as Guidance Counselor*
**CATHERINE BUCKS**
*in her individual capacity and as Teacher*
**JENNA HEILAND**
*in her individual capacity and as School Nurse*
**PEG PERRY**
*in her individual capacity and as School Nurse,*
**KATHLEEN E. COUGHLIN**
*in her individual capacity and as Social Worker,*
**ABC AGENCIES (1-5)**
*(fictitious public entities)*
**THOMAS DOES (1-5)**
*(fictitious names),*
*Defendants*

60.    The Plaintiffs repeat the allegations in paragraphs 1 through 59 of this Complaint as if set forth herein this First Count.

61.    At all times relevant hereto, the Defendants either in or at the supervision, direction, approval, acceptance, and ratification of, or in concert with, the conduct and activities of the Defendants named herein, and in regard to the safety of students within the Central Elementary School, were responsible for medical care, social services, and associated treatment of said students, as well as the implementation and enforcement of the Disciplinary Responses and Procedures at the Central Elementary School.

62.    The malicious actions of the Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiff, Junior Doe's, Constitutional Right to Bodily Integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, § 1 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, in that these Defendants:

(a)    in deliberate indifference to, and in callous disregard of Plaintiff, Junior Doe's, constitutional right to bodily integrity, concealed violent, sexual assaults by a known Central

Elementary School student, Defendant, F.H., for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(b)      countenanced, tolerated, veiled, and thereby fostered, a certain level of violence within the Central Elementary School for a period of at least four (4) months certain to result in the brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(c)      conspired, in callous disregard for the safety of students within the Central Elementary School such as Plaintiff, Junior Doe, to cover-up continued, repeated, systematic violence by known Central Elementary School student, Defendant , F.H., for a period of at least four (4) months;

(d)      repeatedly trivialized the nature, extent, and repetition of systematic sexual assaults of students at Central Elementary School by a known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(e)      intentionally veiled and failed to notify, apprise, and/or report to the City of Allentown Police Department, or any other law enforcement agency, the repeated incidents of sexual assaults committed by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(f)      intentionally and recklessly failed to: (i) memorialize, file, and/or report the accurate number of violent incidents to the Pennsylvania Department of Education, as listed in the Annual Report of School Violence and Weapons Possession regarding repeated acts of violence against other innocent Central Elementary School students such as Plaintiff, Junior Doe, (ii) summon the police or emergency medical services, (iii) provide reasonably appropriate and

necessary medical treatment, or (iv) accurately document the injuries suffered by student victims

of violence at the hands of known individuals, for a period of at least twenty (20) months;

(g)      intentionally and recklessly failed to notify, apprise, or report to school authorities

or to the City of Allentown Police Department, the repeated incidents of violence and weapons

possession by known individuals within the Central Elementary School for a period of at least

twenty (20) months, such as the incidents of Michael Roes I, II, & III as referenced herein;

(h)      recklessly allowed and fostered, in deliberate indifference to and callous disregard

for students' Constitutional Rights to Bodily Integrity under the Due Process Clause of the

Fourteenth Amendment of the United States Constitution and under Article I of the Pennsylvania

Constitution, an environment of unabated violence that continued in certain problematic schools

within Allentown School District, including Central Elementary School, for a period of at least

twenty (20) months, including, but not limited to, the incident referenced herein involving

Plaintiff, Junior Doe;

(i)      intentionally and recklessly failed to suspend, isolate, and/or remove a known,

serial, sexual predator, Central Elementary School student, Defendant F.H., from the school

environment when the Defendants knew of the repeated sexual assaults he committed against

other Central Elementary School students for a period of at least four (4) months, thereby

harboring an environment of student criminal activity and violence against other students,

including Plaintiff, Junior Doe;

(j)      permitted a known student, Defendant F.H., to remain on school premises when

Defendants knew that said student presented a clear and present danger to the other students at

the Central Elementary School, including Plaintiff, Junior Doe;

(k)      intentionally and recklessly failed to accurately memorialize the acts of violence

committed by known students at certain Allentown School District schools, including Defendant,

33

F.H., or the injuries sustained by students as a direct result thereof, such as those at Central Elementary School, in an effort to conceal and/or veil the long-continued violence at certain problematic schools within the Allentown School District;

(l)      conspired to veil the continued, repeated acts of violence within certain problematic Allentown School District schools, including the known sexual assaults committed by Defendant, F.H., at the Central Elementary School, in an effort to insulate themselves from public scrutiny regarding the clear and present danger that innocent students faced at certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least twenty (20) months;

(m)      intentionally and recklessly, in deliberate and in callous disregard of the Constitutional Rights to Bodily Integrity of students at the Central Elementary School, including Plaintiff, Junior Doe, failed to notify the City of Allentown Police Department and/or authorities of repeated sexual assaults of innocent students at Central Elementary School for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(n)      failed to adequately document the brutal injuries suffered from repeated sexual assaults by known Central Elementary School student, Defendant, F.H., and/or correctly document the nature and extent of repeated injuries to student victims of violence within the Central Elementary School for a period of at least four (4) months;

(o)      repeatedly, intentionally, and recklessly disregarded reports and/or warnings of continued violence and sexual assaults by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months thereby fostering an environment conducive to, and creating a climate which facilitated, continued sexual violence and harboring of student criminals and criminal activity within the Central Elementary School, conduct certain

34

to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(p)       covered-up acts of repeated violence within certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least twenty (20) months, which thereby fostered a criminally violent school environment directly resulting in continued, unabated, acts of violence by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months, and presenting a clear and present danger to innocent students;

(q)       repeatedly ignored the medical needs of students violently attacked  within certain problematic Allentown School District schools, including the Central Elementary School, for over twenty (20) months by failing to accurately memorialize and/or document the serious injuries suffered by students as a consequence of violent and sexual attacks by known students, such as those committed by Central Elementary School student Defendant, F.H., in an effort to veil the long-standing violence within certain problematic Allentown School District schools so as to avoid public, municipal, police, and state scrutiny for fostering a criminal environment and the complete lack of safety that existed as a direct result thereof;

(r)       conspired with each other to veil, trivialize, completely ignore, and/or withhold from public scrutiny the known repeated sexual assaults on innocent students by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, amounting to conspiratorial, deliberate indifference to the safety and well-being of students at the Central Elementary School including Plaintiff, Junior Doe;

(s)       intentionally, recklessly, and deliberately failed to and/or refused to enforce the Central Elementary School disciplinary responses and procedures protocol pursuant to the Allentown School District Official Code of Conduct to identify, report, punish, and remove

known student perpetrators of violent and sexual assaults, such as Defendant, F.H., for a period

of at least four (4) months, thereby rendering the Central Elementary School unsafe for the

activities for which it was intended and generally used, and for which sovereign immunity will

not lie pursuant to 42 Pa. C.S.A. § 8542(b)(3);

        (t)      intentionally, recklessly, and in deliberate indifference to the continued acts of

violence at certain problematic Allentown School District schools, including the Central

Elementary School, Defendants failed to make any concerted effort to address the grave security

and safety problems at such schools by:

      (1) failing to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

      (2) failing to enhance or establish school security personnel, including school resource officers and on-site police officers;

      (3) failing to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

      (4) failing to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors in effective measures to prevent school violence and improve safety;

      (5) failing to implement school safety and violence prevention programs and/or curriculum that address risk-factors to reduce incidents of problem behaviors among students;

      (6) failing to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance equipment, special emergency communication equipment, electronic locksets, deadbolts, and/or related technology;

      (7) failing to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

      (8) specifically and repeatedly failing to report or notify appropriate law enforcement agencies of the violent sexual incidents involving Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators,

employees, and/or safety personnel that for a period at least four (4) months that Defendant had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, thereby thwarting police notice and investigation;

(9) specifically and repeatedly failing to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School; and

(10) specifically and repeatedly failing to adequately protect the innocent students at Central Elementary School, including Plaintiff Junior Doe, from Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant F.H. had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School…

all of which enabled and was substantially certain to directly result in Defendant, F.H., systematically and continually conducting unfettered, violent sexual assaults upon students, including the brutal rape and aggravated indecent assault of Plaintiff Junior Doe on March 16, 2004, within the confines of unsecured, unmonitored, security-abandoned bathrooms at Central Elementary School, without fear of significant punishment, discipline, removal, and/or isolation from the general school population;

(u)     conspired in silence to veil the repeated sexual assaults by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, by failing to report the incidents of sexual assaults to the City of Allentown Police Department, despite having been repeatedly notified or made aware of such sexual assaults at some time by other Central Elementary School students, teachers, administrators, officials, agents, servants, and/or workmen;

(v)     failed to adequately train and supervise its administrators and employees operating the daily affairs of the Allentown School District, namely the individual Defendants named herein, thereby causing the constitutional violations of Plaintiff Junior Doe's rights as referenced above;

(w)     failed to train the administrators, officials, agents, servants, employees, and /or independent contractors of Allentown School District and Lehigh Valley Hospital, Inc., to protect the Plaintiff's Constitutional Rights amounting to a deliberate indifference to, and callous disregard for, the rights of Plaintiff, Junior Doe, in particular the Right to Bodily Integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania; and

(x)     in having knowledge of the acts of the other individual Defendants named herein, participated in and conspired with the co-Defendants herein to veil continued acts of sexual violence at certain problematic schools, including the Central Elementary School, in an effort to insulate themselves from public scrutiny regarding unabated violence within certain Allentown School District schools, including Central Elementary School, to the peril of Plaintiff Junior Doe's Constitutional Right to Bodily Integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania.

63.  All of the aforesaid acts and knowledge of the acts of the other Defendants, caused, directed, approved, and ratified the aforesaid acts which constitute violations of Plaintiff Junior Doe's Constitutional Rights.

64.     As a direct and proximate result of the Defendants' conduct herein, Plaintiff, Junior Doe, has suffered substantial physical injuries, has suffered and will in the future suffer great mental anguish, shame, terror, embarrassment, humiliation, and physical pain, has incurred

38

and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

65.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have been unable to pursue and enjoy the usual activities of the life of individuals of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

66.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue, in the future, to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and suffer a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of their lives, all of which will be to their great, collective detriment and loss.

67.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

68.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain into the future, all of which will be to their great, collective detriment and loss.

**WHEREFORE**, Plaintiffs, Junior Doe, John Doe, and Jane Doe, hereby demand judgment against the Defendants for:

(a) compensatory damages in an amount to be proved at trial;

(b) punitive damages, for the outlandish and outrageous conduct, acts, omissions, and deliberate indifference of one or more of the Defendants

(c) a declaratory judgment that the policies, practices, acts and omissions complained of herein are unconstitutional;

(d) injunctive relief in the form of a Court Order requiring the Defendants to rectify the policies, practices, acts and omissions complained of herein;

(e) reasonable attorney's fees and costs of suit; and

(f) such other relief as this Court may deem proper and just.

## COUNT II

## VIOLATION OF CONSTITUTIONAL RIGHT TO EQUAL PROTECTION

## AGE DISCRIMINATION

**JUNIOR DOE**
**JOHN DOE**
**JANE DOE,**
*Plaintiffs*
v.
**ALLENTOWN SCHOOL DISTRICT**
**LEHIGH VALLEY HOSPITAL, INC.**
**EVA W. HADDON**
*in her individual capacity and as Principal*
**BRADLEY CARTER**
*in his individual capacity and as Assistant Principal*
**DR. KAREN S. ANGELLO**
*in her individual capacity and as Superintendent*
**EVELYN W. ROSSI**
*in her individual capacity and as Director of Human Resources*
**KAREN BOARDMAN**
*in her individual capacity and as*
*Assistant to the Superintendent-Elementary, n/k/a*
*Executive Director of Elementary Education*
**DIANE M. HOLBEN**
*in her individual capacity and as*
*Director of Research Planning & Accountability*
**RITA D. PEREZ,**
*in her individual capacity and as*
*Director of Professional & Staff Development*

**RALPH A. DAUBERT**
*in his individual capacity and as*
*Executive Director of Community and Student Services*
**RALPH S. TODD**
*in his individual capacity and as*
*Executive Director of Instructional Support Services*
**DEBORAH HARTMAN**
*in her individual capacity and as*
*Director of Instructional Support Services, n/k/a*
*Director of Special Education*
**DR. LOURDES SANCHEZ**
*in her individual capacity and as School Psychologist*
**GERALD BROWN**
*in his individual capacity and as Teacher*
**AMY ENRIGHT**
*in her individual capacity and as Teacher*
**LORI FRIEBOLIN**
*in her individual capacity and as Teacher*
**KIM CECCATTI**
*in her individual capacity and as Guidance Counselor*
**CATHERINE BUCKS**
*in her individual capacity and as Teacher*
**JENNA HEILAND**
*in her individual capacity and as School Nurse*
**PEG PERRY**
*in her individual capacity and as School Nurse,*
**KATHLEEN E. COUGHLIN**
*in her individual capacity and as Social Worker,*
**ABC AGENCIES (1-5)**
*(fictitious public entities)*
**THOMAS DOES (1-5)**
*(fictitious names),*
*Defendants*

69.     The Plaintiffs repeat the allegations in paragraphs 1 through 68 of this Complaint

as if set forth herein this Second Count.

