Stevens & Johnson
By: Howard S. Stevens, Esquire
I.D. No. 42848
740 Hamilton Street
Allentown, PA 18101
(610) 439-1451

Attorney for Lehigh Valley Hospital,  Peg
Perry, more properly known as Margaret Parry,
and Kathleen Coughlin

| DOE, ET AL., | IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|
| Plaintiffs<br><br>vs. | |
| ALLENTOWN SCHOOL DISTRICT, ET AL. | NO. 06-CV-1926 |
| Defendants | TRIAL BY JURY OF 12 DEMANDED |

## ANSWER TO THE AMENDED COMPLAINT

AND NOW, Defendants, Lehigh Valley Hospital, Peg Perry, properly known as

Margaret Parry and Kathleen Coughlin, by and through their attorneys, Stevens & Johnson, file

the within Answer and aver as follows:

## I.  PARTIES

1.Denied.  Plaintiffs are identified only by pseudonym and have not yet disclosed their

identities to Defendants.

2.    Denied.

3.    Denied.

4.    Denied.  The averments herein are directed to a party other than Answering

Defendants.

5.    Admitted in part, denied in part.  It is admitted only that Defendant Lehigh Valley

Hospital, Inc., is a 501(c)(3) nonprofit hospital licensed in the Commonwealth of Pennsylvania,

with a principal place of business located at I-78 and Cedar Crest Boulevard, Allentown, PA

18103.  The remaining averments are legal conclusions to which no response is required.  To the

extent a response is required, the averments are denied.

     6.    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     7.    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     8.    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     9.    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     10.    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     11    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     12.    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     13.    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     14.    Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

     15.    Denied.  The averments herein are directed to a party other than Answering

2

Defendants.  In the event a response is required, the averments are denied.

16.    Denied.  The averments herein are directed to a party other than Answering Defendants.  In the event a response is required, the averments are denied.

17.    Denied.  The averments herein are directed to a party other than Answering Defendants.  In the event a response is required, the averments are denied.

18.    Denied.  The averments herein are directed to a party other than Answering Defendants.  In the event a response is required, the averments are denied.

19.    Denied.  The averments herein are directed to a party other than Answering Defendants.  In the event a response is required, the averments are denied.

20.    Denied.  The averments herein are directed to a party other than Answering Defendants.  In the event a response is required, the averments are denied.

21.    Denied.  The averments herein are directed to a party other than Answering Defendants.  In the event a response is required, the averments are denied.

22.    Denied.  The averments herein are directed to a party other than Answering Defendants.  In the event a response is required, the averments are denied.

23.    Admitted in part, denied in part.  It is admitted only that Defendant Peg Perry, more properly known as Margaret Parry[1],  was an employee of Lehigh Valley Hospital and was assigned to provide nursing services to the Central Elementary School nurse and her designee. The remaining averments are denied.

24.    Admitted in part, denied in part.  It is specifically denied that Kathleen Coughlin

_____

[1] Plaintiffs have misspelled this Defendant's name in the Amended Complaint and for the purpose of this pleading we will refer to her properly as Margaret Parry.

was responsible for the obligations set forth in this paragraph. It is admitted only that Defendant

Kathleen E. Coughlin, was an employee of Lehigh Valley Hospital and reported to a guidance

counselor employed by the Allentown School District.  By way of further answer, because she

was not a School District Employee, she was not privy to information regarding students without

a parental consent form..  The remaining averments are denied.

      25.     Denied.  The averments herein are directed to a party other than Answering

Defendants.  In the event a response is required, the averments are denied.

      26.     Denied.


## II.   JURISDICTION AND VENUE

      27.     Jurisdiction is not disputed at this time, although the facts will be defended in that

there have been no violations.

      28.     Venue is not disputed.


## III.   FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

      29.     Denied.  Defendants are without knowledge or information sufficient to form a

belief as to the truth of this averment.  By way of further answer, the averments herein are legal

conclusions to which no response is required.

      30.     Denied.  It is specifically denied that Answering Defendants, acted under color of

state law, individually, jointly, severally, conspiratorially and/or in concert with the other named

Defendants or that their acts constituted anything other than the provision of school nursing

services.

31.     Denied.  The Pennsylvania Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301, et seq., and any amendments thereto, speaks for itself.   Defendants deny Plaintiffs' characterization of the Act.  To the extent a response is required, the averments are denied.

32.     Denied.  The Pennsylvania Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301, et seq., and any amendments thereto, speaks for itself.   Defendants deny Plaintiffs' characterization of the Act.  To the extent a response is required, the averments are denied.

