IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNIOR DOE, et al. | : |
| Plaintiffs | : CIVIL ACTION |
| vs. | : |
| | : NO. 06-CV-1926 |
| ALLENTOWN SCHOOL DISTRICT, et al. | : |
| Defendants | : |

GOLDEN, J.                                                                                          SEPTEMBER 23, 2008

**MEMORANDUM OPINION & ORDER**

The matter before the Court is Plaintiffs' Motion for Reconsideration (Docket No. 81) of this Court's September 21, 2007 Memorandum Opinion and Order (Docket No. 79) dismissing with prejudice Plaintiffs' equal protection claims in Counts II, III, and IV of the Amended Complaint. These claims allege that Defendants discriminated against Plaintiffs on the basis of age, socio-economic status, and race by denying Plaintiffs the protective services and policies that Defendants provided other Allentown School District students. (Amd. Compl. at ¶¶ 78-138).[1] Plaintiffs specifically ask the Court, pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule of Civil Procedure 7.1(g), to grant Plaintiffs one of the following forms of relief: (1) reinstatement of Counts II, III, and IV; (2) dismissal of Counts II, III, and IV without prejudice while granting Plaintiffs leave to further amend the Amended Complaint; or (3) dismissal of

---

[1] Count II specifically alleges that Defendants violated Plaintiffs' constitutional right to equal protection by discriminating against them based on their age. Count III alleges that Defendants violated Plaintiffs' constitutional right to equal protection by discriminating against them based on their socio-economic status. Count IV alleges that Defendants violated Plaintiffs' constitutional right to equal protection by discriminating against them based on their race.

Counts II, III, and IV without prejudice to permit discovery with respect to the alleged equal protection violations and permit amendment after discovery is completed. (Plaintiffs' Br. at 2).

The Court has carefully considered the written submissions of the parties. For the reasons stated below, the Court denies Plaintiffs' Motion for Reconsideration.

## STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [entered judgment]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A party seeking to establish that a clear error was made must "persuade [the Court] not only that [the Court's] prior decision was wrong, but that it was clearly wrong and that adherence to that decision would create manifest injustice." In re City of Philadelphia Litig., 158 F.3d 711, 720-21 (3d Cir. 1998). Plaintiffs do not invoke the first two grounds, but rather contend that the Court's Order dismissing Plaintiffs' equal protection claims should be altered out of a need to prevent "clear errors of law and fact and to prevent a manifest injustice." (Plaintiffs' Br. at 6).

As a general matter, because of the interest in finality, "courts should grant motions for reconsideration sparingly." Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). A motion for reconsideration "addresses only factual and legal matters that the court may have overlooked . . . . It is improper on a motion for reconsideration to 'ask the Court to

rethink what [it] had already thought through—rightly or wrongly.'" Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quoting Ciba-Geigy Corp. v. Alza Corp., No. 91-5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993)).  A motion for reconsideration is improper when it is used to relitigate matters already argued and disposed of or to present previously available evidence or new arguments.  Blunt v. Lower Merion Sch. Dist., 559 F. Supp. 2d 548, 574 (E.D. Pa. 2008).

## SEPTEMBER 21, 2007 ORDER

In its September 21, 2007 Order, the Court concluded that Plaintiffs had only pled facts alleging disparate impact—namely, that Defendants failed to institute protective services and policies benefitting Plaintiffs, while simultaneously instituting such protective services and policies for older, wealthier, and non-minority students—without pleading facts supporting that such disparities were the result of intentional or purposeful discrimination.  Doe v. Allentown Sch. Dist., No. 06-1926, 2007 WL 2814587, at *7 (E.D. Pa. Sept. 21, 2007).  The Court rejected Plaintiffs' assertion that intentional discrimination was properly pled, noting that Plaintiffs' claims that Defendants "intentionally classified [Plaintiffs] for differential treatment" amounted to "mere legal conclusions."  Id. at *6.  Accordingly, following the U.S. Supreme Court's clear command that a plaintiff must allege intentional or purposeful discrimination by the defendant to assert a valid claim under the Equal Protection Clause, the Court dismissed with prejudice Plaintiffs' equal protection claims.  Id. at *7, 11; see Washington v. Davis, 426 U.S. 229, 239 (1976) ("[O]ur cases have not embraced the proposition that a law or other official act, without regard to whether it reflects a racially discriminatory purpose, is unconstitutional *solely* because it has a racially disproportionate impact.") (emphasis in original); Hernandez v. New York, 500

3

U.S. 352, 372-73 (1991) ("An unwavering line of cases from this Court holds that a violation of the Equal Protection Clause requires state action motivated by discriminatory intent; the disproportionate effects of state action are not sufficient to establish such a violation.") (O'Connor, J., concurring).

