**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUNIOR DOE, ET AL. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO. 06-1926 |
| ALLENTOWN SCHOOL DISTRICT, ET AL | : | |
| Defendants | : | |

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

December 2, 2008

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

Presently pending before me in this civil rights action is a motion by Defendant F.H. for a protective order pursuant to Fed. R. Civ. P. 26(c).[1] F.H. is a minor who allegedly sexually assaulted the minor Plaintiffs inside Allentown Central Elementary School ("CES"). The motion seeks to preclude Plaintiffs' counsel from disclosing the contents of F.H.'s records received pursuant to a subpoena issued to the Lehigh County Office of Child and Youth Services ("OCYS"), and prohibiting discovery by any party into the subject matters referred to in the OCYS records. The motion also seeks to bar Plaintiffs from receiving material responsive to another subpoena issued to the Lehigh County Court of Common Pleas for F.H.'s

[1] By Order of September 25, 2008, the Honorable Thomas M. Golden referred all discovery and pre-trial motions in this case to me.

juvenile court records. For the reasons that follow, I deny the motion for a protective order.

Preliminarily, it is undisputed that Plaintiffs obtained the OCYS documents that are the subject of this motion by circumventing the rules governing discovery in civil actions. At oral argument, it was conceded by all parties that, after the Complaint in this action was filed and served, and without conferring with or notifying any of the other attorneys representing the defendants as required by Fed. R. Civ. P. 26(f), an associate attorney, then employed with the law firm that formerly represented the Plaintiffs, and who is now employed by Plaintiffs' current law firm, issued a subpoena to the Lehigh County Juvenile Court requesting copies of F.H.'s court file.[2] Rather than send the documents to the law firm, Common Pleas Court Judge William E. Ford sent the records to Judge Golden.[3] Plaintiffs' counsel thereafter sent Judge Golden a letter again seeking copies of the documents. Judge Golden appointed Marc S. Fisher, Esquire, as counsel for Defendant F.H., who was up to that time unrepresented, and sent Fisher a copy of the court documents so that he could litigate any interest F.H. had in

[2]Pursuant to Fed. R. Civ. P. 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

[3]Following oral argument, Judge Golden forwarded the Juvenile Court documents to me for purposes of determining the pending motion.

keeping the documents from being disclosed. Several days later, the same associate issued a second subpoena, this time to OCYS, to get all records pertaining to F.H. from 1992 forward. That subpoena was also issued in violation of the meet and confer requirements contained in the discovery rules. OCYS responded to the subpoena by sending a redacted set of the documents to Plaintiffs' counsel.

Thus, Plaintiffs have in their possession redacted OCYS documents that have not been presented to the Allentown School District defendants or to the Lehigh Valley Hospital defendants. F.H. seeks to prevent further disclosure of the OCYS documents to anyone, direct Plaintiffs to disclose the identities of all persons with whom they have shared the documents, bar any party from conducting discovery or inquiring into the OCYS documents, and direct that all parties and counsel be prohibited from disclosing the identity of F.H. F.H. also seeks to preclude any party from accessing the Juvenile Court records which, though subpoenaed, Plaintiffs have not actually seen.

**II. LEGAL STANDARD.**

I note, initially, that F.H. has made no claim of privilege under Fed. R. Civ. P. 26(a)(5) or Fed. R. Evid. 501 regarding the OCYS documents or the Juvenile Court documents. Accordingly, any relief F.H. may receive must be under Rule 26(c). Under that Rule, a court "for good cause shown" may, in certain

circumstances, enter a protective order in the context of discovery. In Pansy v. Borough of Stroudsburg, 23 F. 3d 772, 783-84 (3d Cir. 1994), the United States Court of Appeals set out the standard for my consideration of the pending motion. The Court explained that "it is well-established" that good cause must exist to obtain a protective order over discovery materials. Id. at 786. While the facts in Pansy involved a confidentiality order issued to protect a settlement agreement from public knowledge, the Court indicated that the good cause analysis of Rule 26(c) applied "whether an order of confidentiality is granted at the discovery stage or any other stage of litigation." Id.

Under Pansy, there is good cause when a party shows that disclosure will result in a clearly defined, specific and serious injury, but broad allegations of harm are not sufficient to establish good cause. Id. The party seeking protection has the burden of showing that there is good cause for it. Id. at 786-87; Pearson v. Miller, 211 F.3d 57, 72 -73 (3d Cir. 2000) (holding that, to make a showing of good cause, the party seeking confidentiality has the burden of showing the injury "with specificity"). I must determine whether there is good cause by balancing the interests of the public and the parties and must explain my reasoning behind my balancing conclusion. Pansy at 789.

