IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED OCT 3 0 2009

| | | |
|---|---|---|
| JUNIOR DOE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-cv-01926 |
| ALLENTOWN SCHOOL DISTRICT, et al. | : | |

## ORDER

AND NOW, this 29th day of October, 2009, it is hereby ORDERED that Marc S. Fisher, Esquire is appointed to represent the interests of the minor defendant, F.H., in this matter, pursuant to Federal Rule of Civil Procedure 17(c).

It is further ORDERED that, pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue all writs necessary to achieve the ends of justice, the Court directs Plaintiffs to post $8,000 with the Court for support of the minor Defendant's attorney within ten (10) days.[1]

---

[1] This case is in large part a Constitutional matter, focused on the question of what duties a school district and hospital owe to the school children entrusted to their care. Over the course of several months in 2003 and 2004, the minor Defendant F.H. sexually assaulted children at Allentown's Central Elementary School. Plaintiff claims that by failing to protect other students from F.H. and allegedly concealing the violence, the Allentown School District and Lehigh Valley Hospital, along with several defendants named individually, committed Constitutional and common law torts. Plaintiffs filed an Amended Complaint on March 9, 2009, which reiterated intentional tort and negligence claims against the minor F.H., and also included negligence claims against the parents of F.H.

In numerous telephone conferences and hearings with the parties to this case, the Court has expressed its concern that Plaintiffs have brought an action against an unrepresented minor. During the most recent conference, held on August 21, 2009, all represented Defendants indicated that they did not believe that the minor F.H. was a necessary party to the case. The Court directed Plaintiffs' counsel to reconsider its case against F.H., given his status as an unrepresented minor currently in state custody. Plaintiffs' counsel informed the Court by letter that the case against F.H. would continue, "for the primary purpose of seeking joint and several liability among one or more Defendants . . ."

It is further ORDERED that Attorney Fisher shall submit all invoices in this case to the Court for its review.

It is further ORDERED that within twenty (20) days of this Order, Defendant F.H. will serve an answer or other pleading responsive to Plaintiffs' Second Amended Complaint (Doc. No. 124).

BY THE COURT:

_____
THOMAS M. GOLDEN, J.

---

The commands of Rule 17 are clear: "[t]he court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action" (emphasis supplied). F.H. remains in this case at the insistence of Plaintiffs' counsel, and the Rule requires that he be represented. The Court therefore assesses the cost of his defense to Plaintiffs, up to the sum of $8,000, as necessary and appropriate to aid in the satisfaction of Rule 17, and agreeable to the usage and principles of law. *See Jones v. Lilly*, 37 F.3d 964, 968 (3d Cir. 1994).

Attorney Fisher will represent Defendant F.H. throughout the process of completing, serving, and arguing any pleadings responsive to Plaintiffs' Amended Complaint, and will advise the Court of any additional legal work that may be necessary to fulfill the mandates of Rule 17.