70.     At all times relevant hereto, the Defendants either in or at the supervision,

direction, approval, acceptance, and ratification of, or in concert with the conduct and activities

of the Defendants named herein, and in regard to the safety of students within the Central

Elementary School were responsible for medical care, social services, and associated treatment

of said students, as well as the implementation and enforcement of the Disciplinary Responses and Procedures at the Central Elementary School.

71.     Pursuant to Article III, § 14, of the Constitution of the Commonwealth of Pennsylvania, the Commonwealth of Pennsylvania has expressly created a right to public education for its citizens, whereby the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, guarantees every child of school age in Pennsylvania the right to such an education free from age discrimination with equal opportunities, privileges, and access to the benefits and services therein provided.

72.     The Allentown School District Official Code of Conduct states that it "was adopted to promote a safe and orderly school environment where learning can occur", and states that "school discipline is central to the educational process," and that "effective learning cannot occur in an unsafe environment."

73.     Pursuant to the "Classification of Student Misconduct" found in the Allentown School District Official Code of Conduct, "Level IV Infractions" consist of "criminal acts, which pose a threat to the safety of others in the school", and specifically include, but are not limited to, student assaults, reckless endangerment, sexual assaults and/or indecent exposure.

74.     Furthermore, pursuant to the "Classification of Student Misconduct" found in the Allentown School District Official Code of Conduct, "Level IV Consequences" are assigned by an Administrator and require that: (a) the infraction must result in a suspension of up to ten days; (b) the infraction must become part of the student's discipline record; (c) the offending student must be immediately removed from his school assignment; (d) parents must be notified in writing of the infraction; (e) all violations of the Pennsylvania Crimes Code must be reported to the police; (f) Level IV infractions in Elementary Schools involving students under the age of ten

42

must be reported to the Office of Children and Youth Services; and (g) students may only return to their regular classroom setting after a readmission conference with a building administrator and a parent/guardian.

75.     The malicious, irrational, conspiratorial actions of the Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiff, Junior Doe's, Constitutional Right to Equal Protection under the Fourteenth Amendment of the United States Constitution, and under Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, whereby the unwritten policy, practice, or custom of the Defendants discriminatorily and/or selectively denying students who attended elementary schools within Allentown School District, including Central Elementary School and in particular Plaintiff Junior Doe, equivalent levels of protective services, policies, and procedures actually afforded similarly situated students who attended upper-grade level schools within Allentown School District, in that these Defendants:

(a)     in deliberate indifference to, and in callous disregard to Plaintiff Junior Doe's Constitutional Right to Equal Protection not be subject to age discrimination, concealed violent, sexual assaults by a known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(b)     countenanced, tolerated, veiled, and thereby fostered, a certain level of violence within the Central Elementary School for a period of at least four (4) months certain to result in the brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(c)     conspired, in callous disregard for the safety of students within the Central Elementary School such as Plaintiff, Junior Doe, to cover-up continued, repeated, systematic

43

violence by known Central Elementary School student, Defendant , F.H., for a period of at least

four (4) months;

(d)      repeatedly trivialized the nature, extent, and repetition of systematic sexual

assaults of students at Central Elementary School by a known Central Elementary School

student, Defendant, F.H., for a period of at least four (4) months;

(e)      intentionally veiled and failed to notify, apprise, and/or report to the City of

Allentown Police Department, or any other law enforcement agency, the repeated incidents of

sexual assaults committed by known Central Elementary School student, Defendant, F.H., for a

period of at least four (4) months;

(f)      intentionally and recklessly failed to: (i) memorialize, file, and/or report the

accurate number of violent incidents to the Pennsylvania Department of Education, as listed in

the Annual Report of School Violence and Weapons Possession regarding repeated acts of

violence against other innocent Central Elementary School students such as Plaintiff, Junior Doe,

(ii) summon the police or emergency medical services, (iii) provide reasonably appropriate and

necessary medical treatment for, or (iv) accurately document the injuries suffered by student

victims of violence at the hands of known individuals, for a period of at least four (4) months;

(g)      intentionally and recklessly failed to notify, apprise, or report to school authorities

or the City of Allentown Police Department, the repeated incidents of violence and weapons

possession by known individuals within the Central Elementary School for a period of at least

four (4) months, such as the incidents involving innocent victims Michael Roe I, II, & III as

referenced herein;

(h)      recklessly allowed and fostered, in deliberate indifference to and callous disregard

for all students' Constitutional Rights to Equal Protection under the Fourteenth Amendment of

the United States Constitution and under Article I of the Pennsylvania Constitution, an

environment of unabated violence that continued in certain problematic schools within

Allentown School District, including Central Elementary School, for a period of at least four (4)

months, including, but not limited to, the incident referenced herein involving Plaintiff, Junior

Doe;

      (i)      intentionally and recklessly failed to suspend, isolate, and/or remove a known,

serial, sexual predator, Central Elementary School student, Defendant F.H., from the school

environment when the Defendants knew of the repeated sexual assaults he committed against

other Central Elementary School students for a period of at least four (4) months, thereby

harboring an environment of student criminal activity and violence against other innocent

students, including Plaintiff, Junior Doe;

      (j)      permitted a known student, Defendant F.H., to remain on school premises when

Defendants knew that said student presented a clear and present danger to the other innocent

students at the Central Elementary School, including Plaintiff, Junior Doe;

      (k)      intentionally and recklessly failed to accurately memorialize the acts of violence

committed by known students at certain Allentown School District schools, including Defendant,

F.H., or the injuries sustained by students as a direct result thereof, such as those at Central

Elementary School, in an effort to conceal and/or veil the long-continued violence at certain

problematic schools within Allentown School District;

      (l)      conspired to veil the continued, repeated acts of violence within certain

problematic Allentown School District schools, including the known sexual assaults committed

by Defendant, F.H., at the Central Elementary School, in an effort to insulate themselves from

public scrutiny regarding the clear and present danger that innocent students faced at certain

problematic Allentown School District schools, including the Central Elementary School, for a

period of at least four (4) months;

(m)     intentionally and recklessly, in deliberate and in callous disregard of the Constitutional Rights to Equal Protection of students at the Central Elementary School, including Plaintiff, Junior Doe, failed to notify the City of Allentown Police Department and/or authorities of repeated sexual assaults of innocent students at Central Elementary School for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(n)     failed to adequately document the brutal injuries suffered from repeated sexual assaults by known Central Elementary School student, Defendant, F.H., and/or correctly document the nature and extent of repeated injuries to student victims of violence within the Central Elementary School for a period of at least four (4) months;

(o)     repeatedly, intentionally, and recklessly disregarded reports and/or warnings of continued violence and sexual assaults by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months thereby fostering an environment conducive to, and creating a climate which facilitated, continued sexual violence and harboring of student criminals and criminal activity within the Central Elementary School, conduct certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(p)     covered up acts of repeated violence within certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least twenty (20) months, which thereby fostered a criminally violent school environment directly resulting in continued, unabated, acts of violence by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months, and presenting a clear and present danger to innocent students;

(q)     repeatedly ignored the medical needs of students violently attacked  within certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least four (4) months by failing to accurately memorialize and/or document the serious injuries suffered by students as a consequence of violent and sexual attacks by known students, such as those committed by Central Elementary School student Defendant, F.H., in an effort to veil the long-standing violence within certain problematic Allentown School District schools so as to avoid public, municipal, police, and state scrutiny for fostering a criminal environment and the complete lack of safety that existed as a direct result thereof;

(r)     conspired with each other to veil, trivialize, completely ignore, and/or withhold from public scrutiny the known repeated sexual assaults on innocent students by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, amounting to conspiratorial, deliberate indifference to the safety and well-being of students at the Central Elementary School including Plaintiff, Junior Doe;

(s)     intentionally, recklessly, and deliberately failed to and/or refused to enforce the Central Elementary School disciplinary responses and procedures protocol as per the Allentown School District Official Code of Conduct to identify, report, punish, and remove known student perpetrators of violent and sexual assaults, such as Defendant, F.H., for a period of at least four (4) months, thereby rendering the Central Elementary School unsafe for the activities for which it was intended and generally used, and for which sovereign immunity will not lie pursuant to 42 Pa.C.S.A. § 8542(b)(3);

(t)     intentionally, recklessly, and in deliberate indifference to the continued acts of violence at certain problematic Allentown School District schools, including the Central Elementary School, Defendants failed to make any concerted effort to address the grave security and safety problems at such schools by:

47

(1) failing to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

(2) failing to enhance or establish school security personnel, including school resource officers and on-site police officers;

(3) failing to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

(4) failing to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors effective measures to prevent school violence and improve safety;

(5) failing to implement school safety and violence prevention programs and/or curriculum that address risk-factors to reduce incidents of problem behaviors among students;

(6) failing to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance equipment, special emergency communication equipment, electronic locksets, deadbolts, and/or related technology;

(7) failing to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

(8) specifically and repeatedly failing to report or notify appropriate law enforcement agencies of the violent sexual incidents involving Defendant F.H., after it was known or reasonable suspected by Central Elementary administrators, employees, and/or safety personnel that for a period at least four (4) months that Defendant had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, thereby thwarting police notice and investigation;

(9) specifically and repeatedly failing to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School; and

(10) specifically and repeatedly failing to adequately protect the innocent students at Central Elementary School, including Plaintiff Junior Doe, from Defendant

>F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant F.H. had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School…

all of which enabled and was substantially certain to directly result in Defendant, F.H., systematically and continually conducting unfettered, violent sexual assaults upon students, including the brutal rape and aggravated indecent assault of Plaintiff Junior Doe on March 16, 2004, within the confines of unsecured, unmonitored, security-abandoned bathrooms at Central Elementary School, without fear of significant punishment, discipline, removal, and/or isolation from the general school population;

(u)     conspired in silence to veil the repeated sexual assaults by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, by failing to report the incidents of sexual assaults to the City of Allentown Police Department, despite having been repeatedly notified or made aware of such sexual assaults at some time by other Central Elementary School students, teachers, administrators, officials, agents, servants, and/or workmen;

(v)     failed to adequately train and supervise its administrators and employees operating the day-to-day affairs of the Allentown School District, namely the individual Defendants named herein, thereby causing the constitutional violations of Plaintiff, Junior Doe's rights as referenced above;

(w)     failed to train the administrators, officials, agents, servants, employees, and/or independent contractors of Allentown School District and Lehigh Valley Hospital, Inc., to protect the Plaintiff's Constitutional Rights amounting to a deliberate indifference to, and callous disregard for, the rights of Plaintiff, Junior Doe, in particular the right to Equal Protection under

the Fourteenth Amendment of the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania; and

(x)    in having knowledge of the acts of the other individual Defendants named herein, participated in and conspired with the co-Defendants herein to veil continued acts of sexual violence at certain problematic schools, including the Central Elementary School, in an effort to insulate themselves from public scrutiny regarding unabated violence within certain Allentown School District schools, including Central Elementary School, to the peril of Plaintiff Junior Doe's Constitutional Right to Equal Protection guaranteed under the Fourteenth Amendment of the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania.

76.    This denial and/or deprivation of equivalent levels of protective services, policies, and procedures occurred prior to, during the time of, and/or after it was known or reasonably suspected by the Defendants that for a period at least four (4) months, Defendant, F.H, had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School.

77.    Plaintiff Junior Doe was, at all times material hereto, a six year-old elementary school student at the Central Elementary School which had a lower overall student-age population than upper-grade level schools within Allentown School District, whereby Plaintiff Junior Doe was a member of the class that was subjected to the discriminatory enforcement and/or denial of protective services, procedures, and/or policies as described herein.