33.     Denied.  The Pennsylvania Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301, et seq., and any amendments thereto, speaks for itself.   Defendants deny Plaintiffs' characterization of the Act.  To the extent a response is required, the averments are denied.

34.     Denied.  The Pennsylvania Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301, et seq., and any amendments thereto, speaks for itself.   Defendants deny Plaintiffs' characterization of the Act.  To the extent a response is required, the averments are denied.

35.     Denied.  The Pennsylvania Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301, et seq., and any amendments thereto, speaks for itself.   Defendants deny Plaintiffs' characterization of the Act.  To the extent a response is required, the averments are denied.

36.     Denied.  The Pennsylvania Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301, et seq., and any amendments thereto, speaks for itself.   Defendants deny Plaintiffs' characterization of the Act.  To the extent a response is required, the averments are denied.

37.  Denied.  The Pennsylvania Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301, et seq., and any amendments thereto, speaks for itself.   Defendants deny Plaintiffs' characterization of the Act.  To the extent a response is required, the averments are denied.

38.     Denied.  The Pennsylvania Safe Schools Act, Act 26 of 1995, 24 P.S. § 13-1301, et

seq., and any amendments thereto, speaks for itself.   Defendants deny Plaintiffs' characterization of the Act.  To the extent a response is required, the averments are denied.

39.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.  To the extent a response is required, the averments are denied.

40.     Denied.  By way of further answer, it is specifically denied that any alleged incident was reported to Lehigh Valley Hospital, Margaret Parry or Kathleen Coughlin, or that they were made aware in any manner whatsoever of any violent, sexual or indecent assault taking place at Central Elementary School or that they in any way or any manner whatsoever permitted F.H. to remain within the general student population with said knowledge.  After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein, therefore, the same are denied, and strict proof thereof is demanded at the time of trial.

41.     Denied.  By way of further answer, it is specifically denied that any alleged incident was reported to Lehigh Valley Hospital, Margaret Parry or Kathleen Coughlin, or that they were made aware in any manner whatsoever of any violent, sexual or indecent assault taking place at Central Elementary School or that they in any way or any manner whatsoever permitted F.H. to remain within the general student population with said knowledge.  After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein, therefore, the same are denied, and strict proof thereof is demanded at the time of trial.

42.     Denied.  It is specifically denied that Lehigh Valley Hospital, through its

6

administrators, officials, servants, workmen, agents, independent contractors or employees was aware of and/or permitted continued unfeathered, violent and sexual attacks at Central Elementary School. The averments herein contain legal conclusion to which no response is required. By way of further answer, it is specifically denied that any alleged incident was reported to Lehigh Valley Hospital, Margaret Parry or Kathleen Coughlin, or that they were made aware in any manner whatsoever of any violent, sexual or indecent assault taking place at Central Elementary School or that they in any way or any manner whatsoever permitted F.H. to remain within the general student population with said knowledge. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein, therefore, the same are denied, and strict proof thereof is demanded at the time of trial.

43.    Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein and strict proof is demanded at the time of trial.

44.    Admitted in part and denied in part. It is admitted only that Margaret Parry and Kathleen Coughlin, were  employees of Lehigh Valley Hospital. It is specifically denied that Answering Defendants were responsible for the allegations set forth in this paragraph. By way of further answer, because they were not School District employees, they were not privy to information regarding students without parental consent forms. Defendants deny Plaintiffs' characterization of these events. To the extent the averments herein are conclusions of law, they are denied.

45.    Denied. The averments herein are addressed to parties other than Answering Defendants.

7

46.     Denied.  It is specifically denied that Answering Defendants, knew or reasonably suspected that Defendant F.H. had ever assaulted or planned to assault, in any manner whatsoever, any students at Central Elementary School.

47.     Denied.  It is specifically denied that Answering Defendants  knew or reasonably suspected that Defendant F.H. had ever assaulted or planned to assault, in any manner whatsoever, any students at Central Elementary School.

48.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

49.     Denied.  It is specifically denied that at any time whatsoever Answering Defendants were advised or made aware of any violent, sexual and/or indecent assault of Nicholas Coe.  Defendants are without knowledge or information to form a belief as to the truth of the averments and strict proof thereof is demanded at time of trial.

50.     Denied.  It is specifically denied that at any time whatsoever Answering Defendants were advised or made aware of any violent, sexual and/or indecent assault of Nicholas Coe.  Defendants are without knowledge or information to form a belief as to the truth of the averments and strict proof thereof is demanded at time of trial.

51.     Denied.  The averments herein are addressed to a party other than Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein and strict proof is demanded at the time of trial.