## DISCUSSION

**A.     Plaintiffs' Request for Reinstatement of Counts II, III, and IV.**

Plaintiffs argue in their Motion for Reconsideration that Counts II, III, and IV should be reinstated because the Court "misunderstood the allegations set forth in the Amended Complaint . . . and erroneously disregarded the relevance of certain facts" which "support the conclusion or reasonable inference that the discriminatory treatment in question was intentional." (Plaintiffs' Br. at 6-7). In particular, Plaintiffs contend that the Court overlooked several examples from their Amended Complaint of how Plaintiffs were treated differently from other students which support the reasonable inference that the discriminatory treatment was intentional. Id. at 7.

First, this argument constitutes an attempt to relitigate matters already argued and disposed of—specifically, whether the allegations in Counts II, III, and IV allow the Court to reasonably infer the existence of intentional discrimination. Indeed, in consideration of Defendants' Motions to Dismiss Plaintiffs' equal protection claims (Docket Nos. 17 and 18), the Court carefully considered all factual allegations in the Amended Complaint, all legal arguments presented by the parties, and all remedies available to cure Plaintiffs' deficiently-pled equal

protection counts.[2]

Second, the Court in its September 21, 2007 Order did not overlook any of Plaintiffs' cited examples and, rather, carefully determined whether each factual allegation in the Amended Complaint created a reasonable inference of intentional discrimination. The Court correctly concluded that these cited examples did not create such an inference, but were possible evidence of "disparities [that] may be the product of bad policy or basic unfairness." Doe, 2007 WL 2814587, at *7. As the Court accurately noted, Plaintiffs' effort to plead intentional discrimination through the sole use of this disparate impact evidence amounts to a legal conclusion that is insufficient to state an equal protection cause of action. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."). Simply stated, Plaintiffs cannot bootstrap their way into an equal protection claim by only showing evidence of disparate impact. See Stehney v. Perry, 101 F.3d 925, 937-38 (3d Cir. 1996) (affirming district court's dismissal of equal protection count where plaintiff did not properly allege discriminatory intent); see also Clarke v. Eisenhower, 199 F. App'x 174, 175 (3d Cir. 2006) (per curiam) (affirming dismissal of plaintiff's § 1981(a) and § 1985(3) claims where plaintiff did not allege any facts that allowed the court to infer intentional discrimination or the existence of racial or otherwise class-based animus); Limehouse v. Delaware, 144 F. App'x 921, 923 (3d Cir. 2005)

---

[2] Plaintiffs filed an opposition to Defendants' Motions to Dismiss on October 7, 2006 (Docket No. 28). A reply brief was filed by Allentown School District on November 13, 2006 (Docket No. 40), and Plaintiffs filed a sur-reply brief on November 20, 2006 (Docket No. 43). Oral argument was held on January 18, 2007 (Docket No. 67). Additionally, Plaintiffs filed a Supplemental Memorandum on January 25, 2007 (Docket No. 65), and Defendant Allentown School District filed an opposition to this Supplemental Memorandum on February 2, 2007 (Docket No. 66).

(affirming dismissal of § 1985(2) and (3) claims because there was "no evidence sufficient to raise an inference of a race-based motive for the defendants' actions"); Evans v. Chichester Sch. Dist., 533 F. Supp. 2d 523, 536 (E.D. Pa. 2008) (dismissing with prejudice plaintiff's § 1985(3) equal protection claim because plaintiff's "conclusion [that] the defendants acted 'on account of her race' does not sufficiently allege invidiously discriminatory animus"). Accordingly, the Court's decision to dismiss Counts II, III, and IV did not constitute a manifest injustice.