Pansy discussed several balancing factors while noting that those factors were not exhaustive. Id. In particular, in Pansy and in a later decision, Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995), the Court listed seven factors that I should consider in determining whether to grant the protective order. Those factors are:

> 1) whether disclosure will violate any privacy interests;
>
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
>
> 3) whether disclosure of the information will cause a party embarrassment;
>
> 4) whether confidentiality is being sought over information important to public health and safety;
>
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7) whether the case involves issues important to the public.

Id. at 483 (citing Pansy, 23 F.3d at 787-91).

**III. THE OCYS DOCUMENTS.**

With regard to the OCYS documents, the only Pansy factor F.H. discusses is embarrassment. F.H.'s good cause argument

centers on his claims that the documents should be precluded from discovery because they record events that occurred outside the relevant time frame of the amended complaint, do not deal with the events alleged therein, would be embarrassing to F.H., and would result in the use of records that are purely private. He also argues that the disclosure by OCYS violated his confidentiality rights under the Pennsylvania Child Protective Services Law, 23 Pa. Cons. Stat. Ann. § 6301, et seq. ("CPSL").

In analyzing the embarrassment factor, I find, firstly, that F.H. does not state with specificity how he will be embarrassed if the protective order is not issued. He merely states he will suffer embarrassment in a conclusory fashion. Second, the parties have executed and Judge Golden has approved an "attorney eyes only" confidentiality Stipulation and Order governing discovery materials. Given the scope of the agreement, I find that the embarrassment factor is negligible during pre-trial discovery.[4] Whether F.H. will suffer embarrassment if the documents are relevant and admissible at trial is not before me.

I also find that the CPSL is inapplicable to my analysis.

---

[4]The Stipulation and Order provides that only attorneys, experts, consultants and physicians may view discovery materials. It also provides that, if released, copies of the OCYS and Juvenile Court records at issue in this motion for protective order shall be copied by counsel for F.H. and distributed to the other attorneys with no further copies made except as may be necessary to provide to experts, consultants and physicians. Stipulation and Order ¶¶ 1-2.

Section 6339 provides that,

> reports made pursuant to this chapter, including, but not limited to, report summaries of child abuse and written reports made pursuant to section 6313(b) and (c) (relating to reporting procedure) as well as any other information obtained, reports written or photographs or X-rays taken *concerning alleged instances of child abuse* in the possession of the department or a county agency shall be confidential.

42 Pa. Cons. Stat. Ann. § 6339 (emphasis added). The incident involving F.H. and the Plaintiffs does not concern alleged instances of abuse of F.H.; they concern F.H.'s own alleged sexual abuse of the minor Plaintiffs. The other OCYS documents concern F.H.'s prior sexual behavior issues and his family's prior contacts with, and supervision by, OCYS. To the extent that the document concern F.H.'s abuse of the Plaintiffs, I fail to see any basis for allowing F.H. to assert the protection of the statute. In addition, my review of the agency's redaction of the documents leads me to conclude that their disclosure to the Defendants subject to the Stipulation and Order will not violate the CPSL. See V.B.T. v. Family Servs., 705 A.2d 1325, 1334 (Pa. Super. Ct. 1998) (noting that the CPSL creates a privilege, albeit one that is "not absolute and disclosure of otherwise confidential information is therefore permitted where compelled by sufficiently weighty interests").

In analyzing the other Pansy factors, hampered as my analysis is by the fact that F.H. does not discuss them, I can discern from my review of the material submitted by the parties

nothing to tip the balance in favor of granting the protective order. F.H. has articulated no specific privacy interest in the documents, other than the fact that they record his antisocial conduct at a time while he is a juvenile and his family's supervision by the agency. They are already highly redacted to protect the family's privacy. There is no suggestion in the material that they could be used for an improper purpose. Finally, since the Plaintiffs already have the documents, the sharing of the information among the other litigants will promote fairness and efficiency.

I find that F.H.'s argument that the records involve events that occurred outside the relevant time frame of the amended complaint, and do not deal with the events alleged therein, is not a "good cause" argument. It is an admissibility argument. At the discovery phase, material is discoverable if it would merely lead to the discovery of relevant evidence; it does not itself have to constitute admissible evidence. See Fed. R. Civ. P. 26(b)(1); see also Fed. R. Evid. 415(a) (allowing admission of similar acts in civil cases concerning sexual assault or child molestation).

**IV. THE COURT DOCUMENTS.**

At oral argument, Attorney Fisher raised no objection to the Plaintiffs and other Defendants having access to several documents contained in the Court of Common Pleas file.