78.    The protective services, policies, and procedures selectively denied and/or deprived to elementary schools within the Allentown School District, in particular Central Elementary School, but afforded to certain schools within the district having upper-grade level

student populations, include, but are not limited to: (a) an adequate assessment and remedying of school building safety; (b) consistent enforcement of the Allentown School District Code of Conduct and law enforcement reporting protocols and procedures to be followed for known or reasonably suspected acts of violence; (c) establishment of school security personnel, including school resource officers and on-site police officers; (d) specific and/or consistent notification or reporting to appropriate law enforcement agencies for investigation any and all known or reasonably suspected sexual or violent assaults that have occurred on school property; and (e) the adequate supervision, isolation, and/or removal of students, such as Defendant, F.H., who have previously committed sexual or violent assaults against other students on school property.

79.     When administrators, employees, and/or safety personnel at certain upper-grade level schools within Allentown School District, such as the William Allen High School, Louis E. Dieruff High School, and Trexler Middle School were made aware of known or reasonably suspected acts of violence or sexual assaults, those Allentown School District administrators, employees, and/or safety personnel at those respective schools consistently enforced the Allentown School District Official Code of Conduct and law enforcement reporting procedures and protocols to be followed for known or reasonably suspected acts of violence, and in addition, also employed a wide range of protective services afforded to students by the Allentown School District as referenced in Paragraph 78 above, .

80.     In denying equivalent protective services, policies, procedures, notification, and/or subsequent law enforcement investigation for known allegations and/or occurrences of violent and sexual assaults, Defendants displayed deliberate, reckless indifference toward the Central Elementary School students' Equal Protection Rights, including those rights of Plaintiff Junior Doe, as guaranteed under the Fourteenth Amendment of the United States Constitution

51

and under Article I of the Constitution of the Commonwealth of Pennsylvania, and under 42

U.S.C. §§ 1981, 1983, 1985, 1986, and 1988.

81.     The denial and/or deprivation of such equivalent levels of protective services,

policies, and procedures to the students at Central Elementary School, including Plaintiff, Junior

Doe, was not rationally related to any legitimate government interest or objective, given that

Defendant, F.H, had previously committed repeated, violent, sexual assaults against at least three

innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of

Central Elementary School for a period at least four (4) months, whereby such continued,

deliberately indifferent denials of equivalent levels of protective services, policies, and

procedures at Central Elementary School was certain to result in the additional, brutal rape and

aggravated indecent assault of Plaintiff, Junior Doe, at Central Elementary School on March 16,

2004.

82.     Defendant's failure to provide equivalent protective services, policies, and

procedures to Central Elementary School students, including Plaintiff, Junior Doe, as provided

for in the Allentown School Districts' official disciplinary policies, responses, procedures, code

of conduct, and law enforcement reporting protocols and procedures, and as afforded to older

students similarly situated at upper-grade level schools within the Allentown School District,

hereby violates the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution and is a form of age discrimination.

83.     The selective, discriminatory practices of the Defendants have resulted in and

continue to result in the purposeful violation of Central Elementary School students' equal

protection rights, including those rights of Plaintiff Junior Doe, because of those students'

younger ages and lower respective grade levels in comparison to similarly situated, older

students at upper grade-level schools within the Allentown School District.

84.     At all times relevant hereto through the aforesaid acts and knowledge of the acts of the other Defendants, caused, directed, approved, and ratified the aforesaid acts which constitute violations of Plaintiff Junior Doe's Constitutional Rights.

85.     As a direct and proximate result of the Defendants' conduct herein, Plaintiff, Junior Doe, has suffered substantial physical injuries, has suffered and will in the future suffer great mental anguish, shame, terror, embarrassment, humiliation, and physical pain, has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

86.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have been unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

87.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue, in the future, to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and suffer a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of their lives, all of which will be to their great, collective detriment and loss.

88.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

89.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain into the future, all of which will be to their great, collective detriment and loss.

**WHEREFORE**, Plaintiffs, Junior Doe, John Doe, and Jane Doe, hereby demand judgment against the Defendants for:

      (a)  compensatory damages in an amount to be proved at trial;

      (b)  punitive damages, for the outlandish and outrageous conduct, acts, omissions, and deliberate indifference of one or more of the Defendants.

      (c)  a declaratory judgment that the policies, practices, customs, acts, and omissions complained of herein are unconstitutional;

      (d) injunctive relief in the form of a Court Order requiring the Defendants to rectify the policies, practices, acts and omissions complained of herein;

      (e)  reasonable attorney's fees and costs of suit; and

      (f)  such other relief as this Court may deem proper and just.

### COUNT III

### VIOLATION OF CONSTITUTIONAL RIGHT TO EQUAL PROTECTION

### SOCIO-ECONOMIC STATUS DISCRIMINATION

**JUNIOR DOE**
**JOHN DOE**
**JANE DOE,**
*Plaintiffs*
v.
**ALLENTOWN SCHOOL DISTRICT**
**LEHIGH VALLEY HOSPITAL, INC.**
**EVA W. HADDON**
*in her individual capacity and as Principal*
**BRADLEY CARTER**
*in his individual capacity and as Assistant Principal*
**DR. KAREN S. ANGELLO**
*in her individual capacity and as Superintendent*

**EVELYN W. ROSSI**
*in her individual capacity and as Director of Human Resources*
**KAREN BOARDMAN**
*in her individual capacity and as*
*Assistant to the Superintendent-Elementary, n/k/a*
*Executive Director of Elementary Education*
**DIANE M. HOLBEN**
*in her individual capacity and as*
*Director of Research Planning & Accountability*
**RITA D. PEREZ,**
*in her individual capacity and as*
*Director of Professional & Staff Development*
**RALPH A. DAUBERT**
*in his individual capacity and as*
*Executive Director of Community and Student Services*
**RALPH S. TODD**
*in his individual capacity and as*
*Executive Director of Instructional Support Services*
**DEBORAH HARTMAN**
*in her individual capacity and as*
*Director of Instructional Support Services, n/k/a*
*Director of Special Education*
**DR. LOURDES SANCHEZ**
*in her individual capacity and as School Psychologist*
**GERALD BROWN**
*in his individual capacity and as Teacher*
**AMY ENRIGHT**
*in her individual capacity and as Teacher*
**LORI FRIEBOLIN**
*in her individual capacity and as Teacher*
**KIM CECCATTI**
*in her individual capacity and as Guidance Counselor*
**CATHERINE BUCKS**
*in her individual capacity and as Teacher*
**JENNA HEILAND**
*in her individual capacity and as School Nurse*
**PEG PERRY**
*in her individual capacity and as School Nurse,*
**KATHLEEN E. COUGHLIN**
*in her individual capacity and as Social Worker,*
**ABC AGENCIES (1-5)**
*(fictitious public entities)*
**THOMAS DOES (1-5)**
*(fictitious names),*
*Defendants*

90.     Plaintiffs' repeat the allegations in paragraphs 1 through 89 of this Complaint as if set forth herein this Third Count.

91.     The malicious, irrational, conspiratorial actions of the Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiff, Junior Doe's, Constitutional Right to Equal Protection under the Fourteenth Amendment of the United States Constitution, and under Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, whereby the unwritten policy, practice, or custom of the Defendants discriminatorily and/or selectively denying students who attended schools with predominantly or significantly lower overall socio-economic status within the Allentown School District, including Central Elementary School and in particular Plaintiff Junior Doe, of equivalent levels of protective services, policies, and procedures actually afforded similarly situated students who attended schools with a predominantly or significantly higher overall socio-economic status within Allentown School District, in that these Defendants:

(a)     in deliberate indifference to, and in callous disregard to Plaintiff, Junior Doe's, Constitutional Right to Equal Protection to be subject to socio-economic discrimination, concealed violent, sexual assaults by a known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(b)     countenanced, tolerated, veiled, and thereby fostered, a certain level of violence within the Central Elementary School for a period of at least four (4) months certain to result in the brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

56

(c)        conspired, in callous disregard for the safety of students within the Central Elementary School such as Plaintiff, Junior Doe, to cover-up continued, repeated, systematic violence by known Central Elementary School student, Defendant , F.H., for a period of at least four (4) months;

(d)        repeatedly trivialized the nature, extent, and repetition of systematic sexual assaults of students at Central Elementary School by a known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(e)        intentionally veiled and failed to notify, apprise, and/or report to the City of Allentown Police Department, or any other law enforcement agency, the repeated incidents of sexual assaults committed by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(f)        intentionally and recklessly failed to: (i) memorialize, file, and/or report the accurate number of violent incidents to the Pennsylvania Department of Education, as listed in the Annual Report of School Violence and Weapons Possession regarding repeated acts of violence against other innocent Central Elementary School students such as Plaintiff, Junior Doe, (ii) summon the police or emergency medical services, (iii) provide reasonably appropriate and necessary medical treatment for, or (iv) accurately document the injuries suffered by student victims of violence at the hands of known individuals, for a period of at least four (4) months;

(g)        intentionally and recklessly failed to notify, apprise, or report to school authorities or the City of Allentown Police Department, the repeated incidents of violence and weapons possession by known individuals within the Central Elementary School for a period of at least four (4) months, such as the incidents involving innocent victims Michael Roe I, II, & III as referenced herein;

(h)      recklessly allowed and fostered, in deliberate indifference to and callous disregard for all students' Constitutional Rights to Equal Protection under the Fourteenth Amendment of the United States Constitution and under Article I of the Pennsylvania Constitution, an environment of unabated violence that continued in certain problematic schools within Allentown School District, including Central Elementary School, for a period of at least four (4) months, including, but not limited to, the incident referenced herein involving Plaintiff, Junior Doe;

(i)      intentionally and recklessly failed to suspend, isolate, and/or remove a known, serial, sexual predator, Central Elementary School student, Defendant F.H., from the school environment when the Defendants knew of the repeated sexual assaults he committed against other Central Elementary School students for a period of at least four (4) months, thereby harboring an environment of student criminal activity and violence against other innocent students, including Plaintiff, Junior Doe;

(j)      permitted a known student, Defendant F.H., to remain on school premises when Defendants knew that said student presented a clear and present danger to the other innocent students at the Central Elementary School, including Plaintiff, Junior Doe;

(k)      intentionally and recklessly failed to accurately memorialize the acts of violence committed by known students at certain Allentown School District schools, including Defendant, F.H., or the injuries sustained by students as a direct result thereof, such as those at Central Elementary School, in an effort to conceal and/or veil the long-continued violence at certain problematic schools within Allentown School District;

(l)      conspired to veil the continued, repeated acts of violence within certain problematic Allentown School District schools, including the known sexual assaults committed by Defendant, F.H., at the Central Elementary School, in an effort to insulate themselves from

public scrutiny regarding the clear and present danger that innocent students faced at certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least four (4) months;

(m)     intentionally and recklessly, in deliberate and in callous disregard of the Constitutional Rights to Equal Protection of students at the Central Elementary School, including Plaintiff, Junior Doe, failed to notify the City of Allentown Police Department and/or authorities of repeated sexual assaults of innocent students at Central Elementary School for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(n)     failed to adequately document the brutal injuries suffered from repeated sexual assaults by known Central Elementary School student, Defendant, F.H., and/or correctly document the nature and extent of repeated injuries to student victims of violence within the Central Elementary School for a period of at least four (4) months;

(o)     repeatedly, intentionally, and recklessly disregarded reports and/or warnings of continued violence and sexual assaults by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months thereby fostering an environment conducive to, and creating a climate which facilitated, continued sexual violence and harboring of student criminals and criminal activity within the Central Elementary School, conduct certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(p)     covered up acts of repeated violence within certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least twenty (20) months, which thereby fostered a criminally violent school environment directly resulting in continued, unabated, acts of violence by a known Central Elementary School student, Defendant

59

F.H., for a period of at least four (4) months, and presenting a clear and present danger to innocent students;

(q)	repeatedly ignored the medical needs of students violently attacked within certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least four (4) months by failing to accurately memorialize and/or document the serious injuries suffered by students as a consequence of violent and sexual attacks by known students, such as those committed by Central Elementary School student Defendant, F.H., in an effort to veil the long-standing violence within certain problematic Allentown School District schools so as to avoid public, municipal, police, and state scrutiny for fostering a criminal environment and the complete lack of safety that existed as a direct result thereof;