52.     Denied.  It is specifically denied that Answering Defendants were advised or notified of any assault upon Junior Roe.  After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the

averments contained herein, therefore, the same are denied, and strict proof thereof is demanded at the time of trial.

53.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein to the extent the averments are addressed to Answering Defendants, they are denied,  and strict proof is demanded at the time of trial.

54.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein to the extent the averments are addressed to Answering Defendants, they are denied,  and strict proof is demanded at the time of trial.

55.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein to the extent the averments are addressed to Answering Defendants, they are denied,  and strict proof is demanded at the time of trial.

56.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.  By way of further answer, it is not averred herein that Answering Defendants were made aware of this incident at this time.

57.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.  By way of further answer, it is not averred herein that Defendant Peg Perry was made aware of this incident at this time.

58.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments herein.  By way of further answer, it is not averred that Answering Defendants were made aware of this incident at this time.  Without knowing the identity of Junior Doe, Answering Defendants are unable to admit or deny that he was transported to Lehigh Valley Hospital.

59.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments herein as such information is sealed by the Court. Strict proof thereof is demanded at the time of trial.

60.     Denied.  The averments herein are legal conclusions to which no response is required.  The averments are denied.

61.     Denied.  The averments herein are legal conclusions to which no response is required.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments herein and strict proof is demanded at the time of trial.  By way of further answer, Answering Defendants deny being the direct, proximate or legal cause of any damages.

62.     Denied.  The averments herein are legal conclusions to which no response is required.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments herein and strict proof is demanded at the time of trial.  By way of further answer, Answering Defendants deny being the direct, proximate or legal cause of any damages.

63.     Denied.  The averments herein are legal conclusions to which no response is required.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments herein and strict proof is demanded at the time of trial.  By way of further answer, Answering Defendants deny being the direct, proximate or legal cause of any damages.

64.     Denied.  The averments herein are legal conclusions to which no response is required.  Answering Defendant is without knowledge or information sufficient to form a belief

10

as to the truth of the averments herein and strict proof is demanded at the time of trial.  By way

of further answer, Answering Defendants deny being the direct, proximate or legal cause of any

damages.

65.     Denied.   The averments herein are legal conclusions to which no response is

required.  Answering Defendant is without knowledge or information sufficient to form a belief

as to the truth of the averments herein and strict proof is demanded at the time of trial.  By way

of further answer, Answering Defendants deny being the direct, proximate or legal cause of any

damages.

66.     Denied.   The averments herein are legal conclusions to which no response is

required.  Answering Defendant is without knowledge or information sufficient to form a belief

as to the truth of the averments herein and strict proof is demanded at the time of trial.  By way

of further answer, Answering Defendants deny being the direct, proximate or legal cause of any

damages.

## CLAIMS FOR RELIEF - COUNT I
## VIOLATION OF CONSTITUTIONAL RIGHT TO BODILY INTEGRITY

67.     Defendants incorporate by reference the responses to Paragraphs 1 through 66 as

though fully set forth at length herein.

68.     Denied.  Defendants, Margaret Parry and Kathleen E. Coughlin were not acting

under color of the law.

69.     Denied.  Answering Defendants, Lehigh Valley Hospital, Peg Perry and Kathleen

Coughlin, did not act maliciously or in bad faith or with deliberate indifference or callous

disregard to any of the Plaintiffs at any time whatsoever.  Answering Defendants were not

11

notified of or aware of any wrongdoings on the part of F.H.

      Sub Paragraphs (a) - (x) are specifically denied as legal conclusions.  It is further denied that the Answering Defendants acted under color of state law.

    (a)     Denied.  Answering Defendants were not aware or notified of any assaults perpetrated by Defendant F.H. at Central Elementary School between December, 2003 and March 16, 2004;

    (b)     Denied.  Answering Defendants were not aware or notified of any assaults perpetrated by Defendant F.H. at Central Elementary School between December, 2003 and March 16, 2004;

    (c)     Denied.  Answering Defendants were not aware or notified of any assaults perpetrated by Defendant F.H. at Central Elementary School between December, 2003 and March 16, 2004;

    (d)     Denied.  Answering Defendants were not aware or notified of any assaults perpetrated by Defendant F.H. at Central Elementary School between December, 2003 and March 16, 2004;

    (e)     Denied.  Answering Defendants were not aware of or notified of any incidents of sexual assault and therefore could not avail or fail to notify, apprise or report the alleged assaults to the police or any other appropriate agency;

    (f)     Denied.  Answering Defendants were not aware of or notified of the alleged assaults and therefore had no opportunity to summon emergency medical services or provide reasonably appropriate and necessary medical treatment or document the alleged assaults (any injuries);