**B.    Plaintiffs' Request that the Court Grant Plaintiffs Leave to Amend the Amended Complaint.**

Alternatively, Plaintiffs request that the Court dismiss Counts II, III, and IV without prejudice and grant Plaintiffs leave to further amend their Amended Complaint to cure their defective equal protection allegations. (Plaintiffs' Br. at 2). "A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party. Moreover, the court may deny a request if the movant fails to provide a draft amended complaint . . . ." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001) (citations omitted). Plaintiffs have had ample opportunity to amend their Complaint, and already did so over three months after this litigation commenced. See id. at 273 ("Delay may become undue when a movant has had previous opportunities to amend a complaint.").[3] Furthermore, Plaintiffs never proposed a draft Second Amended Complaint including additional equal protection allegations. Instead, Plaintiffs made the strategic decision to stand on their Complaint while Defendants' Motions to Dismiss were pending. See Begala v.

---

[3] In one sentence on the last page of Plaintiffs' Opposition to Defendants' Motions to Dismiss, Plaintiffs blanketly asked that they be granted leave to file a Second Amended Complaint as an alternative to the Court granting Defendants' Motions to Dismiss. (Plaintiffs' Bf. in Opposition to Defendants' Mots. to Dismiss at 81) (Docket No. 28).

PNC Bank, 214 F.3d 776, 784 (6th Cir. 2000) (quoting approvingly of lower court's conclusion that "[a]n open request for the Court to permit amendment to cure deficiencies, once the Court identifies those deficiencies, will not defeat a meritorious motion to dismiss pursuant to Rule 12(b)(6)").

Once again, Plaintiffs have not stated any facts at any stage of this litigation, aside from legal conclusions, alleging intentional discrimination on the part of Defendants, nor have they alleged any facts showing that Defendants "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." See Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979). Given this delay and Plaintiffs' failure to provide a draft Second Amended Complaint containing additional equal protection allegations, the Court's decision to dismiss Counts II, III, and IV without giving Plaintiffs an opportunity to amend the Amended Complaint did not create a manifest injustice.[4]

**C.    Plaintiffs' Request That the Court Permit Discovery With Respect to Counts II, III, and IV, and Permit Amendment After Discovery is Completed.**

In its Motion for Reconsideration, Plaintiffs also assert that the Court erred because, given that discovery has not been conducted, "the Court cannot be convinced that Plaintiffs will not be able to prove *any* set of facts which would entitle them to relief under these discrimination claims brought pursuant to [the] Equal Protection Clause of the Fourteenth Amendment." (Plaintiffs' Br. at 5-6) (emphasis in original). Plaintiffs then recommend as a form of relief that the Court dismiss Counts II, III, and IV without prejudice while permitting both discovery and

---

[4] At oral argument, Plaintiffs' then-counsel candidly stated that Plaintiffs "have a little bit of difficulty with" the equal protection allegations asserted in the Amended Complaint. Transcript of Jan. 18, 2007 Oral Argument at 45.

7

the amendment of the Amended Complaint after discovery is completed. Id. at 2.

Contrary to Plaintiffs' assertions, where a plaintiff has failed to meet his burden to plead sufficient facts alleging intentional discrimination, a district court does not create a manifest injustice by dismissing the claims and declining costly discovery. The mere prospect of finding some evidence during discovery to support these equal protection claims is insufficient to satisfy Plaintiffs' burden to plead facts which would entitle them to relief. See Miller v. Caldera, 138 F. Supp. 2d 10, 12 n.1 (D.D.C. 2001) (stating that a decision on whether to delay judgment on the merits of a motion to dismiss and order discovery is committed to the sound discretion of the district court judge); see also Cureton, 252 F.3d at 273 (stating that an opposing party may be unduly prejudiced if amendment would result in additional discovery).

For the above-stated reasons, Plaintiffs' Motion for Reconsideration has not shown that the Court's September 21, 2007 Order erred factually or legally, nor has Plaintiffs' Motion demonstrated that the Order created a manifest injustice.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUNIOR DOE, et al. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-CV-1926 |
| ALLENTOWN SCHOOL DISTRICT, et al. | : | |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 23rd day of September 2008, after consideration of Plaintiffs' Motion for Reconsideration (Docket No. 81) and Defendants' responses thereto, it is hereby ORDERED that Plaintiffs' Motion is DENIED.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.