Accordingly, the motion for a protective order will be denied as moot as to those documents listed in ¶ 24 b, g, h, I, and j of F.H.'s motion, i.e, the Juvenile Petition/Witness List (5 pages); the Index of Witnesses in Juvenile Proceeding (9 pages); Scheduling Orders (4 pages); Adjudication Order of 6/30/2004 (2 pages); and the Disposition Order of 9/17/2004 (2 pages).

Release of the balance of the documents, I find, is controlled by the provisions of 42 Pa. Cons. Stat. Ann. § 6307, which provides in pertinent part:

> (a) General rule.- All files and records of the court in a proceeding under this chapter are open to inspection only by:
>
> (1) The judges, officers and professional staff of the court.
>
> (2) The parties to the proceeding and their counsel and representatives . . .
>
> . . .
>
> (7) With leave of court, any other person or agency or institution having a legitimate interest in the proceedings or in the work of the unified judicial system.
>
> (b) Public availability.--
>
> (1) The contents of court records and files concerning a child shall not be disclosed to the public unless any of the following apply:
>
> (i) The child has been adjudicated delinquent by a court as a result of an act or acts committed:
>
> . . .
>
> (B) when the child was 12 or 13 years of age and the conduct would have constituted one or more of the following offenses if committed by an adult:
>
> . . .
>
> (V) Involuntary deviate sexual intercourse.

. . .

(VII) Rape.

> (2) If the conduct of the child meets the requirements for disclosure as set forth in paragraph (1), then the court shall disclose the name, age and address of the child, the offenses charged and the disposition of the case.

42 Pa. Cons. Stat. Ann. § 6307. F.H. was twelve years old at the time of the incidents involving the Plaintiffs and has been adjudicated delinquent of involuntary deviate sexual intercourse. Accordingly, under the provisions of subsection (b)(1)(i)(B), F.H.'s name, age and address may be disclosed to the public. To receive any other information, Plaintiffs must qualify under subsection (a)(7) as persons having a legitimate interest in the juvenile proceeding. I find that they are entitled to the information.

The Pennsylvania Courts have held that "[t]here is a compelling interest in protecting minor children's privacy rights and the protection of a minor child's privacy is a key aspect of the Juvenile Act." In re M.B., 869 A.2d 542, 546 (Pa. Super. Ct. 2005). The Courts have held that "Pennsylvania's Juvenile Act demonstrates our legislature's compelling interest in safeguarding children involved in juvenile proceedings." Id. (quoting In re M.B., 819 A.2d 59, 65 (Pa. Super. Ct. 2003). More specifically, the Pennsylvania Courts have determined that plaintiffs in a civil suit **unrelated** to the actions of the

juvenile that precipitated the delinquency proceeding do not have a legitimate interest in the records protected by § 6307(a). See V.B.T., 705 A.2d at 1331 (holding that "Analysis of the cited language in the context of the statutory section as a whole persuades us that the term, 'person with a legitimate interest in the proceedings' in the cited subsection refers only to a person who has a direct involvement with the juvenile court proceedings or the events in question. . . . The statutory exception to confidentiality thus does not extend to an unrelated civil plaintiff seeking information about the proceedings for purposes of prosecuting a personal injury lawsuit based on a separate incident involving the foster child.").

Of course, unlike the plaintiff in V.B.T., the Plaintiffs here have sued based on the **same** incident that led to the delinquency proceeding. Accordingly, I find that the holding of V.B.T. is distinguishable and the decision does not impact the application of subsection (a)(7), which specifically permits public disclosure under these circumstances. Protection of F.H.'s privacy during discovery is adequately governed by the Stipulation and Order.

## V. CONCLUSION

Accordingly, F.H.'s motion for a protective order is denied. In the order that follows, I direct Attorney Fisher to provide a copy of the Juvenile Court records and OCYS documents to the

other parties that do not already have them under the terms and protections of the Stipulation and Order.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUNIOR DOE, ET AL. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO. 06-1926 |
| ALLENTOWN SCHOOL DISTRICT, ET AL | : | |
| Defendants | : | |

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**ORDER**

**AND NOW**, this 2nd day of December, 2008, upon consideration of Defendant's Motion for Protective Order (Docket Entry #94), and all Responses thereto, IT IS HEREBY ORDERED that said motion is **DENIED.**

Counsel for F.H. is directed to provide copies of the OCYS and Juvenile Court documents to all other parties that do not currently have them under the terms set forth in the Stipulation and Order dated April 14, 2008.

BY THE COURT:

/s/ Arnold C. Rapoport

ARNOLD C. RAPOPORT,
United States Magistrate Judge