(r)	conspired with each other to veil, trivialize, completely ignore, and/or withhold from public scrutiny the known repeated sexual assaults on innocent students by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, amounting to conspiratorial, deliberate indifference to the safety and well-being of students at the Central Elementary School including Plaintiff, Junior Doe;

(s)	intentionally, recklessly, and deliberately failed to and/or refused to enforce the Central Elementary School disciplinary responses and procedures protocol as per the Allentown School District Official Code of Conduct to identify, report, punish, and remove known student perpetrators of violent and sexual assaults, such as Defendant, F.H., for a period of at least four (4) months, thereby rendering the Central Elementary School unsafe for the activities for which it was intended and generally used, and for which sovereign immunity will not lie pursuant to 42 Pa.C.S.A. § 8542(b)(3);

(t)	intentionally, recklessly, and in deliberate indifference to the continued acts of violence at certain problematic Allentown School District schools, including the Central

Elementary School, Defendants failed to make any concerted effort to address the grave security

and safety problems at such schools by:

(1) failing to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

(2) failing to enhance or establish school security personnel, including school resource officers and on-site police officers;

(3) failing to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

(4) failing to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors effective measures to prevent school violence and improve safety;

(5) failing to implement school safety and violence prevention programs and/or curriculum that address risk-factors to reduce incidents of problem behaviors among students;

(6) failing to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance equipment, special emergency communication equipment, electronic locksets, deadbolts, and related technology;

(7) failing to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

(8) specifically and repeatedly failing to report or notify appropriate law enforcement agencies of the violent sexual incidents involving Defendant F.H., after it was known or reasonable suspected by Central Elementary administrators, employees, and/or safety personnel that for a period at least four (4) months that Defendant had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, thereby thwarting police notice and investigation;

(9) specifically and repeatedly failing to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant had committed violent, sexual assaults against innocent students in known, unsecured,

unmonitored, security-abandoned bathroom areas of Central Elementary School; and

(10) specifically and repeatedly failing to adequately protect the innocent students at Central Elementary School, including Plaintiff Junior Doe, from Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant F.H. had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School…

all of which enabled and was substantially certain to directly result in Defendant, F.H., systematically and continually conducting unfettered, violent sexual assaults upon students, including the brutal rape and aggravated indecent assault of Plaintiff Junior Doe on March 16, 2004, within the confines of unsecured, unmonitored, security-abandoned bathrooms at Central Elementary School, without fear of significant punishment, discipline, removal, and/or isolation from the general school population;

(u)      conspired in silence to veil the repeated sexual assaults by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, by failing to report the incidents of sexual assaults to the City of Allentown Police Department, despite having been repeatedly notified or made aware of such sexual assaults at some time by other Central Elementary School students, teachers, administrators, officials, agents, servants, and/or workmen;

(v)      failed to adequately train and supervise its administrators and employees operating the day-to-day affairs of the Allentown School District, namely the individual Defendants named herein, thereby causing the constitutional violations of Plaintiff, Junior Doe's rights as referenced above;

(w)      failed to train the administrators, officials, agents, servants, employees, and/or independent contractors of Allentown School District and Lehigh Valley Hospital, Inc., to

protect the Plaintiff's Constitutional Rights amounting to a deliberate indifference to, and callous disregard for, the rights of Plaintiff, Junior Doe, in particular the right to Equal Protection under the Fourteenth Amendment of the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania; and

(x)       in having knowledge of the acts of the other individual Defendants named herein, participated in and conspired with the co-Defendants herein to veil continued acts of sexual violence at certain problematic schools, including the Central Elementary School, in an effort to insulate themselves from public scrutiny regarding unabated violence within certain Allentown School District schools, including Central Elementary School, to the peril of Plaintiff Junior Doe's Constitutional Right to Equal Protection guaranteed under the Fourteenth Amendment of the United States Constitution and Article I, §1 and §26 if the Constitution of the Commonwealth of Pennsylvania.

92.       This denial and/or deprivation of equivalent levels of protective services, policies, and procedures occurred prior to, during the time of, and/or after it was known or reasonably suspected by the Defendants that for a period at least four (4) months, Defendant, F.H, had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School.

93.       Plaintiff Junior Doe was, at all times material hereto, a six year-old elementary school student at the Central Elementary School which had a lower overall socio-economic student population than other schools within Allentown School District, whereby Plaintiff Junior Doe was a member of the class that was subjected to the discriminatory enforcement and/or denial of protective services, procedures, and/or policies as described herein.

94.     The protective services, policies, and procedures selectively denied and/or deprived to schools who had a lower overall socio-economic student population within the Allentown School District, in particular Central Elementary School, but afforded to certain other schools within the district having a higher overall socio-economic student populations, include, but are not limited to: (a) an adequate assessment and remedying of school building safety; (b) consistent enforcement of the Allentown School District Code of Conduct and law enforcement reporting protocols and procedures to be followed for known or reasonably suspected acts of violence; (c) establishment of school security personnel, including school resource officers and on-site police officers; (d) specific and/or consistent notification or reporting to appropriate law enforcement agencies for investigation any and all known or reasonably suspected sexual or violent assaults that have occurred on school property; and (e) the adequate supervision, isolation, and/or removal of students, such as Defendant, F.H., who have previously committed sexual or violent assaults against other students on school property.

95.     When administrators, employees, and/or safety personnel at certain other schools within Allentown School District, such as the William Allen High School, Louis E. Dieruff High School, Trexler Middle School, Muhlenberg Elementary School, and Lehigh Parkway Elementary School, were made aware of known or reasonably suspected acts of violence or sexual assaults, those Allentown School District administrators, employees, and/or safety personnel at those respective schools consistently enforced the Allentown School District Official Code of Conduct and law enforcement reporting procedures and protocols to be followed for known or reasonably suspected acts of violence, and in addition, also employed a wide range of protective services afforded to students by the Allentown School District as referenced in Paragraph 94 above, .

64

96.     In denying equivalent protective services, policies, procedures, notification, and/or subsequent law enforcement investigation for known allegations and/or occurrences of violent and sexual assaults, Defendants displayed deliberate, reckless indifference toward the Central Elementary School students' Equal Protection Rights, including those rights of Plaintiff Junior Doe, as guaranteed under the Fourteenth Amendment of the United States Constitution, and under Article I of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988.

97.     The denial and/or deprivation of such equivalent levels of protective services, policies, and procedures to the students at Central Elementary School, including Plaintiff, Junior Doe, was not rationally related to any legitimate government interest or objective, given that Defendant, F.H, had previously committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School for a period at least four (4) months, whereby such continued, deliberately indifferent denials of equivalent levels of protective services, policies, and procedures at Central Elementary School was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, at Central Elementary School on March 16, 2004.

98.     Defendant's failure to provide equivalent protective services, policies, and procedures to Central Elementary School students, including Plaintiff, Junior Doe, as provided for in the Allentown School Districts' official disciplinary policies, responses, procedures, code of conduct, and law enforcement reporting protocols and procedures, and as afforded to students similarly situated at certain other schools within the Allentown School District, hereby violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and is a form of socio-economic discrimination.

99.     The selective, discriminatory practices of the Defendants have resulted in and continue to result in the purposeful violation of Central Elementary School students' equal protection rights, including those rights of Plaintiff Junior Doe, because of those students' lower overall socio-economic status in comparison to similarly situated students at certain other schools within the Allentown School District.

100.    At all times relevant hereto through the aforesaid acts and knowledge of the acts of the other Defendants, caused, directed, approved, and ratified the aforesaid acts which constitute violations of Plaintiff Junior Doe's Constitutional Rights.

101.    As a direct and proximate result of the Defendants' conduct herein, , Plaintiff, Junior Doe, has suffered substantial physical injuries, has suffered and will in the future suffer great mental anguish, shame, terror, embarrassment, humiliation, and physical pain, has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

102.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have been unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

103.    As a direct and proximate result of the Defendant's conduct herein, all Plaintiffs will continue, in the future, to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and suffer a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of their lives, all of which will be to their great, collective detriment and loss.

104.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

105.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain into the future, all of which will be to their great, collective detriment and loss.

**WHEREFORE**, Plaintiffs, Junior Doe, John Doe, and Jane Doe, hereby demand judgment against the Defendants for:

(a)  compensatory damages in an amount to be proved at trial;

(b)  punitive damages, for the outlandish and outrageous conduct, acts, omissions, and deliberate indifference of one or more of the Defendants.

(c)  a declaratory judgment that the policies, practices, customs, acts, and omissions complained of herein are unconstitutional;

(d)  injunctive relief in the form of a Court Order requiring the Defendants to rectify the policies, practices, acts and omissions complained of herein;

(e)  reasonable attorney's fees and costs of suit; and

(f)  such other relief as this Court may deem proper and just.

## COUNT IV

## VIOLATION OF CONSTITUTIONAL RIGHT TO EQUAL PROTECTION

## RACIAL DISCRIMINATION

**JUNIOR DOE**
**JOHN DOE**
**JANE DOE,**
*Plaintiffs*
**v.**

67

**ALLENTOWN SCHOOL DISTRICT**
**LEHIGH VALLEY HOSPITAL, INC.**
**EVA W. HADDON**
*in her individual capacity and as Principal*
**BRADLEY CARTER**
*in his individual capacity and as Assistant Principal*
**DR. KAREN S. ANGELLO**
*in her individual capacity and as Superintendent*
**EVELYN W. ROSSI**
*in her individual capacity and as Director of Human Resources*
**KAREN BOARDMAN**
*in her individual capacity and as*
*Assistant to the Superintendent-Elementary, n/k/a*
*Executive Director of Elementary Education*
**DIANE M. HOLBEN**
*in her individual capacity and as*
*Director of Research Planning & Accountability*
**RITA D. PEREZ**
*in her individual capacity and as*
*Director of Professional & Staff Development*
**RALPH A. DAUBERT**
*in his individual capacity and as*
*Executive Director of Community and Student Services*
**RALPH S. TODD**
*in his individual capacity and as*
*Executive Director of Instructional Support Services*
**DEBORAH HARTMAN**
*in her individual capacity and as*
*Director of Instructional Support Services, n/k/a*
*Director of Special Education*
**DR. LOURDES SANCHEZ**
*in her individual capacity and as School Psychologist*
**GERALD BROWN**
*in his individual capacity and as Teacher*
**AMY ENRIGHT**
*in her individual capacity and as Teacher*
**LORI FRIEBOLIN**
*in her individual capacity and as Teacher*
**KIM CECCATTI**
*in her individual capacity and as Guidance Counselor*
**CATHERINE BUCKS**
*in her individual capacity and as Teacher*
**JENNA HEILAND**
*in her individual capacity and as School Nurse*
**PEG PERRY**
*in her individual capacity and as School Nurse,*
**KATHLEEN E. COUGHLIN**

***in her individual capacity and as Social Worker,***
**ABC AGENCIES (1-5)**
***(fictitious public entities)***
**THOMAS DOES (1-5)**
***(fictitious names),***
***Defendants***

106.    The Plaintiffs repeat the allegations in paragraphs 1 through 105 of this Complaint as if set forth herein this Fourth Count.