(g)     Denied.  Answering Defendants were not aware of or notified of any incidents of
        violence or weapons allegedly possessed by individuals within Central
        Elementary School and therefore could not notify the police department or any
        other appropriate agency;

(h)     Denied.  Answering Defendants neither intentionally nor recklessly allowed or
        fostered an environment of unabated violence at Central Elementary School or
        any other school within the Allentown School District;

(i)     Denied . Answering Defendants did not know or become reasonably aware of
        alleged repeated assaults by F.H. and specifically deny harboring any student
        criminal activity and violence.  By way of further answer, the authority to isolate
        or remove students from the general population lies with the Allentown School
        District;

(j)     Denied.  Answering Defendants had no knowledge of Defendant F.H. posing a
        danger to other students.  See answer to 69(i);

(k)     Denied.  Answering Defendants had no knowledge of the activities of Defendant
        F.H. and therefore had no opportunity to memorialize and/or document any
        alleged acts of violence and at no time engaged in any effort to conceal or veil
        any alleged violence at Central Elementary School or any other problematic
        schools within the Allentown School District;

(l)     Denied.  Answering Defendants had no knowledge of the activities of Defendant
        F.H. nor did they conspire to veil any acts of violence;

(m)    Denied.  Answering Defendants had no knowledge of any alleged violence,

13

sexual and indecent assaults upon Plaintiffs, Donald Noe, Junior Roe and Junior Doe and therefore no opportunity to notify the City of Allentown Police Department, or other appropriate authorities;

(n)     Denied.  Answering Defendants had no knowledge of the alleged assaults by Defendant F.H. and therefore no opportunity to document any alleged injuries or assaults;

(o)     Denied.  Answering Defendants have no knowledge of reports and/or warnings of continued violence and sexual assaults by Defendant F.H., did not foster or create a climate that permitted any alleged violence, sexual and/or indecent assaults;

(p)     Denied.  Answering Defendants had no knowledge of the acts of Defendant F.H. and accordingly, did not cover up any alleged repeated acts or foster a criminally school environment;

(q)     Denied . At no time did the students who were allegedly attacked present to the Answering Defendants for any medical care at Central Elementary School;

(r)     Denied.  Answering Defendants were not aware of or notified of any alleged sexual assaults by Defendant F.H. and never conspired to veil, trivialize, completely ignore, or withhold from public scrutiny the information with deliberate indifference to the safety and well-being of the students at Central Elementary School.  By way of further answer, privacy restrictions precluded Answering Defendants from being notified of the allegations;

(s)     Denied.  Answering Defendants were unaware of and not notified of any alleged assaults perpetrated by Defendant F.H.  By way of further response, enforcement

14

of disciplinary procedures are outside the scope of services provided by
Answering Defendants;

(t)     Denied . Answering Defendants were not aware of grave security and safety
problems at Central Elementary School.  Averments (1) through (10) are
specifically denied.  To the extent they constitute legal conclusions and no
response is required.

(u)     Denied.  Answering Defendants were not aware of or notified of any alleged
misconduct of Defendant F.H. until after March 16, 2004;

(v)      Denied.  These averments are directed to parties other than Answering
Defendants.

(w)     Denied.  These averments are directed to parties other than Answering
Defendants.

(x)     Denied.  Answering Defendants had no knowledge of the alleged misconduct of
Defendant F.H. until after March 16, 2004.

70.     Denied.  The averments herein are legal conclusions to which no response is
required.  To the extent a response is required, the averments are denied.

71.   Denied.  The averments herein are legal conclusions to which no response is
required.  To the extent a response is required, the averments are denied.

72.  Denied.  The averments herein are legal conclusions to which no response is
required.  To the extent a response is required, the averments are denied.

73.  Denied.  The averments herein are legal conclusions to which no response is
required.  To the extent a response is required, the averments are denied.

15

74.  Denied.  The averments herein are legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

75.  Denied.  The averments herein are legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

76.  Denied.  The averments herein are legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

77.  Denied.  The averments herein are legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

WHEREFORE, Answering Defendants, Lehigh Valley Hospital, Margaret Parry, Kathleen Coughlin, demand that the Amended Complaint of Plaintiff be dismissed and that judgment be entered in their favor, with prejudice.

**COUNT II - DISMISSED**

78.  Answering Defendants incorporate by reference their answer to paragraphs 1 through 77, inclusive, as fully as though the same were set forth herein at length.

79. - 99.  By Order of September 24, 2007, of the Honorable Thomas M. Golden, Count II of Plaintiffs' Complaint was dismissed.  Accordingly, no response is required.