107.    The malicious, conspiratorial actions of the Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiff, Junior Doe's, Constitutional Right to Equal Protection under the Fourteenth Amendment of the United States Constitution, and under Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, through which Defendants exhibited racially discriminatory intent and whereby the unwritten policy, practice, or custom, of the Defendants selectively denying and/or depriving students attending predominantly minority-populated schools within Allentown School District, including Central Elementary School and in particular, minority Plaintiff Junior Doe, of equivalent levels of protective services, policies, and procedures actually afforded similarly situated students attending certain, predominantly or significantly, Caucasian-populated schools within Allentown School District, in that these Defendants:

(a)    in deliberate indifference to, and in callous disregard to African-American Plaintiff, Junior Doe's, Constitutional Right to Equal Protection not to be subjected to racial discrimination, concealed violent, sexual assaults by a known Caucasian, Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

69

(b)	countenanced, tolerated, veiled, and thereby fostered, a certain level of violence within the Central Elementary School for a period of at least four (4) months certain to result in the brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(c)	conspired, in callous disregard for the safety of minority students within the Central Elementary School such as Plaintiff, Junior Doe, to cover-up continued, repeated, systematic violence by known Central Elementary School student, Defendant , F.H., for a period of at least four (4) months;

(d)	repeatedly trivialized the nature, extent, and repetition of systematic sexual assaults of minority students at Central Elementary School by a known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(e)	intentionally veiled and failed to notify, apprise, and/or report to the City of Allentown Police Department, or any other law enforcement agency, the repeated incidents of sexual assaults of innocent minority students committed by a known Caucasian, Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(f)	intentionally and discriminatorily failed to: (i) memorialize, file, and/or report the accurate number of violent incidents to the Pennsylvania Department of Education, as listed in the Annual Report of School Violence and Weapons Possession, regarding repeated acts of violence against innocent students, such as minority Plaintiff, Junior Doe, at certain, predominantly minority-populated schools within Allentown School District, such as Central Elementary School, (ii) summon the police or emergency medical services at certain predominantly minority-populated schools within Allentown School District, such as Central Elementary School, (iii) provide reasonably appropriate and necessary medical treatment at certain, predominantly minority-populated schools within Allentown School District, such as

Central Elementary School, or (iv) accurately document the injuries suffered by student victims of violence at the hands of known individuals at certain, predominantly minority-populated schools within Allentown School District, such as Central Elementary School, for a period of at least four (4) months;

(g)     intentionally, discriminatorily, and recklessly failed to notify, apprise, or report to school authorities or the City of Allentown Police Department, repeated incidents of violence and weapons possession by known individuals at certain, predominantly minority-populated schools within Allentown School District, such as Central Elementary School, for a period of at least four (4) months, such as the incidents involving innocent minority victims Michael Roe I, II, & III as referenced herein;

(h)     recklessly allowed and fostered, in deliberate indifference to and callous disregard for all students' Constitutional Rights to Equal Protection under the Fourteenth Amendment of the United States Constitution and under Article I of the Pennsylvania Constitution, an environment of unabated violence that continued in certain, predominantly minority-populated schools within Allentown School District, including Central Elementary School, for a period of at least four (4) months, including, but not limited to, the incident referenced herein involving minority Plaintiff, Junior Doe;

(i)     intentionally and recklessly failed to suspend, isolate, and/or remove a known, serial, sexual predator, Central Elementary School student, Defendant F.H., from the school environment when the Defendants knew of the repeated sexual assaults he committed against innocent minority students at Central Elementary School for a period of at least four (4) months, thereby harboring an overall environment of student criminal activity and violence against a predominantly minority student population which included Plaintiff, Junior Doe;

71

(j)        permitted a known student, Defendant F.H., to remain on school premises when Defendants knew that said student presented a clear and present danger to the innocent, predominantly minority student population at Central Elementary School, including Plaintiff, Junior Doe;

(k)        intentionally, discriminatorily, and recklessly failed to accurately memorialize (1) the acts of violence committed by known students such as Defendant, F.H., at certain, predominantly minority-populated schools within Allentown School District, including Central Elementary School, or (2) the injuries sustained by, predominantly minority students as a direct result thereof, such as those at Central Elementary School, in an effort to conceal and/or veil the long-continued violence at certain, predominantly minority-populated schools within Allentown School District;

(l)        conspired to veil the continued, repeated acts of violence at certain, predominantly minority-populated schools within Allentown School District, including the known sexual assaults committed by Defendant, F.H., at the Central Elementary School, in an effort to insulate themselves from public scrutiny regarding the clear and present danger that innocent students faced at certain, predominantly minority-populated schools within Allentown School District, including the Central Elementary School, for a period of at least four (4) months;

(m)        intentionally, discriminatorily, recklessly, and in deliberate and callous disregard of the Constitutional Rights to Equal Protection of the predominantly-minority students at the Central Elementary School, including Plaintiff, Junior Doe, failed to notify the City of Allentown Police Department and/or authorities of repeated sexual assaults of innocent minority students at Central Elementary School for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of minority Plaintiff, Junior Doe, that occurred on March 16, 2004;

(n)     failed to adequately document the brutal injuries suffered from repeated sexual assaults by known Central Elementary School student, Defendant, F.H., and/or correctly document the nature and extent of repeated injuries to innocent, minority student victims of violence within the Central Elementary School for a period of at least four (4) months;

(o)     repeatedly, intentionally, discriminatorily, and recklessly disregarded reports and/or warnings of continued violence and sexual assaults by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months thereby fostering an environment conducive to, and creating a climate which facilitated, continued sexual violence and harboring of student criminals and criminal activity within the predominantly-minority populated, Central Elementary School, conduct certain to result in the additional, brutal rape and aggravated indecent assault of minority Plaintiff, Junior Doe, that occurred on March 16, 2004;

(p)     covered up acts of repeated violence at certain, predominantly minority-populated schools within Allentown School District, including the Central Elementary School, for a period of at least twenty (20) months, which thereby fostered a criminally violent school environment directly resulting in continued, unabated acts of violence by a known, Caucasian Central Elementary School student, Defendant F.H., for a period of at least four (4) months, and presenting a clear and present danger to the innocent, predominantly-minority student population;

(q)     repeatedly ignored the medical needs of students violently attacked  within certain, predominantly minority-populated schools within Allentown School District, including the Central Elementary School, for a period of at least four (4) months by failing to accurately memorialize and/or document the serious injuries suffered by innocent, predominantly-minority students as a consequence of violent and sexual attacks by known students, such as those committed by Central Elementary School student Defendant, F.H., in an effort to veil the long-

standing violence at certain, predominantly minority-populated schools within Allentown School District, so as to avoid public, municipal, police, and Commonwealth of Pennsylvania scrutiny for fostering a criminal environment and the complete lack of safety that existed as a direct result thereof;

(r)     conspired with each other to veil, trivialize, completely ignore, and/or withhold from public scrutiny the known repeated sexual assaults of innocent minority students by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, amounting to conspiratorial, deliberate indifference to the safety and well-being of the predominantly-minority student population at the Central Elementary School, which included Plaintiff, Junior Doe;

(s)     intentionally, discriminatorily, recklessly, and deliberately failed to and/or refused to enforce the Central Elementary School disciplinary responses and procedures protocol as per the Allentown School District Official Code of Conduct to identify, report, punish, and remove known student perpetrators of violent and sexual assaults, such as Defendant, F.H., for a period of at least four (4) months, thereby rendering the predominantly minority-populated Central Elementary School unsafe for the activities for which it was intended and generally used, and for which sovereign immunity will not lie pursuant to 42 Pa. C.S.A. § 8542(b)(3);

(t)     intentionally, discriminatorily, recklessly, and in deliberate indifference to the continued acts of violence at certain, predominantly minority-populated schools within Allentown School District, including the Central Elementary School, Defendants failed to make any concerted effort to address the grave security and safety problems at such schools by:

> (1) failing to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

(2) failing to enhance or establish school security personnel, including school resource officers and on-site police officers;

(3) failing to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

(4) failing to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors effective measures to prevent school violence and improve safety;

(5) failing to implement school safety and violence prevention programs and/or curriculum that address risk-factors to reduce incidents of problem behaviors among students;

(6) failing to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance equipment, special emergency communication equipment, electronic locksets, deadbolts, and related technology;

(7) failing to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

(8) specifically and repeatedly failing to report or notify appropriate law enforcement agencies of the violent sexual incidents involving Defendant F.H., after it was known or reasonable suspected by Central Elementary administrators, employees, and/or safety personnel that for a period at least four (4) months that Defendant had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, thereby thwarting police notice and investigation;

(9) specifically and repeatedly failing to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School; and

(10) specifically and repeatedly failing to adequately protect the innocent students at Central Elementary School, including Plaintiff Junior Doe, from Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant F.H. had committed violent, sexual assaults against innocent

students in known, unsecured, unmonitored, security-abandoned bathroom areas
of Central Elementary School…

all of which enabled and was substantially certain to directly result in Defendant, F.H.,

systematically and continually conducting unfettered, violent sexual assaults upon innocent

minority students, including the brutal rape and aggravated indecent assault of Plaintiff Junior

Doe on March 16, 2004, within the confines of unsecured, unmonitored, security-abandoned

bathrooms at Central Elementary School, without fear of significant punishment, discipline,

removal, and/or isolation from the general school population;

(u)      conspired in silence to veil the repeated sexual assaults by known Central

Elementary School student, Defendant, F.H., for a period of at least four (4) months, by failing to

report the incidents of sexual assaults of innocent minority students to the City of Allentown

Police Department, despite having been repeatedly notified or made aware of such sexual

assaults at some time by other Central Elementary School students, teachers, administrators,

officials, agents, servants, and/or workmen;

(v)      failed to adequately train and supervise its administrators and employees

operating the day-to-day affairs of the Allentown School District, namely the individual

Defendants named herein, thereby causing the constitutional violations of Plaintiff, Junior Doe's

guaranteed rights as referenced above;

(w)      failed to train the administrators, officials, agents, servants, employees, and/or

independent contractors of Allentown School District and Lehigh Valley Hospital, Inc., to

protect the Plaintiff's Constitutional Rights amounting to a deliberate, discriminatory

indifference to and callous disregard for the rights of minority Plaintiff, Junior Doe, in particular

the right to Equal Protection under the Fourteenth Amendment of the United States Constitution

and Article I of the Constitution of the Commonwealth of Pennsylvania; and

(x)     in having knowledge of the acts of the other individual Defendants named herein, participated in and conspired with the co-Defendants herein to veil continued acts of sexual violence at certain predominantly minority-populated school within Allentown School District, including the Central Elementary School, in an effort to insulate themselves from public scrutiny regarding unabated violence within such certain predominantly minority-populated schools within Allentown School District, including Central Elementary School, to the peril of Plaintiff Junior Doe's Constitutional Right to Equal Protection guaranteed under the Fourteenth Amendment of the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania.

108.   This denial and/or deprivation of equivalent levels of protective services, policies, and procedures occurred prior to, during the time of, and/or after it was known or reasonably suspected by the Defendants that for a period at least four (4) months, Caucasian Defendant, F.H, had in fact committed repeated, violent, sexual assaults against at least three innocent minority students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School.

109.   Plaintiff Junior Doe is an African-American minority male, and was, at all times material hereto, a six year-old elementary school student at the Central Elementary School and a member of a suspect class that was subjected to the racially discriminatory enforcement and/or denial of protective services, procedures, and/or policies as described herein.

110.   The protective services, policies, and procedures discriminatorily denied and/or deprived to certain, predominantly minority-populated schools within the Allentown School District, including Central Elementary School, but afforded to certain other significantly or predominantly, Caucasian-populated schools within the District, include, but are not limited to: (a) an adequate assessment and remedying of school building safety; (b) consistent enforcement

of the Allentown School District Code of Conduct and law enforcement reporting protocols and procedures to be followed for known or reasonably suspected acts of violence; (c) establishment of school security personnel, including school resource officers and on-site police officers; (d) specific and/or consistent notification or reporting to appropriate law enforcement agencies for investigation any and all known or reasonably suspected sexual or violent assaults that have occurred on school property; and (e) the adequate supervision, isolation, and/or removal of students, such as Defendant, F.H., who have previously committed sexual or violent assaults against other students on school property.

111.    When administrators, employees, and/or safety personnel of certain other schools within Allentown School District having significant or predominantly-Caucasian student populations, such as the Trexler Middle School, Muhlenberg Elementary School, and Lehigh Parkway Elementary School, were made aware of known or reasonably suspected acts of violence or sexual assaults, both the Allentown School District Official Code of Conduct and law enforcement reporting procedures/protocols were consistently enforced and/or employed, in addition to the wide range of protective services also afforded to those predominantly-Caucasian student populations by the Allentown School District, as referenced in Paragraph 110 above.

112.    In denying comparable protective services, policies, procedures, notification, and/or subsequent law enforcement investigation for known allegations and/or occurrences of violent and sexual assaults, Defendants displayed deliberate, reckless, racially discriminatory indifference toward the Equal Protection Rights of the predominantly-minority student population at Central Elementary School, including those rights of minority Plaintiff Junior Doe, as guaranteed under the Fourteenth Amendment of the United States Constitution, Article I of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988.