**COUNT III - DISMISSED**

100.  Answering Defendants incorporate by reference their answer to paragraphs 1 through 99 as though the same were set forth herein at length.

101 - 118.  By Order of September 24, 2007, of the Honorable Thomas M. Golden, Count III of Plaintiffs' Complaint was dismissed.  Accordingly, no response is required.

### COUNT IV - DISMISSED

119.  Answering Defendants incorporate by reference their answer to paragraphs 1 through 118 as though the same were set forth herein at length.

120. - 138.  By Order of September 24, 2007, of the Honorable Thomas M. Golden, Count IV of Plaintiffs' Complaint was dismissed.  Accordingly, no response is required.

### COUNT V - DISMISSED

139.  Answering Defendants incorporate by reference their answer to paragraphs 1 through 138 as though the same were set forth herein at length.

140. - 152.  By Order of September 24, 2007, of the Honorable Thomas M. Golden, Count V of Plaintiffs' Complaint was dismissed.  Accordingly, no response is required.

### COUNT VI - DISMISSED

153.  Answering Defendants incorporate by reference their answer to paragraphs 1 through 152 as though the same were set forth herein at length.

154 - 161.  By Order of September 24, 2007, of the Honorable Thomas M. Golden, Count VI of Plaintiffs' Complaint was dismissed.  Accordingly, no response is required.

### COUNT VII - DISMISSED

162.  Answering Defendants incorporate by reference their answer to paragraphs 1 through 161 as though the same were set forth herein at length.

163 - 175.  By Order of September 24, 2007, of the Honorable Thomas M. Golden, Count VII of Plaintiffs' Complaint was dismissed.  Accordingly, no response is required.

### COUNT VIII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

176.    Answering Defendants hereby incorporate by reference thereto answers to

Paragraphs 1 - 175 as though the same were fully set forth herein at length.

177.    Jurisdiction is not disputed at this time, although the facts will be defended in that there have been no violations.

178.    Denied.  It is specifically denied that Answering Defendants acted in (a) negligent, careless, wrongful and/or reckless manner with regard to the personal health, safety and welfare to the students at Central Elementary School; (b)  created an unreasonable risk of foreseeable bodily harm or emotional disturbance; (c) breached any duties owed to Plaintiffs; directly or proximately caused physical impact or injury to the Plaintiffs.  Any alleged injuries were the result of the activities of Defendant F.H. or a party or parties over whom Answering Defendants have no authority or control.  Strict proof to the contrary is demanded at the time of trial.

179.    Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required. It is specifically denied that any conduct or actions by Answering Defendants caused any injuries.

180.    Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required. Strict proof of damages is demanded at trial.

181.    Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required.

182.    Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required. Strict proof of damages is demanded at trial.

183.    Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required. Strict proof of damages is demanded at trial.

18

184.   Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required. Strict proof of damages is demanded at trial.

185.   Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required.   Strict proof of damages is demanded at trial.

186.   Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required. Strict proof of damages is demanded at trial.

187.   Denied.  The averments herein contained constitute conclusions of law to which no response or pleading is required. Strict proof of damages is demanded at trial.

WHEREFORE, Answering Defendants, Lehigh Valley Hospital, Margaret Parry and Kathleen Coughlin demand that the Amended Complaint of Plaintiffs be dismissed with prejudice and that judgment be entered in their favor.

## COUNT IX

188. through 197.  The averments herein are directed to a party other than Answering Defendants.

## COUNT X - FALSE IMPRISONMENT

198. through 207.  The averments herein are directed to a party other than Answering Defendants.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Compliant fails to state a cause of action pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Amended Compliant fails to state a cause of action for punitive damages against Lehigh Valley Hospital, Margaret Parry or Kathleen Coughlin.

## THIRD AFFIRMATIVE DEFENSE

Any alleged wrongdoing or injuries were caused by a party or parties over whom Answering Defendants have no authority or control.

## FOURTH AFFIRMATIVE DEFENSE

No action or inaction of Answering Defendants caused Plaintiffs harm at any time.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Answering Defendants were private parties and not acting under color of state law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to set forth the elements of a state created danger.

WHEREFORE, Defendants, Lehigh Valley Hospital, Margaret Parry and Kathleen Coughlin, respectfully request judgment in their favor and against the Plaintiffs.

Respectfully Submitted,

STEVENS & JOHNSON

By: _____
Kathryn A. Williams, Esquire
I.D. 51485

VERIFICATION

I, Kathryn A. Williams, Esquire, attorney for Defendants in the within action, verify that the statements made in the foregoing Answer to Complaint are true and correct to the best of my information and belief.  I understand that any false statements therein are made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
Kathryn A. Williams, Esquire

Dated: _October 8, 2007_____

21