113.    The policies of race-based, discriminatory enforcement of the Allentown School

District Code of Conduct and law enforcement reporting procedures and protocols, as well as the

race-based, discriminatory denial and/or deprivation of the protective services actually afforded

to similarly situated students attending certain other, predominantly or significantly, Caucasian-

populated schools within Allentown School District, is subject to strict scrutiny and not narrowly

tailored to achieve any compelling government interest or objective, given that Defendant, F.H,

had previously committed repeated, violent, sexual assaults against at least three innocent

minority students in known, unsecured, unmonitored, security-abandoned bathroom areas of the

predominantly minority-populated Central Elementary School for a period at least four (4)

months, whereby such continued, racially discriminatory, deliberately indifferent enforcement

and/or denials of equivalent levels of protective services, policies, and procedures at Central

Elementary School was certain to result in the additional, brutal rape and aggravated indecent

assault of Plaintiff, Junior Doe, at Central Elementary School on March 16, 2004.

114.    Defendant's intentional, reckless, discriminatory failure to provide an equivalent

level of protective services, policies, and procedures, as provided for in the Allentown School

Districts' official disciplinary policies, responses, procedures, code of conduct, and law

enforcement reporting protocols and procedures, to the predominantly-minority Central

Elementary School student population, which included Plaintiff, Junior Doe, in comparison to

the services, policies, and procedures actually afforded similarly situated students attending

certain significantly or predominantly Caucasian-populated schools within Allentown School

District, hereby violates the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution and is a form of racial discrimination.

115.    The selective, discriminatory practices of the Defendants have resulted in and

continue to result in the purposeful violation of Central Elementary School students' Equal

Protection rights, including those rights of minority Plaintiff, Junior Doe, because of Central Elementary's predominant racial and/or ethnic minority makeup of their overall student population in comparison to similarly situated student populations at certain significantly or predominantly Caucasian-populated schools within the Allentown School District.

116.    At all times relevant hereto through the aforesaid acts and knowledge of the acts of the other Defendants, caused, directed, approved, and ratified the aforesaid acts which constitute violations of Plaintiff Junior Doe's Constitutional Rights.

117.    As a direct and proximate result of the Defendants' conduct herein, Plaintiff, Junior Doe, has suffered substantial physical injuries, has suffered and will in the future suffer great mental anguish, shame, terror, embarrassment, humiliation, and physical pain, has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

118.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have been unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

119.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue, in the future, to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and suffer a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of their lives, all of which will be to their great, collective detriment and loss .

120.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

121.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain into the future, all of which will be to their great, collective detriment and loss.

**WHEREFORE**, Plaintiffs, Junior Doe, John Doe, and Jane Doe, hereby demand judgment against the Defendants for:

(a)  compensatory damages in an amount to be proved at trial;

(b)  punitive damages, for the outlandish and outrageous conduct, acts, omissions, and deliberate indifference of one or more of the Defendants.

(c)  a declaratory judgment that the policies, practices, customs, acts, and omissions complained of herein are unconstitutional;

(d)  injunctive relief in the form of a Court Order requiring the Defendants to rectify the policies, practices, acts and omissions complained of herein;

(e)  reasonable attorney's fees and costs of suit; and

(f)  such other relief as this Court may deem proper and just.

### COUNT V

### WILLFUL MISCONDUCT CONSTITUTING INTENTIONAL, DISCRIMINATORY FAILURE TO PROVIDE ADEQUATE OR EQUIVALENT LEVELS OF PROTECTIVE SERVICES, PROCEDURES, AND POLICIES

**JUNIOR DOE**
**JOHN DOE**
**JANE DOE,**
*Plaintiffs*
**v.**

**EVA W. HADDON**
*in her individual capacity*
**BRADLEY CARTER**
*in his individual capacity*
**DR. KAREN S. ANGELLO**
*in her individual capacity*
**EVELYN W. ROSSI**
*in her individual capacity*
**KAREN J. BOARDMAN**
*in her individual capacity*
**DIANE M. HOLBEN**
*in her individual capacity*
**RITA D. PEREZ,**
*in her individual capacity*
**RALPH A. DAUBERT**
*in his individual capacity*
**RALPH S. TODD**
*in his individual capacity*
**DEBORAH HARTMAN**
*in her individual capacity*
**DR. LOURDES SANCHEZ**
*in her individual capacity*
**GERALD BROWN**
*in his individual capacity*
**AMY ENRIGHT**
*in her individual capacity*
**LORI FRIEBOLIN**
*in her individual capacity*
**KIM CECCATTI**
*in her individual capacity*
**CATHERINE BUCKS**
*in her individual capacity*
**JENNA HEILAND**
*in her individual capacity*
**PEG PERRY**
*in her individual capacity,*
**KATHLEEN E. COUGHLIN**
*in her individual capacity,*
**THOMAS DOES (1-5)**
*(fictitious names),*
*Defendants*

122.    The Plaintiffs repeat the allegations in paragraphs 1 through 121 of this Complaint

as if set forth at length herein this Fifth Count.

123.     This Court has supplemental jurisdiction over this claim for relief of the Plaintiff pursuant to 28 U.S.C. § 1367.

124.     At all times material hereto, the individual Defendants acted in course and scope of their employment within Allentown School District, under color of state law, and either in or at the supervision, direction, approval, acceptance, and ratification of, or in concert with the conduct and activities of the Defendants named herein, and in regard to the safety of students within the Central Elementary School were responsible for medical care, social services, and associated treatment of said students, as well as the implementation and enforcement of the Disciplinary Responses and Procedures at the Central Elementary School.

125.     The malicious, conspiratorial actions of the individual Defendants as named above were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiff Junior Doe's Constitutional Rights guaranteed under the Fourteenth Amendment of the United States Constitution, Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, as well as in direct violation of federal and state education laws and regulations, in particular the No Child Left Behind Act of 2001, 20 U.S.C. § 6301 *et. seq.*, and Pennsylvania's Safe Schools Act, 24 P.S. § 13-1301 *et seq.*, regarding mandatory required reporting of known violent incidents occurring on school property, whereby unwritten policy, practice, or custom, Defendants exhibited willful misconduct in intentionally, recklessly, and discriminatorily failing to provide an equivalent level of protective services, policies, and procedures to the Central Elementary School students, including Plaintiff, Junior Doe, as provided for in the Allentown School Districts' official disciplinary policies, responses, procedures, code of conduct, and law enforcement reporting protocols and procedures, and as afforded to students similarly situated at certain other schools within the Allentown School District, for a period of at least four (4) months, which was

substantially certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004,  in that these Defendants:

(a)      concealed violent, sexual assaults by a known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(b)      countenanced, tolerated, veiled, and thereby fostered, a certain level of violence within the Central Elementary School for a period of at least four (4) months certain to result in the brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(c)      conspired, in callous disregard for the safety of students within the Central Elementary School such as Plaintiff, Junior Doe, to cover-up continued, repeated, systematic violence by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(d)      repeatedly trivialized the nature, extent, and repetition of systematic sexual assaults of students at Central Elementary School by a known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(e)      intentionally veiled and failed to notify, apprise, and/or report to the City of Allentown Police Department, or any other law enforcement agency, the repeated incidents of sexual assaults committed by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months;

(f)      intentionally and recklessly failed to: (i) memorialize, file, and/or report the accurate number of violent incidents to the Pennsylvania Department of Education, as listed in the Annual Report of School Violence and Weapons Possession regarding repeated acts of

violence against other innocent Central Elementary School students such as Plaintiff, Junior Doe, (ii) summon the police or emergency medical services, (iii) provide reasonably appropriate and necessary medical treatment, or (iv) accurately document  the injuries suffered by innocent student victims of violence at the hands of known individuals, for a period of at least twenty (20) months;

(g)     intentionally and recklessly failed to notify, apprise, or report to school authorities or the City of Allentown Police Department, the repeated incidents of violence and weapons possession by known individuals within the Central Elementary School for a period of at least twenty (20) months, such as the incidents involving innocent victims of Michael Roes I, II, & III as referenced herein;

(h)     recklessly allowed and fostered, in deliberate indifference to and callous disregard for all students' rights guaranteed under the United States Constitution and Commonwealth of Pennsylvania Constitution, an environment of unabated violence that continued in certain problematic schools within Allentown School District, including Central Elementary School, for a period of at least twenty (20) months, including, but not limited to, the incident referenced herein involving Plaintiff, Junior Doe;

(i)     intentionally and recklessly failed to suspend, isolate, and/or remove a known, serial, sexual predator, Central Elementary School student, Defendant F.H., from the school environment when the Defendants knew of the repeated sexual assaults he committed against other Central Elementary School students for a period of at least four (4) months, thereby harboring an environment of student criminal activity and violence against other innocent students, including Plaintiff, Junior Doe;

(j)      permitted a known student, Defendant F.H., to remain on school premises when Defendants knew that said student presented a clear and present danger to the other innocent students at the Central Elementary School, including Plaintiff, Junior Doe;

(k)      intentionally and recklessly failed to accurately memorialize the acts of violence committed by known students at certain Allentown School District schools, including Defendant, F.H., or the injuries sustained by students as a direct result thereof, such as those at Central Elementary School, in an effort to conceal and/or veil the long-continued violence at certain problematic schools within Allentown School District;

(l)      conspired to veil the continued, repeated acts of violence within certain problematic Allentown School District schools, including the known sexual assaults committed by Defendant, F.H., at the Central Elementary School, in an effort to insulate themselves from public scrutiny regarding the clear and present danger that innocent students faced at certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least twenty (20) months;

(m)      intentionally and recklessly, in deliberate and in callous disregard of the Constitutional Rights of students at the Central Elementary School, including Plaintiff, Junior Doe, failed to notify the City of Allentown Police Department and/or authorities of repeated sexual assaults of innocent students at Central Elementary School for a period of at least four (4) months, which was certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(n)      failed to adequately document the brutal injuries suffered from repeated sexual assaults by known Central Elementary School student, Defendant, F.H., and/or correctly document the nature and extent of repeated injuries to student victims of violence within the Central Elementary School for a period of at least four (4) months;

(o)      repeatedly, intentionally, and recklessly disregarded reports and/or warnings of continued violence and sexual assaults by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months thereby fostering an environment conducive to, and creating a climate which facilitated, continued sexual violence and harboring of student criminals and criminal activity within the Central Elementary School, conduct certain to result in the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004;

(p)      covered up acts of repeated violence within certain problematic Allentown School District schools, including the Central Elementary School, for a period of at least twenty (20) months, which thereby fostered a criminally violent school environment directly resulting in continued, unabated, acts of violence by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months, and presenting a clear and present danger to innocent students;

(q)      repeatedly ignored the medical needs of students violently attacked  within certain problematic Allentown School District schools, including the Central Elementary School, for over twenty (20) months by failing to accurately memorialize and/or document the serious injuries suffered by students as a consequence of violent and sexual attacks by known students, such as those committed by Central Elementary School student Defendant, F.H., in an effort to veil the long-standing violence within certain problematic Allentown School District schools so as to avoid public, municipal, police, and Commonwealth of Pennsylvania scrutiny for fostering a criminal environment and the complete lack of safety that existed as a direct result thereof;

(r)      conspired with each other to veil, trivialize, completely ignore, and/or withhold from public scrutiny the known repeated sexual assaults on innocent students by known Central Elementary School student, Defendant, F.H., for a period of at least four (4) months, amounting

to conspiratorial, deliberate indifference to the safety and well-being of students at the Central

Elementary School including Plaintiff, Junior Doe;

      (s)      intentionally, recklessly, and deliberately failed to and/or refused to enforce the

Central Elementary School disciplinary responses and procedures protocol, as per the Allentown

School District Official Code of Conduct, to identify, report, punish, and remove known student

perpetrators of violent and sexual assaults, such as Defendant, F.H., for a period of at least four

(4) months, thereby rendering the Central Elementary School building unsafe for the activities

for which it was intended and generally used, and for which official immunity will not lie

pursuant to 42 Pa. C.S. § 8550;

      (t)      intentionally, recklessly, and in deliberate indifference to the continued acts of

violence at certain problematic Allentown School District schools, including the Central

Elementary School, Defendants failed to make any concerted effort to address the grave security

and safety problems at such schools by:

      (1) failing to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

      (2) failing to enhance or establish school security personnel, including school resource officers and on-site police officers;

      (3) failing to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

      (4) failing to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors effective measures to prevent school violence and improve safety;

      (5) failing to implement school safety and violence prevention programs and/or curriculum that address risk-factors to reduce incidents of problem behaviors among students;

      (6) failing to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance

equipment, special emergency communication equipment, electronic locksets, deadbolts, and related technology;

(7) failing to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

(8) specifically and repeatedly failing to report or notify appropriate law enforcement agencies of the violent sexual incidents involving Defendant F.H., after it was known or reasonable suspected by Central Elementary administrators, employees, and/or safety personnel that for a period at least four (4) months that Defendant had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, thereby thwarting police notice and investigation;

(9) specifically and repeatedly failing to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School; and

(10) specifically and repeatedly failing to adequately protect the innocent students at Central Elementary School, including Plaintiff Junior Doe, from Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant F.H. had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School…

all of which enabled and was substantially certain to directly result in Defendant, F.H.,

systematically and continually conducting unfettered, violent sexual assaults upon innocents

students, including the brutal rape and aggravated indecent assault of Plaintiff Junior Doe on

March 16, 2004, within the confines of unsecured, unmonitored, security-abandoned bathrooms

at Central Elementary School, without fear of significant punishment, discipline, removal, and/or

isolation from the general school population;

      (u)     conspired in silence to veil the repeated sexual assaults by known Central

Elementary School student, Defendant, F.H., for a period of at least four (4) months, by failing to

report the incidents of sexual assaults to the City of Allentown Police Department, despite having been repeatedly notified or made aware of such sexual assaults at some time by other Central Elementary School students, teachers, administrators, officials, agents, servants, and/or workmen;

(v)    failed to adequately train and supervise its administrators and employees operating the day-to-day affairs of the Allentown School District, namely the individual Defendants named herein, thereby causing the constitutional violations of Plaintiff, Junior Doe's rights as referenced above;

(w)    failed to train the administrators, officials, agents, servants, employees, and/or independent contractors of Allentown School District and Lehigh Valley Hospital, Inc., to protect the Plaintiff's constitutional rights amounting to a deliberate indifference to and callous disregard for the rights of Plaintiff, Junior Doe, in particular the right to bodily integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, §1 and §26 of the Constitution of the Commonwealth of Pennsylvania; and

(x)    in having knowledge of the acts of the other individual Defendants named herein, participated in and conspired with the co-Defendants herein to veil continued acts of sexual violence at certain problematic schools, including the Central Elementary School, in an effort to insulate themselves from public scrutiny regarding unabated violence within certain Allentown School District schools, including Central Elementary School, to the peril of Plaintiff Junior Doe's constitutional rights guaranteed under the United States Constitution and Article I, §1 and §26 of the Constitution of the Commonwealth of Pennsylvania.

126.    The conduct, acts, omissions, or deliberate indifference which are complained of herein were committed by the individual Defendants while said Defendants were acting as Allentown School District administrators, officials, servants, workmen, agents, and/or

90

employees, and consist of "*acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct*" for which official immunity will not lie pursuant to 42 <u>Pa. C.S.A.</u> § 8550.

127.    This intentional, reckless, and discriminatory failure to provide adequate or equivalent levels of protective services, policies, and procedures to the Central Elementary School students, including Plaintiff, Junior Doe, occurred prior to, during the time of, and/or after it was known or reasonably suspected by the Defendants that for a period at least four (4) months, Defendant, F.H, had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School.

128.    The protective services, policies, and procedures selectively denied and/or deprived to the students at Central Elementary School, including Plaintiff, Junior Doe, but afforded to similarly situated students at certain other schools within the district, include, but are not limited to: (a) an adequate assessment and remedying of school building safety; (b) consistent enforcement of the Allentown School District Code of Conduct and law enforcement reporting protocols and procedures to be followed for known or reasonably suspected acts of violence; (c) establishment of school security personnel, including school resource officers and on-site police officers; (d) specific and/or consistent notification or reporting to appropriate law enforcement agencies for investigation any and all known or reasonably suspected sexual or violent assaults that have occurred on school property; and (e) the adequate supervision, isolation, and/or removal of students, such as Defendant, F.H., who have previously committed sexual or violent assaults against other students on school property.

129.    At all times relevant hereto through the aforesaid acts and knowledge of the acts of the other Defendants, caused, directed, approved, and ratified the aforesaid acts which constitute violations of Plaintiff Junior Doe's Constitutional Rights.

130.    As a direct and proximate result of the Defendants' conduct herein, the Plaintiff, Junior Doe, has suffered substantial physical injuries, has suffered and will in the future suffer great mental anguish, shame, terror, embarrassment, humiliation, and physical pain, has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

131.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have been unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

132.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue, in the future, to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and suffer a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of their lives, all of which will be to their great, collective detriment and loss .

133.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

134.    As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs will continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain into the future, all of which will be to their great, collective detriment and loss.

**WHEREFORE**, Plaintiffs, Junior Doe, John Doe, and Jane Doe, hereby demand judgment against the individual Defendants, jointly and severally, for:

(a)  compensatory damages in an amount to be proved at trial;

(b)  punitive damages, for outlandish and outrageous conduct, acts, omissions, and deliberate indifference of one or more of the Defendants.

(c)  a declaratory judgment that the policies, practices, customs, acts, and omissions complained of herein are unconstitutional and illegal;

(d)  reasonable attorney's fees and costs of suit; and

(e)  such other relief as this Court may deem proper and just.

## COUNT VI

## NEGLIGENT CARE, CUSTODY, OR CONTROL OF REAL PROPERTY

**JUNIOR DOE**
**JOHN DOE**
**JANE DOE,**
*Plaintiffs*
v.
**ALLENTOWN SCHOOL DISTRICT**
*Defendant*

135.    The Plaintiffs repeat the allegations in paragraphs 1 through 134 of this Complaint as if set forth herein this Sixth Count.

136.    This Court has pendent and supplemental jurisdiction over this claim for relief of the Plaintiff pursuant to 28 U.S.C. § 1367.

137.    At all times material hereto, the Defendants acted in course and scope of their employment with Allentown School District, under color of state law, and either in or at the supervision, direction, approval, acceptance, and ratification of, or in concert with the conduct and activities of the Defendants named herein, and in regard to the safety of students within the Central Elementary School, were responsible for the implementation and enforcement of, along

93

with the other Defendants named herein, the Disciplinary Responses and Procedures at the

Central Elementary School.

138.   The aforesaid acts and/or omissions constituting deliberate indifference of

Allentown School District, through its administrators, officials, servants, workmen, agents,

employees, and/or independent contractors acting in their official capacity, to the continued

unfettered violent and sexual attacks at Central Elementary School that directly resulted in

Allentown School District's failure to address grave security and safety problems at Central

Elementary School, included, but are not limited to, the following:

(1) failure to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

(2) failure to enhance or establish school security personnel, including school resource officers and on-site police officers;

(3) failure to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

(4) failing to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors effective measures to prevent school violence and improve safety;

(5) failure to implement school safety and violence prevention programs and/or curriculum that addresses risk-factors to reduce incidents of problem behaviors among students;

(6) failure to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance equipment, special emergency communication equipment, electronic locksets, deadbolts, and/or related technology;

(7) failure to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

(8) specifically and repeatedly failing to report or notify appropriate law enforcement agencies of the violent sexual incidents involving Defendant F.H., after it was known or reasonable suspected by Central Elementary administrators,

employees, and/or safety personnel that for a period at least four (4) months that Defendant had in fact committed repeated, violent, sexual assaults against at least three innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, thereby thwarting police notice and investigation;

(9) specifically and repeatedly failing to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School; and

(10) the specific failure to adequately protect the innocent students at Central Elementary School, including Plaintiff Junior Doe, from Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for at least over four (4) months that Defendant F.H. had committed violent, sexual assaults against innocent students in known, unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School…

which thereby rendered the Central Elementary School building unsafe for the activities for which it was intended and generally used, all of which enabled and was substantially certain to directly result in Defendant, F.H., systematically and continually conducting unfettered, violent sexual assaults upon innocents students without fear of significant punishment, discipline, removal, and/or isolation from the general school population, including the additional, brutal rape and aggravated indecent assault of Plaintiff, Junior Doe, that occurred on March 16, 2004 within the confines of unsecured, unmonitored, security-abandoned bathrooms at the Central Elementary School building, and for which sovereign immunity for Defendant Allentown School District will not lie pursuant to 42 Pa. C.S. § 8542(b)(3).

139.    As a direct and proximate consequence and result of the aforesaid deliberately indifferent and callous conduct of the Defendant in disregard of the health, safety, welfare, and Constitutional Rights of the Plaintiff, Junior Doe, and in direct violation of the aforesaid federal and state education laws and regulations, Plaintiff, Junior Doe, has suffered substantial physical

injuries, has suffered and will in the future suffer great mental anguish, shame, terror, embarrassment, humiliation, and physical pain, has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

140.    As a direct and proximate consequence and result of the injuries sustained by Plaintiff, Junior Doe, as a result of the aforesaid deliberately indifferent and callous conduct of the Defendant in disregard of the health, safety, welfare, and Constitutional Rights of then-six-year old Plaintiff, Junior Doe, and in direct violation of federal and state education laws and regulations, all Plaintiffs have been unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

141.    As a direct and proximate consequence and result of the injuries sustained by Plaintiff, Junior Doe, as a result of the aforesaid deliberately indifferent and callous conduct of the Defendant in disregard of the health, safety, welfare, and Constitutional Rights of then-six-year old Plaintiff, Junior Doe, and in direct violation of federal and state education laws and regulations, all Plaintiffs will continue, in the future, to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and suffer a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of their lives, all of which will be to their great, collective detriment and loss .

142.    As a direct and proximate consequence and result of the injuries sustained by Plaintiff, Junior Doe, as a result of the aforesaid deliberately indifferent and callous conduct of

the Defendant in disregard of the health, safety, welfare, and Constitutional Rights of then-six-year old Plaintiff, Junior Doe, and in direct violation of federal and state education laws and regulations, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

143.    As a direct and proximate consequence and result of the injuries sustained by Plaintiff, Junior Doe, as a result of the aforesaid deliberately indifferent and callous conduct of the Defendant in disregard of the health, safety, welfare, and Constitutional Rights of then-six-year old Plaintiff, Junior Doe, and in direct violation of federal and state education laws and regulations, all Plaintiffs will continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain into the future, all of which will be to their great, collective detriment and loss.

**WHEREFORE**, Plaintiffs, Junior Doe, John Doe, and Jane Doe, hereby demand judgment against the Defendant Allentown School District for:

(a)  compensatory damages in an amount to be proved at trial;

(b)  punitive damages, for the outlandish and outrageous conduct, acts, omissions, and deliberate indifference of the Defendant.

(c)  a declaratory judgment that the policies, practices, customs, acts, and omissions complained of herein are unconstitutional and illegal;

(d)  injunctive relief in the form of a Court Order requiring the Defendants to rectify the policies, practices, acts and omissions complained of herein;

(e)  reasonable attorney's fees and costs of suit; and

(f)  such other relief as this Court may deem proper and just.

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**JUNIOR DOE**
*Plaintiff*
v.
**EVA W. HADDON**
*in her individual capacity*
**BRADLEY CARTER**
*in his individual capacity*
**DR. KAREN S. ANGELLO**
*in her individual capacity*
**EVELYN W. ROSSI**
*in her individual capacity*
**KAREN BOARDMAN**
*in her individual capacity*
**DIANE M. HOLBEN**
*in her individual capacity*
**RITA D. PEREZ,**
*in her individual capacity*
**RALPH A. DAUBERT**
*in his individual capacity*
**RALPH S. TODD**
*in his individual capacity*
**DEBORAH HARTMAN**
*in her individual capacity*
**DR. LOURDES SANCHEZ**
*in her individual capacity*
**GERALD BROWN**
*in his individual capacity*
**AMY ENRIGHT**
*in her individual capacity*
**LORI FRIEBOLIN**
*in her individual capacity*
**KIM CECCATTI**
*in her individual capacity*
**CATHERINE BUCKS**
*in her individual capacity*
**JENNA HEILAND**
*in her individual capacity*
**PEG PERRY**
*in her individual capacity*
**KATHLEEN E. COUGHLIN**
*in her individual capacity,*
**F.H., a minor,**
**THOMAS DOES (1-5)**

*(fictitious names),*
*Defendants*

144.    The Plaintiffs repeat the allegations in paragraphs 1 through 143 of this Complaint as if set forth herein this Seventh Count.

145.    This Court has pendent and supplemental jurisdiction over this claim for relief of the Plaintiff pursuant to 28 U.S.C. § 1367.

146.    The aforesaid extreme, outrageous, intentional, and/or reckless conduct, acts, omissions, or deliberate indifference of the Defendants in the scope of their employment, or acting independently, was reasonably foreseeable and intentionally and/or recklessly calculated, designed, and intended by the Defendants to inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon the Plaintiffs and to instill in their minds an immediate and permanent sense of fear and trepidation, and said conduct, acts, omissions, or deliberate indifference surpassed all bounds of decency universally recognized in a civilized society.

147.    The aforesaid conduct, acts, omissions, or deliberate indifference were in violation of Plaintiff Junior Doe's Constitutional Rights guaranteed under the Fourteenth Amendment of the United State Constitution, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, as well as in direct violation of federal and state education laws and regulations, in particular the No Child Left Behind Act of 2001, 20 U.S.C. § 6301 *et. seq.,* and Pennsylvania's Safe Schools Act, 24 P.S. § 13-1301 *et seq.*, and in regards to Defendant, F.H., his actions were also in violation of the Pennsylvania Crimes Code.

148.    The conduct, acts, omissions, or deliberate indifference which are complained of herein were committed by the individual Defendants while said Defendants were acting as

Allentown School District administrators, officials, servants, workmen, agents, and/or employees, and consist of "*acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct*" for which immunity will not lie pursuant to 42 <u>Pa.</u> <u>C.S.</u> § 8550.

149.   As direct and proximate result of the aforesaid conduct, acts, omissions, or deliberate indifference of the Defendants, which constitute extremely outrageous conduct, the Plaintiff has suffered, is suffering, and will continue to suffer for an indefinite time into the future the following:

(a)    emotional, psychological, and physical distress, trauma, injury, and harm;

(b)    mental anguish;

(c)    psychic pain and suffering;

(d)    severe fright, horror, and grief;

(e)    shame, humiliation, and embarrassment;

(f)    severe anger, chagrin, disappointment, and worry;

(g)    the need to expend funds for medical care and treatment;

**WHEREFORE**, Plaintiff, Junior Doe, hereby demands judgment against the individual Defendants, jointly and severally, for:

(a)  compensatory damages in an amount to be proved at trial;

(b)  punitive damages, for the outlandish and outrageous conduct, acts, omissions, and deliberate indifference of one or more of the Defendants.

(c)  reasonable attorney's fees and costs of suit; and

(d)  such other relief as this Court may deem proper and just.

## COUNT VIII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**JUNIOR DOE**
*Plaintiff*
v.
**ALLENTOWN SCHOOL DISTRICT**
**LEHIGH VALLEY HOSPITAL, INC.**
**F.H., a minor,**
**ABC PUBLIC AGENCIES (1-5)**
*(fictitious public entities),*
*Defendants*

150.    The Plaintiffs repeat the allegations in paragraphs 1 through 149 of this Complaint as if set forth herein this Eighth Count.

151.    This Court has pendent and supplemental jurisdiction over this claim for relief of the Plaintiff pursuant to 28 U.S.C. § 1367.

152.    The above-named Defendants each owed a duty of care to Plaintiff regarding either his personal health, safety, and welfare, or to the care, custody, and control of the Central Elementary School building in which Plaintiff attended as a six-year old student, and the aforesaid extreme, outrageous, negligent, careless, wrongful, and reckless conduct, acts, omissions, or deliberate indifference of the above-named Defendants was: (a) negligent, careless, wrongful, and/or reckless; (b) created an unreasonable risk of foreseeable bodily harm or emotional disturbance to the Plaintiff and/or rendered the Central Elementary School building unsafe for the activities for which it was intended and generally used; (c) constituted a breach of the aforementioned duties owed to Plaintiff; and (d) directly and proximately caused physical impact and/or injury to the Plaintiff as well as continued, reoccurring emotional distress, psychological trauma, and psychic pain and suffering upon the Plaintiff and to instill in his mind an immediate and permanent sense of fear and trepidation.

153.     Because the injuries complained of herein were proximately caused by the aforesaid negligent conduct, acts, omissions, and/or deliberate indifference of Defendants Allentown School District, Lehigh Valley Hospital, Inc., and/or ABC Agencies, through its administrators, officials, servants, workmen, agents, employees, and/or independent contractors, with respect to either the personal health, safety, and welfare of Plaintiff, Junior Doe, or to the care, custody, and control of the Central Elementary School building, which has always been in the possession of Defendant Allentown School District, immunity will not lie for Defendants Allentown School District or ABC Agencies pursuant to 42 Pa. C.S. § 8542(b)(3).

154.     The aforesaid negligent conduct, acts, omissions, or deliberate indifference of the Defendants was in violation of Plaintiff Junior Doe's Constitutional Rights guaranteed under the Fourteenth Amendment of the United State Constitution, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, as well as in direct violation of federal and state education laws and regulations, in particular the No Child Left Behind Act of 2001, 20 U.S.C. § 6301 *et. seq.*, and Pennsylvania's Safe Schools Act, 24 P.S. § 13-1301 *et seq.*, and in regards to Defendant F.H.'s conduct, his actions were in violation of the Pennsylvania Crimes Code.

155.     As direct and proximate result and consequence of the aforesaid conduct, acts, omissions, or deliberate indifference of the above-named Defendants, which constitute extremely outrageous conduct, the Plaintiff has suffered, is suffering, and will continue to suffer for an indefinite time into the future the following:

(a)     emotional, psychological, and physical distress, trauma, injury, and harm;

(b)     mental anguish;

(c)     psychic pain and suffering;

(d)     severe fright, horror, and grief;

(e)     shame, humiliation, and embarrassment;

(f)     severe anger, chagrin, disappointment, and worry;

(g)     the need to expend funds for medical care and treatment;

**WHEREFORE**, Plaintiff, Junior Doe, hereby demands judgment against the above-named Defendants, jointly and severally, for:

(a)  compensatory damages in an amount to be proved at trial;

(b)  punitive damages, for the outlandish and outrageous conduct, acts, omissions, and deliberate indifference of one or more of the Defendants;

(c)  a declaratory judgment that the policies, practices, customs, acts, and omissions complained of herein are unconstitutional and illegal;

(d)  injunctive relief in the form of a Court Order requiring the Defendants to rectify the policies, practices, acts and omissions complained of herein;

(e)  reasonable attorney's fees and costs of suit; and

(f)  such other relief as this Court may deem proper and just.

## COUNT IX

## ASSAULT AND BATTERY

**JUNIOR DOE**
*Plaintiff*
v.
**F.H., a minor**
*Defendant*

156.    The Plaintiffs repeat the allegations in paragraphs 1 through 155 of this Complaint as if set forth herein this Ninth Count.

157.    This Court has pendent and supplemental jurisdiction over this claim for relief of the Plaintiff pursuant to 28 U.S.C. § 1367.

158.    As set forth in detail above, Defendant, F.H., a minor, who at all times material hereto was a twelve year-old male student at Central Elementary School, did, without justification, commit assault and battery by negligently, intentionally, and unlawfully engaging in offensive and harmful physical contact via his known modus operandi of forcibly entering occupied bathroom stalls, removing the pants of, and violently raping and indecently assaulting six year-old male Plaintiff, Junior Doe, about the buttocks, anus, and genital region in one of the unsecured, unmonitored, and security-abandoned bathroom areas at Central Elementary School on or about March 16, 2004.

159.    As aforementioned in this Complaint, at some later point in time during the year 2004, Defendant F.H. was formally arrested and subsequently adjudicated delinquent of rape, aggravated indecent assault, and indecent assault, for this March 16, 2004 attack of Plaintiff, Junior Doe, whereby the then-twelve year-old Defendant, F.H., was sentenced by a Lehigh County Family Court Judge to serve six-to-nine years in Harborcreek Youth Services Center, located in the County of Erie, City of Harborcreek, Pennsylvania.

160.    As a direct and proximate result of the aforesaid negligent, intentional, criminal and/or assaultive actions by the Defendant, F.H., Plaintiff, Junior Doe, has suffered substantial physical injuries, is suffering, and will in the future continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and physical pain; has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

161.    As a direct and proximate result of the aforesaid actions by the Defendant, F.H., Plaintiff, Junior Doe, has been, is still, and will continue in the future to be, unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiff's respective age, and has

suffered, is suffering, and will continue in the future to suffer, a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to his great detriment and loss.

WHEREFORE, Plaintiff, Junior Doe, hereby demands judgment against the Defendant, F.H., for:

(a)  compensatory damages in an amount to be proved at trial;

(b)  punitive damages, for the outlandish and outrageous conduct of the Defendant;

(c)  reasonable attorney's fees and costs of suit; and

(d)  such other relief as this Court may deem proper and just.

## COUNT X

## FALSE IMPRISONMENT

**JUNIOR DOE**
*Plaintiff*
v.
**F.H.,** *a minor*
*Defendant*

162.    The Plaintiffs repeat the allegations in paragraphs 1 through 161 of this Complaint as if set forth herein this Tenth Count.

163.    This Court has pendent jurisdiction over this claim for relief of Plaintiff pursuant to 28 U.S.C. § 1367.

164.    As detailed throughout this Complaint, Defendant, F.H., a minor, who at all times material hereto was a twelve year-old male student at Central Elementary School, did, without justification, commit false imprisonment during the course of negligently, intentionally, and unlawfully engaging in offensive and harmful physical contact by forcibly entering occupied bathroom stalls, physically restraining and/or blocking all reasonable means of escape, removing

the pants of, and violently raping and indecently assaulting six year-old male Plaintiff, Junior Doe, about the buttocks, anus, and genital region in one of the unsecured, unmonitored, and security-abandoned bathroom areas at Central Elementary School on or about March 16, 2004.

165.    The aforesaid conduct and actions of the Defendant, F.H., placed Plaintiff, Junior Doe, in fear of further assault and violence against him, placed and kept Plaintiff in custody by physical restraining and/or blocking all reasonable means of escape, and frightened Plaintiff with fear of future harm.

166.    As a direct and proximate consequence and result of the aforesaid actions by the Defendant, F.H., Plaintiff, Junior Doe, has suffered substantial physical injuries, is suffering, and will in the future continue to suffer great mental anguish, stress, anxiety, shame, terror, embarrassment, humiliation, and physical pain; has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to his usual and customary duties, activities, and avocations, all to his great detriment and loss.

167.    As a direct and proximate consequence and result of the aforesaid actions by the Defendant, F.H., Plaintiff, Junior Doe, has been, is still, and will continue in the future to be, unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiff's respective age, and has suffered, is suffering, and will continue in the future to suffer, a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to his great detriment and loss.

**WHEREFORE**, Plaintiff, Junior Doe, hereby demands judgment against the Defendant, F.H., for:

        (a)  compensatory damages in an amount to be proved at trial;

(b)  punitive damages, for the outlandish and outrageous conduct of the

Defendant;

(c)  reasonable attorney's fees and costs of suit; and

(d)  such other relief as this Court may deem proper and just.


**DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), the Plaintiffs hereby demand a trial by jury.


Respectfully submitted,
**WINEGAR, WILHELM,**
**GLYNN & ROEMERSMA**


BY:      __/S/_____
SCOTT M. WILHELM, ESQ., I.D. # 77195
305 Roseberry Street, P.O. Box 800
Phillipsburg, NJ 08865
(908) 454-3200, FAX: (908) 454-3322
wilhelms@verizon.net
Attorney for Plaintiffs


__/S/_____
BLAKE W. RUSH, ESQ., I.D. # 94498
305 Roseberry Street, P.O. Box 800
Phillipsburg, NJ 08865
(908) 454-3200, FAX: (908) 454-3322
blakerush@verizon.net
Attorney for Plaintiffs


DATED: May 5, 2006

## <u>VERIFICATION</u>

We, Scott M. Wilhelm, Esq. and Blake W. Rush, Esq., state that we are Attorneys for Plaintiffs in the within action and verify that the Complaint is legal in nature, that I am familiar with the facts contained therein and that the statements within are true and correct to the best of our knowledge, information and belief; and further state that as Attorneys for the Plaintiffs, we are best qualified to execute this verification to the foregoing Complaint.  We understand that any false statements herein are made subject to the penalties of 18 PA C.S. § 4904, relating to unsworn falsification to authorities.

/S/

_____
SCOTT M. WILHELM, ESQ.

/S/

_____
BLAKE W. RUSH, ESQ.

DATED:  May 5, 2006

108