**PFEIFFER, BRUNO, MINOTTI & DeESCH**
44 North 2nd Street- P.O. Box 468
Easton, PA 18044
(610) 258-4003
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE I, a minor, by his parents and natural guardians, JOHN DOE II, a minor, by his natural parent and/or legal guardian, JOHN DOE III, a minor, by his parent and natural guardian, JOHN DOE IV, a minor, by his parents and natural guardians, and JOHN DOE V, a minor, by his parent and natural guardian, | Civil No.: 2:06-CV-1926 (PSD) |
| Plaintiffs | |
| vs. | Civil Action |
| THE SCHOOL DISTRICT OF THE CITY OF ALLENTOWN (a/k/a "Allentown School District"), LEHIGH VALLEY HOSPITAL, INC., EVA W. HADDON, BRADLEY CARTER, DR. KAREN S. ANGELLO, EVELYN W. ROSSI, KAREN J. BOARDMAN, DIANE M.HOLBEN, RITA D. PEREZ, RALPH A. DAUBERT, RALPH S.TODD, DEBORAH HARTMAN, DR. LOURDES SANCHEZ, GERALD BROWN, AMY ENRIGHT, LORI FRIEBOLIN, KIM CECCATTI, CATHERINE BUCKS, JENNA HEILAND, PEG PERRY, KATHLEEN E. COUGHLIN, F.H., a minor, through his parents and natural guardians, and F.H. MOTHER, individually, and F.H. FATHER, individually, | Jury Trial Demanded    **THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| vs. | |
| THE SCHOOL DISTRICT OF THE CITY OF ALLENTOWN, | |
| Defendant. | |

NOW COME the Plaintiffs, John Doe I, a minor by and through his parents and natural guardians, John Doe II, a minor by and through his natural parent and/or legal guardian, John Doe III, a minor by and through his parent and natural guardian, John Doe IV, a minor by and through his parents and natural guardians, and John Doe V, a minor by and through his parent and natural guardian, by and through their undersigned counsel, James L. Pfeiffer, Esq., Charles Bruno, Esq., and Blake W. Rush, Esq., who hereby state:

## I.    **PARTIES**

1.      Plaintiff, John Doe I, a fictitious name (previously identified in prior pleadings as "Nicholas Coe"), is presently a minor Hispanic-American male and resident of the Commonwealth of Massachusetts, County of Essex, City of Lawrence, who at all times material hereto was a six year-old elementary school student at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania 18102.  This claim is being brought on John Doe I's behalf by and through his parents and natural guardians.

2.      Plaintiff, John Doe II, a fictitious name (previously identified in prior pleadings as "Donald Noe"), is presently a minor Hispanic-American male and resident of the Commonwealth of Pennsylvania, County of Lehigh, City of Allentown, who at all times material hereto was a six year-old elementary school student at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania 18102.  This claim is being brought on John Doe II's behalf by and through his parent and/or legal guardian.

3.      Plaintiff, John Doe III, a fictitious name (previously identified in prior pleadings as "Junior Roe"), is presently a minor Hispanic-American male and resident of the Commonwealth of Pennsylvania, County of Lehigh, City of Allentown, who at all times material hereto was a six year-old elementary school student at the Central Elementary School located at

829 Turner Street, Allentown, Pennsylvania 18102. This claim is being brought on John Doe III's behalf by and through his parent and natural guardian.

4.      Plaintiff, John Doe IV, a fictitious name (previously identified in prior pleadings as "Junior Doe"), is presently a minor African-American male and a resident of the Commonwealth of Pennsylvania, County of Lehigh, City of Allentown, who at all times material hereto was a six year-old elementary school student at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania 18102. This claim is being brought on John Doe IV's behalf by and through his parents and natural guardians.

5.      Plaintiff, John Doe V[1], a fictitious name, is presently a minor African-American male and resident of the State of New York, County of Suffolk, City of Huntington, who at all times material hereto was a seven year-old elementary school student at the Central Elementary School located at 829 Turner Street, Allentown, Pennsylvania 18102. This claim is being brought on John Doe V's behalf by and through his parent and natural guardian.

6.      Defendant, The School District of the City of Allentown a/k/a Allentown School District ("ASD"), is a public education entity incorporated, authorized and existing by virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business located at 31 South Penn Street, Allentown, Pennsylvania, 18102-5409, which entity at all times hereto functioned, under color of state law, as the executive administrative agency responsible for the orderly administration of the public schools within the Allentown School District, including, but not limited to, the Central Elementary School.

---

[1] Plaintiff, John Doe V, has been added as an additional party to this action under a fictitious name out of concern that his identity may be published for viewing by the general public. John Doe V's identity is protected from public disclosure pursuant to Local Civil Rule 5.1.3, the Juvenile Act, 42 Pa.C.S. § 6301 *et. seq.*, and Pennsylvania common law. John Doe V's true identity and present residences has been disclosed to all parties to this litigation in accordance with the April 14, 2008 Stipulation and Order previously entered in this action.

7.      Defendant, Lehigh Valley Hospital, Inc. ("Hospital"), is a professional business corporation/organization existing by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at Interstate 78 and Cedar Crest Boulevard, Allentown, Pennsylvania, 18105, authorized and/or licensed to provide health care, medical care, education, social services, and associated treatment through its agents, servants, employees, and/or independent contractors.

8.      At all times material hereto, the Defendant Hospital functioned under color of state law, as the entity responsible for health care, medical care, education, social services, and associated treatment within certain schools of the Allentown School District.  Plaintiffs are asserting a professional liability claim(s) against this defendant.

9.      Defendant, Eva W. Haddon, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto acted in her individual capacity and under color of state law as the Principal of the Central Elementary School was responsible for the daily administration and implementation of Allentown School District policies and procedures, including but not limited to, implementation and enforcement of disciplinary procedures and school child safety, and at all times material hereto was acting within the course and scope of her employment.

10.     Defendant, Bradley Carter, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto acted in his individual capacity and under color of state law as the Assistant Principal of the Central Elementary School.

11.     Defendant, Dr. Karen S. Angello, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was the Superintendent for the Allentown School District, and acted in her individual capacity and as Superintendent within the

course and scope of her employment and acted under color of state law was responsible for the administration and implementation of Allentown School District policies and procedures.

12.    Defendant, Evelyn W. Rossi, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was the Director of Human Resources for the Allentown School District, who acted in her individual capacity and as Director of Human Resources acted under color of state law was responsible for the administration and implementation of Allentown School District policies and procedures.

13.    Defendant, Karen J. Boardman, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was the Assistant to the Superintendent-Elementary, (n/k/a Executive Director of Elementary Education), for the Allentown School District, and acted in her individual capacity and as Assistant to the Superintendent-Elementary within the course and scope of her employment under color of state law and was responsible for the administration and implementation of Allentown School District policies and procedures.

14.    Defendant, Diane M. Holben, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was the Director of Research, Planning, and Accountability for the Allentown School District, and acted in her individual capacity and as Director of Research, Planning, and Accountability and within the course and scope of her employment and acted under color of state law and was responsible for the administration and implementation of Allentown School District policies and procedures, including but not limited to the enforcement of disciplinary procedures and school child safety within Allentown School District.

15.    Defendant, Rita D. Perez, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was the Director of

Professional and Staff Development for the Allentown School District, and acted in her individual capacity and as Director of Professional and Staff Development, and within the course and scope of her employment and acted under color of state law, and was responsible for the administration and implementation of Allentown School District policies and procedures, including but not limited to the enforcement of disciplinary procedures and school child safety within Allentown School District.

16.     Defendant, Ralph A. Daubert, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was the Executive Director of Community and Student Services for the Allentown School District, and acted in his individual capacity and as Executive Director of Community and Student Services and within the course and scope of his employment and acted under color of state law, and was responsible for the design, administration, implementation, and enforcement of Allentown School District policies and procedures, including but not limited to the administration, implementation, application, and enforcement of disciplinary procedures and school child safety within Allentown School District.

17.     Defendant, Ralph S. Todd, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was the Executive Director of Instructional Support Services for the Allentown School District, and acted in his individual capacity and as Executive Director of Instructional Support Services and within the course and scope of his employment and acted under color of state law, and was responsible for the administration, implementation and enforcement of Allentown School District policies and procedures, including but not limited to the administration, implementation, application, and enforcement of disciplinary procedures and school child safety for special education students within the Allentown School District.

18.     Defendant, Deborah Hartman, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was the Director of Instructional Support Services, (n/k/a Director of Special Education), for Allentown School District, and acted in her individual capacity and as Director of Instructional Support Services and within the course and scope of her employment and acted under color of state law, and was responsible for the implementation and enforcement of Allentown School District policies and procedures, including but not limited to the administration, implementation, application, and enforcement of disciplinary procedures and school child safety for special education students within Allentown School District.

19.     Defendant, Dr. Lourdes Sanchez, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto acted in her individual capacity and under color of state law as the School Psychologist for the Allentown School District, in particular the Central Elementary School, was responsible for the design, implementation, and daily enforcement of Allentown School District policies and procedures, including but not limited to disciplinary procedures and school child safety, and responsibility for the care, safety, and well-being of students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V.

20.     Defendant, Gerald Brown, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was a Teacher for Allentown School District at the Central Elementary School and acted in his individual capacity and as a Teacher and within the course and scope of his employment and acted under color of state law, and was responsible for the custody, care, safety, and welfare of students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III John Doe IV, and

John Doe V, and acted in concert with and at the direction of Defendant Eva W. Haddon, the remaining Defendants named herein and others.

21.    Defendant, Amy Enright, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was a Teacher for Allentown School District at the Central Elementary School, and acted in her individual capacity and as a Teacher and within the course and scope of her employment and acted under color of state law and was responsible for the custody, care, safety, and welfare of students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V.

22.    Defendant, Lori Friebolin, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was a Teacher for Allentown School District at the Central Elementary School and acted under color of state law and was responsible for the custody, care, safety, and welfare of students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V.

23.    Defendant, Kim Ceccatti, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was a Guidance Counselor for the Allentown School District at the Central Elementary School and acted in her individual capacity and as Guidance Counselor and within the course and scope of her employment and acted under color of state law, was responsible for the custody, care, safety, and welfare of students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V.

24.    Defendant, Catherine Bucks, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was a Teacher for the Allentown School District at the Central Elementary School, and acted in her individual capacity

and as a Teacher within the course and scope of her employment and acted under color of state law, and was responsible for the custody, care, safety, and well-being of students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V.

25.    Defendant, Jenna Heiland, is an adult individual and resident of the Commonwealth of Pennsylvania who at times relevant hereto was a School Nurse for the Allentown School District at the Central Elementary School, and acted in her individual capacity and as a School Nurse within the course and scope of her employment and acted under the color of state law, and was responsible for the nursing care, safety, and welfare of all students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V.

26.    Defendant, Margaret Parry a/k/a Peg Parry, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was an agent, servant, employee, and/or independent contractor employed by, and/or acting on behalf of Defendants, Lehigh Valley Hospital, Inc., and/or Allentown School District, and acted in her individual capacity and as School Nurse within the course and scope of her employment within Allentown School District at the Central Elementary School, and acted under color of state law of the Commonwealth of Pennsylvania, was responsible for the nursing care, safety, and welfare of all students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V.  Plaintiffs are asserting a professional liability claim against this Defendant

27.    Defendant, Kathleen E. Coughlin, is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was an agent, servant, employee, and/or independent contractor employed by, and/or acting on behalf of Defendants,

Lehigh Valley Hospital, Inc., and/or Allentown School District, and acted in her individual

capacity and as Social Worker within the course and scope of her employment within Allentown

School District at the Central Elementary School, and acted under color of state law and was

responsible for the custody, care, safety, and welfare of students at the Central Elementary

School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe

V.  Plaintiffs are asserting a professional liability claim against this Defendant.

       28.     Defendants, Allentown School District, Haddon, Carter, Angello, Rossi,

Boardman, Holben, Perez, Daubert, Todd, Hartman, Sanchez, Brown, Enright, Friebolin,

Ceccatti, Bucks, Heiland, Parry, Coughlin, shall at times be referred to collectively as "ASD

Defendants".

       29.     Defendant, F.H., a fictitious name, is presently a minor Caucasian male and

resident of the Commonwealth of Pennsylvania currently incarcerated at and in the custody of

Cresson Secure Treatment Unit, located in the County of Cambria, City of Cresson,

Pennsylvania, who at all times material hereto was an approximate twelve-year-old, special

education elementary school student at the Central Elementary School.  Defendants, F.H. Father

and F.H. Mother, are, and were at all times mentioned in this Complaint, residents of the

Commonwealth of Pennsylvania and the parents and natural guardians of the minor Defendant,

F.H.  F.H. Father and F.H. Mother are named as Defendants both personally and on behalf of the

Defendant, F.H.

## II.     JURISDICTION AND VENUE

       30.     Since the Plaintiffs seek to enforce their rights under the Fourteenth Amendment

to the United States Constitution, and under federal statutes, jurisdiction of this Court is

conferred by 28 U.S.C. § 1331.  Jurisdiction over the state law claims is provided by 28 U.S.C. §

1367 as pendent claims.

31.     Venue is proper is this Court pursuant to 28 U.S.C. § 1391(b).

### III.     ALLEGATIONS APPLICABLE TO ALL CLAIMS

32.     Defendants individually, jointly, severally, and/or in concert with each other, violated the Plaintiffs' right to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and their right to equal protection of the law guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as analogous provisions of the Constitution of the Commonwealth of Pennsylvania and Title IX of the Educational Amendments of 1972 Section 901 et seq.

33.     At all times material hereto, and with respect to all actions described herein, the Defendants acted under color of state law, individually, jointly, severally, and/or in concert with each other, and with color of their authority as officials, employees, agents, servants, and/or independent contractors of the Allentown School District and the Board of School Directors of the School District of the City of Allentown, and for Allentown School Board.

34.     At all times material hereto, the Defendant Allentown School District and its schools including Central Elementary School are educational programs receiving federal financial assistance.

35.     At or around the beginning of the 2003-2004 school year, Defendant F.H., an approximate twelve-year-old Caucasian minor known by the ASD Defendants to have deviant sexual propensities, was transferred from a KidsPeace psychiatric hospital and/or in-patient treatment facility to Central Elementary School located within the Allentown School District and thereupon placed into Central Elementary's special education program within the general student population.

36.     At the time of said transfer, F.H. had been diagnosed as suffering from numerous behavioral and psychological disorders and had a documented history of sexual abuse, deviant sexual conduct, and/or sexual harassment involving other children, all of which was known to all Defendants.

37.     At or prior to the beginning of the 2003-2004 school year, the ASD Defendants possessed substantial information and knowledge concerning F.H.'s propensity to engage in deviant sexual conduct and/or sexual harassment involving other children such that ASD Defendants were aware or should have been aware that F.H. posed a known, clear and continuing danger to the general student population at Central Elementary, including all of the minor Plaintiffs.

38.     In deliberate indifference to said danger, the ASD Defendants failed to take any reasonable measures to adequately supervise, isolate, monitor, discipline, remove, and/or conduct surveillance of F.H. in such a manner that would provide adequate protection to the general student population at Central Elementary.

39.     It was under these above-referenced circumstances that Plaintiffs, John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V all attended Central Elementary School as promising 1st grade and 2nd grade students during the 2003-2004 school year.

40.     At some definitive point in time between December 2003 and March 2004, Defendant, F.H., violently, sexually and indecently assaulted a 1st grade minority male student, Plaintiff John Doe I, in a bathroom stall at Central Elementary School by an older Caucasian male student believed to be the Defendant, F.H.

41.  Thereafter, a second-grade teacher and first-grade teacher each reported the assault of John Doe I to Central Elementary School's main office whereby it came to the attention of Defendants, Eva W. Haddon, Bradley Carter, Kim Ceccatti, Kathleen E. Coughlin, Dr. Lourdes

Sanchez, Jenna Heiland, and/or Margaret Parry, who each consciously chose not to inform John

Doe I's parents about the incident and further chose not to contact any law enforcement agency

at any point in time concerning this violent, sexual and indecent assault and permitted F.H. to

remain within the general student population of Central Elementary School.

42.     Defendants' deliberate indifference, omissions, and/or failure to adequately

isolate or remove Defendant F.H. from the general school population or otherwise implement a

procedure which would prevent him from having unsupervised contact with a younger male

and/or female students after Defendants had become aware, or reasonably suspected that F.H.

had previously committed deviant sexual acts of assault and/or abuse of other minors or had the

propensity to do so, thereby created an atmosphere of unabated violence which rendered Central

Elementary School a completely unsafe environment for the activities for which it was intended

and regularly used and which deliberate indifference was substantially certain to result in F.H.'s

subsequent violent, sexual and indecent assaults and/or rape of Plaintiffs, John Doe I, John II,

John III, John Doe IV, and John Doe V.

43.     Defendants' deliberate indifference, omissions, and/or failure to adequately

discipline, isolate, remove, and/or report Defendant, F.H., to local law enforcement agencies

after Defendants had become aware or reasonably suspected that F.H. had violently, sexually and

indecently assaulted innocent students in unsecured, unmonitored, security-abandoned bathroom

areas of Central Elementary School, thereby fostered an atmosphere of unabated violence which

rendered Central Elementary School a completely unsafe environment for the activities for which

it was intended and regularly used, and which deliberate indifference was substantially certain to

result in F.H.'s subsequent violent, sexual and indecent assaults and/or rapes of Plaintiffs John

Doe I, John Doe II, John Doe III, John Doe IV and John Doe V, which shall be fully set forth

below.

44.     The acts and/or omissions constituting deliberate indifference and blatant disregard of the law by Defendant Allentown School District, through its administrators, officials, servants, workmen, agents, independent contractors, and/or employees, to the continued unfettered violent and sexual attacks at Central Elementary School that directly resulted in Allentown School District's failure to address grave security and safety problems at Central Elementary School, include, but are not limited to, the following:

> (a) failure to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

> (b) failure to enhance or establish school security personnel, including school resource officers and on-site police officers;

> (c) failure to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

> (d) failure to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors effective measures to prevent school violence and improve safety;

> (e) failure to implement school safety and violence prevention programs and/or curriculum that addresses risk-factors to reduce incidents of problem behaviors among students;

> (f) failure to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance equipment, special emergency communication equipment, electronic locksets, deadbolts, and related technology;

> (g) failure to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

> (h) specifically failing to report or notify appropriate law enforcement agencies after it was known or reasonable suspected by Central Elementary administrators, employees, and/or safety personnel that Defendant F.H. had committed a violent sexual assault against an innocent student in an unsecured, unmonitored, security-abandoned bathroom area of Central Elementary School, thereby thwarting police notice and investigation and in violation of the law, which requires the reporting of suspected child abuse;

(i) the specific failure to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel that F.H. had committed a violent sexual assault against an innocent student in an unsecured, unmonitored, security-abandoned bathroom area of Central Elementary School; and

(j) the specific failure to adequately protect the innocent students at Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, John Doe V, and John Doe VI from Defendant, F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel that F.H. had committed a violent, sexual assault against an innocent student in an unsecured, unmonitored, security-abandoned bathroom area of Central Elementary School;

all of which enabled and was substantially certain to directly result in F.H. systematically and continually conducting unfettered, violent sexual assaults against innocent students, including the Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V within the confines of unsecured, unmonitored, security-abandoned bathroom areas at Central Elementary School, without fear of significant punishment, discipline, removal, and/or isolation from the general school population.

45.    The acts and/or omissions constituting deliberate indifference and blatant disregard of the law by Defendant, Lehigh Valley Hospital, Inc., through its administrators, officials, servants, workmen, agents, independent contractors, and/or employees, to the continued unfettered violent and sexual attacks at Central Elementary School that directly resulted in the Hospital's failure to address grave security and safety problems that Hospital employees had knowledge, include, but are not limited to, the following:

(a) failure to adequately train school and Hospital officials, servants, workmen, agents, employees, and/or independent contractors effective measures to prevent school violence and improve safety;

(b) failure to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

(c) specifically failing to report or notify appropriate law enforcement agencies after it was known or reasonable suspected by Central Elementary administrators, employees, and/or safety personnel that Defendant F.H. had committed a violent sexual assault against an innocent student in an unsecured, unmonitored, security-abandoned bathroom area of Central Elementary School, thereby thwarting police notice and investigation and in violation of the law which requires the reporting of suspected child abuse;

all of which enabled and was substantially certain to directly result in F.H. systematically and continually conducting unfettered, violent sexual assaults against innocent students, including the Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V within the confines of unsecured, unmonitored, security-abandoned bathroom areas at Central Elementary School, without fear of significant punishment, discipline, removal, and/or isolation from the general school population.

46.     Specifically, Defendant, F.H., continued to conduct unfettered targeting of innocent students within the unsecured, unmonitored, security-abandoned bathroom areas at Central Elementary School utilizing his same *modus operandi* previously known to the Defendants of forcibly entering occupied bathroom stalls, imprisoning, and violently sexually assaulting the innocent student.

47.     At all times material hereto Defendants, Eva W. Haddon, Bradley Carter, Dr. Lourdes Sanchez, Kathleen E. Coughlin, Jenna Heiland, Margaret Parry, Kim Ceccatti, Gerald Brown, Amy Enright, Lori Friebolin, and Catherine Bucks performed their employment duties involving the supervision, discipline, monitoring, and/or providing educational, medical and social services to students at the School.

48.     At all times material hereto to which all above-referenced Defendants had known or reasonably suspected that Defendant, F.H., was targeting and sexually assaulting innocent

students at Central Elementary School, there was never any reasonable coordinated effort within, by, or amongst the above-referenced Defendants to either: (i) remove, isolate, or discipline F.H.; (ii) secure or monitor the bathroom areas where the incidents of violence repeatedly occurred; (iii) accurately or routinely memorialize the violent incidents via accurate medical records and/or security reports; (iv) report or communicate the continuing incidents to the Allentown School District Police Liaison, the City of Allentown Police Department, and/or the Lehigh County District Attorney's Office, or other applicable agency; and/or (v) make any other reasonable attempt to halt the continued violent and sexual assaults which occurred within the confines of Central Elementary School.

49.    In deliberate indifference to the known, clear and continuing present danger that Defendant, F.H., continued to present to the student population within the Central Elementary School, in particular the much younger, first and second-grade classes from which all of the presently-known victims were enrolled in, the Defendants herein failed to take any reasonable measures whatsoever to curtail F.H.'s continued unfettered acts of violence, and as a consequence, an atmosphere of continued systematic violence by F.H. continued to exist at the Central Elementary School, which atmosphere of unabated violence provided a safe haven for continued criminal sexual assaults against innocent students, and which chaotic atmosphere expectedly flourished and was certain to culminate in additional brutal, sexual and violent assaults within the confines of the unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, such as those committed against Plaintiffs, John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V, as fully set forth herein.

50.    At yet another definitive point in time between December 2003 and March, 2004, Defendant F.H. violently, sexually and indecently assaulted a second child, 1st grade minority male student Plaintiff John Doe III, in a bathroom stall at Central Elementary School.

51.  On or about same day that the incident occurred, John Doe III described the violent sexual and indecent assault he had suffered to his mother, who immediately traveled to Central Elementary School and notified Defendant, Bradley Carter, of the incident.

52.  Bradley Carter advised John Doe III's mother that he was already aware of the assault suffered by John Doe III.

53.  Thereafter, Bradley Carter falsely advised John Doe III's mother that the assault had already been reported to the local police department and falsely assured her that the perpetrator would be expelled and/or otherwise removed from the Central Elementary School student population, all in attempt to convince John Doe III's mother that she did not have to contact local law enforcement authorities herself.

54.  The above named ASD Defendants thereafter concealed this second sexual assault involving F.H., prevented it from being reported to any local law enforcement agency, and permitted F.H. to remain within the general student population of Central Elementary School.

55.      Next, at yet another definitive point in time between December 2003 and March 2004, Defendant F.H. violently, sexually and indecently assaulted a third child, 2nd grade minority male student Plaintiff John Doe V, in a bathroom stall and surrounding area at Central Elementary School.

56.  Immediately following the incident, John Doe V reported the sexual assault he had suffered to his 2nd grade teacher, whereby it quickly came to the attention of the Defendants, Eva Haddon, Bradley Carter and Kim Ceccatti.

57.  On or about the same day of the assault, Defendant Kim Ceccatti and/or ASD personnel brought John Doe V around to various classrooms to view other students and then into the cafeteria where John Doe V positively identified F.H. as the perpetrator who sexually assaulted him.

58.  Despite the fact that the ASD Defendants conducted questioning concerning John Doe V's incident, said ASD Defendants or Defendant Hospital employees, consciously chose not to contact any law enforcement agency at any point in time concerning this fifth violent, sexual and indecent assault involving F.H. and permitted F.H. to remain within the general student population of Central Elementary School.

59.    On or about the very same day that F.H.'s sexually assaulted Plaintiff John Doe V, Defendant F.H. also violently, sexually and indecently assaulted a fourth child, 1st grade minority male student Plaintiff John Doe II in a bathroom stall at Central Elementary School.

60.  Immediately after the incident, ASD Defendants were made aware officially of the attack on Plaintiff John Doe II and F.H. was identified by said Plaintiff as his assailant.

61.  Despite the fact that the ASD Defendants conducted questioning concerning John Doe II's incident, said ASD Defendants or Defendant Hospital employees, consciously chose not to contact any law enforcement agency at any point in time concerning this fifth violent, sexual and indecent assault involving F.H. and permitted F.H. to remain within the general student population of Central Elementary School.

62.  On or about March 16, 2004, in the same type of unsecured, unmonitored, and security-abandoned bathroom areas of Central Elementary School where Defendant, F.H., had previously sexually assaulted other innocent 1st grade and 2nd grade minority male students, F.H. forcibly entered an occupied bathroom stall and violently raped and indecently sexually assaulted 1st grade minority male student, Plaintiff John Doe IV.

63.    Immediately prior to this violent rape and aggravated indecent assault of Plaintiff John Doe IV, Defendant F.H. was sitting in detention supervised by Defendant, Gerald Brown, located in a hallway: (a) on the same secluded floor in Central Elementary School which only

housed lower-level, kindergarten, first, and second-grade classes; and (b) directly adjoining the lower-level bathroom area where the brutal rape and indecent assault in question took place.

64.    John Doe IV notified his first-grade teacher, Defendant Catherine Bucks, of the sexual assault he had suffered.  After being notified of the assault on John Doe IV, Ms. Bucks failed to: (a) report the incident to school administrators, officials, and/or employees; and/or (b) take Plaintiff to the nurse's office for medical examination and/or treatment; and/or (c) report the incident to his parents.  Defendant Buck's actions and/or omissions are wholly consistent with a pattern of deceit at the Central Elementary School in veiling the known, continued, unabated sexual assaults by F.H. for a period of at least four (4) months.

65.    F.H. was identified as the attacker by John Doe IV the same day in the presence of Defendant Bucks and Defendant Haddon.

66.    Defendants' aforementioned acts fostered an atmosphere of unabated violence by providing a safe haven for continued, known, criminal sexual assaults by Defendant, F.H., against innocent students such as Plaintiffs.

67.    As a direct, proximate, and legally substantial result of the Defendants' conduct described herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

68.    As a direct, proximate, and legally substantial result of the Defendants' conduct described herein, all Plaintiffs will continue to suffer great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain into the future, all of which will be to their great, collective detriment and loss.

69.    As a direct, proximate, and legally substantial result of the Defendants' conduct described herein, all Plaintiffs have been unable to pursue and enjoy the usual activities of the

life of an individual of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

70.    As a direct, proximate, and legally substantial result of the Defendants' conduct described herein, all Plaintiffs will continue, in the future, to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiffs' respective ages, and suffer a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of their lives, all of which will be to their great, collective detriment and loss.

71.    As a direct, proximate, and legally substantial of the Defendants' conduct described herein, all Plaintiffs have incurred substantial medical, psychological, and hospital expenses for care and treatment, all of which have been to their great, collective financial loss.

72.    As a direct, proximate, and legally substantial of the Defendants' conduct described herein, all Plaintiffs will continue to incur substantial medical, psychological, and hospital expenses for care and treatment, all of which will be to their great, collective detriment and loss.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF CONSTITUTIONAL RIGHT TO BODILY INTEGRITY

**JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V**
*Plaintiffs*
**v.**
**ALLENTOWN SCHOOL DISTRICT, LEHIGH VALLEY HOSPTIAL, INC.,
EVA W. HADDON, BRADLEY CARTER, DR. KAREN S. ANGELLO,
EVELYN W. ROSSI, KAREN BOARDMAN, DIANE M. HOLBEN, RITA D. PEREZ,
RALPH A. DAUBERT, RALPH S. TODD, DEBORAH HARTMAN,
DR. LOURDES SANCHEZ, GERALD BROWN, AMY ENRIGHT, LORI FRIEBOLIN,
KIM CECCATTI, CATHERINE BUCKS, JENNA HEILAND,**

**MARGARET PARRY (a/k/a PEG PARRY), KATHLEEN E. COUGHLIN**
*Defendants*

73.     Plaintiffs incorporate herein by reference paragraphs 1 through 72 of this Complaint as if fully set forth at length.

74.     At all times relevant hereto, the Defendants either in or at the supervision, direction, approval, acceptance, and ratification of, or in concert with, the conduct and activities of the other Defendants named herein, acted individually and in their official capacity under the color of state law and in regard to the safety of students within the Central Elementary School were responsible for custody, care, education, social services, and associated treatment of said students, as well as the implementation and enforcement of the Disciplinary Responses and Procedures at the Central Elementary School.

75.     The malicious actions of the Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiffs' constitutional rights to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, § 1 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1983 and 1988, in that these Defendants:

(a)     concealed violent, sexual assaults by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months, which resulted in the additional violent, sexual, and indecent assaults and/or rapes of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, John Doe IV and John Doe V at separate and distinct points in time between December 2003 and March 16, 2004;

(b)     countenanced, tolerated, veiled, and thereby fostered, a certain level of violence within the Central Elementary School for a period of at least four (4) months certain to result in the additional violent, sexual, and indecent assaults and/or rapes of Plaintiffs John Doe I, John

Doe II, John Doe III, John Doe IV and John Doe V at separate and distinct points in time between December 2003 and March 16, 2004;

(c)      conspired, in callous disregard for the safety of students within the Central Elementary School, such as Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V, to cover-up continued, repeated, systematic violence by known Central Elementary School student, Defendant F.H., for a period of at least four (4) months;

(d)      repeatedly trivialized the nature, extent, and repetition of systematic sexual assaults of students at Central Elementary School by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months;

(e)      intentionally and/or recklessly veiled and failed to notify, apprise, and/or report the repeated incidents of sexual assaults committed by known Central Elementary School student, Defendant F.H., over a period of at least four (4) months to the City of Allentown Police Department or any other agency possessing appropriate authority;

(f)      intentionally and/or recklessly failed to summon emergency medical services, provide reasonably appropriate and necessary medical treatment, or accurately document the injuries suffered by student victims of violence at the hands of known individuals for a period of at least four (4) months;

(g)      intentionally and/or recklessly failed to notify, apprise, or report repeated incidents of violence and weapons possession by known individuals within Central Elementary School to the City of Allentown Police Department and/or other local law enforcement agencies for a period of at least twenty (20) months;

(h)      intentionally and/or recklessly allowed and fostered, in deliberate indifference to and callous disregard for students' constitutional rights to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under

Article I of the Pennsylvania Constitution, an environment of unabated violence that continued in certain problematic schools within Allentown School District, including Central Elementary School, for a period of at least twenty (20) months, prior to and subsequent to, the incidents previously set forth in this Complaint;

(i)     intentionally and/or recklessly failed to isolate and/or remove a known sexual predator, Defendant F.H., from the general student population within Central Elementary School after Defendants knew or became reasonably aware of the repeated sexual assaults he committed against other Central Elementary School students for a period of at least four (4) months, thereby harboring an environment of student criminal activity and violence against other students, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V;

(j)     knowingly permitted Defendant, F.H., to remain on school premises and within the general student population of Central Elementary School after Defendants knew or became reasonably aware that said student presented a clear and present danger to the other students at Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V;

(k)     intentionally and/or recklessly failed to accurately memorialize and/or document the acts of violence committed by known students at certain Allentown School District schools, including Defendant F.H., or the injuries sustained by students as a direct result thereof, such as those at Central Elementary School set forth previously, in an effort to conceal and/or veil the long-continued violence at certain problematic schools within the Allentown School District;

(l)     conspired to veil the continued, repeated acts of violence within certain problematic Allentown School District schools, including the known sexual assaults committed by Defendant F.H. at Central Elementary School, in an effort to insulate themselves from public scrutiny regarding the clear and present danger that innocent students faced at certain

problematic Allentown School District schools, including Central Elementary School, for a period of at least twenty (20) months;

(m)    intentionally and/or recklessly, in deliberate and in callous disregard of the Constitutional Rights to Bodily Integrity of students at the Central Elementary School, failed to notify the City of Allentown Police Department and/or authorities of repeated sexual assaults of innocent students at Central Elementary School for a period of at least four (4) months, which was certain to result in the violent, sexual, and indecent assaults and/or rapes of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V at separate and distinct points in time between December 2003 and March 16, 2004;

(n)    failed to adequately document the brutal injuries suffered from repeated sexual assaults by known Central Elementary School student, Defendant, F.H., and/or correctly document the nature and extent of repeated injuries to student victims of such violence within the Central Elementary School for a period of at least four (4) months;

(o)    intentionally and/or recklessly repeatedly disregarded reports and/or warnings of continued violence and sexual assaults by a known Central Elementary School student, Defendant F.H., for a period of at least four (4) months thereby fostering an environment conducive to, and creating a climate which facilitated, continued sexual violence and harboring of student criminals and criminal activity within Central Elementary School, conduct certain to result in the violent, sexual, and indecent assaults and/or rapes of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V at separate and distinct points in time between December 2003 and March 16, 2004;

(p)    covered-up repeated acts of violence within certain problematic Allentown School District schools, including Central Elementary School, for a period of at least twenty (20) months, which thereby fostered a criminally violent school environment and presented a clear

and present danger to innocent students directly resulting in continued, unabated acts of violence by known Central Elementary School student, Defendant F.H., for a period of at least four (4) months;

(q)     repeatedly ignored the medical needs of students violently attacked within certain problematic Allentown School District schools, including Central Elementary School, for a period of at least twenty (20) months by failing to accurately memorialize and/or document the serious injuries suffered by students as a consequence of violent and sexual attacks by known students, such as those committed by Defendant, F.H., in an effort to veil the long-standing violence within certain problematic Allentown School District schools so as to avoid public, municipal, police, and state scrutiny for fostering a criminal environment and the complete lack of safety that existed as a direct result thereof;

(r)     conspired with each other to veil, trivialize, completely ignore, and/or withhold from public scrutiny the known repeated sexual assaults on innocent students by known Central Elementary School student, Defendant F.H., for a period of at least four (4) months, amounting to conspiratorial, deliberate indifference to the safety and well-being of students at the Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V;

(s)     intentionally and/or recklessly failed to and/or refused to enforce the disciplinary responses and procedures protocol at Central Elementary School, adopted pursuant to the Allentown School District Official Code of Conduct, concerning known student perpetrators of violent and sexual assaults, such as Defendant F.H., for a period of at least four (4) months, thereby rendering the Central Elementary School unsafe for the activities for which it was intended and generally used, and for which sovereign immunity will not lie pursuant to 42 Pa. C.S.A. § 8542(b)(3);

(t)     intentionally, recklessly, and/or in deliberate indifference to the continued acts of

violence at certain problematic Allentown School District schools, including Central Elementary

School, Defendants failed to make any concerted effort to address the grave security and safety

problems at such schools by:

(i) failing to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

(ii) failing to enhance or establish school security personnel, including school resource officers and on-site police officers;

(iii) failing to implement and/or consistently enforce school codes of conduct and law enforcement reporting protocols and procedures to be followed for acts involving violence and/or weapons on school property;

(iv) failing to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors in effective measures to prevent school violence and improve safety;

(v) failing to implement school safety and violence prevention programs and/or curriculum that address risk-factors to reduce incidents of problem behaviors among students;

(vi) failing to formulate adequate security planning or purchase security-related technology, which may include metal detectors, protective lighting, surveillance equipment, special emergency communication equipment, electronic locksets, deadbolts, and/or related technology;

(vii) failing to provide specialized staff and student training programs, including the training of student assistance program team members in the referral of students at risk of violent behavior to appropriate community-based services;

(viii) specifically and repeatedly failing to report or notify appropriate law enforcement agencies after it was known or reasonably suspected by Central Elementary administrators, employees, and/or safety personnel for a period of at least four (4) months that Defendant, F.H., had repeatedly committed violent sexual assaults against innocent students in unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School, thereby thwarting police notice and investigation;

(ix) specifically and repeatedly failing to adequately supervise, discipline, isolate, monitor, remove, and/or conduct surveillance of Defendant, F.H., after it was known or reasonably suspected by Central Elementary administrators, employees,

and safety personnel for a period of at least four (4) months that F.H. had repeatedly committed violent sexual assaults against innocent student in unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School; and

(x) specifically and repeatedly failing to adequately protect the innocent students at Central Elementary School, including Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V from Defendant, F.H., after it was known or reasonably suspected by Central Elementary administrators, employees, and safety personnel for a period of at least four (4) months that F.H. had committed violent sexual assaults against innocent students in unsecured, unmonitored, security-abandoned bathroom areas of Central Elementary School;

all of which enabled and was substantially certain to directly result in Defendant, F.H., systematically and continually conducting unfettered, violent sexual assaults upon students, including the aforementioned assaults of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V at separate and distinct points in time between September 2003 and March 16, 2004, within the confines of unsecured, unmonitored, security-abandoned bathrooms at Central Elementary School, without fear of significant punishment, discipline, removal, and/or isolation from the general school population;

(u)     conspired in silence to veil the repeated sexual assaults by Central Elementary School student, Defendant F.H., for a period of at least four (4) months, by failing to report the incidents of sexual assaults to the City of Allentown Police Department or any other law enforcement agency, despite having been repeatedly notified or made aware of such sexual assaults at some time by other Central Elementary School students, teachers, administrators, officials, agents, servants, and/or workmen;

(v)     failed to adequately train and supervise its administrators and employees operating the daily affairs of the Allentown School District, namely the individual Defendants named herein, thereby causing the violations of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V's constitutional rights as referenced above;

(w)     failed to train the administrators, officials, agents, servants, employees, and /or independent contractors of Allentown School District and Lehigh Valley Hospital, Inc., to protect the Plaintiff's Constitutional Rights amounting to a deliberate indifference to and callous disregard for the rights of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V, in particular the Right to Bodily Integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania; and

(x)     in having knowledge of the acts of the other individual Defendants named herein, participated in and conspired with the co-Defendants herein to veil continued acts of sexual violence at certain problematic Allentown School District schools, including Central Elementary School, in an effort to insulate themselves from public scrutiny regarding unabated violence within certain Allentown School District schools, including Central Elementary School, to the peril of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V's constitutional rights to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania.

76.     At all times relevant hereto, through commission of the aforesaid acts and omissions as well as through knowledge of said acts and omissions by other Defendants, each Defendant named herein substantially caused, directed, approved, and/or ratified the aforesaid acts and omissions which are violations of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV John Doe V's constitutional rights.

77.     At all times relevant hereto, the harm ultimately caused to the Plaintiffs was a foreseeable and fairly direct result of the Defendants' conduct described herein whereby the Defendants acted in willful disregard for and/or in deliberate indifference to the safety of the

Plaintiffs; and a relationship existed between the Defendants and Plaintiffs such that Plaintiffs were foreseeable victims of the Defendants' conduct described herein and the Defendants' use of their authority in said relationship created a more dangerous and/or more vulnerable position and/or opportunity that otherwise would not have existed for F.H.'s crimes against Plaintiffs to subsequently occur.

78.     As a direct, proximate, and legally substantial result of the Defendants' conduct described herein, all Plaintiffs have suffered damages as referred to above.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendants, jointly and severally, for compensatory damages in an amount to be proven at trial, interest, attorneys fees and the costs of this proceeding.

**COUNT II**

**VIOLATION OF 20 U.S.C SECTION 1681-TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 TO THE 1964 CIVIL RIGHTS ACT**

**JOHN DOE, I JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V**
*Plaintiffs*
v.
**ALLENTOWN SCHOOL DISTRICT**
*Defendants*

79.     Plaintiffs incorporate herein by reference paragraphs 1 through 78 above as if fully set forth at length.

80.     The Defendant, Allentown School District, is a political subdivision of the Commonwealth of Pennsylvania.  Said Defendant school district's educational programs and activities receive federal financial assistance.

81.     At all times relevant hereto, Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V, along with Defendant F.H., were all enrolled as students at Central Elementary School, an educational institution operated by Defendant Allentown School District.

82.     Plaintiffs, John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V, have been subject to sexual discrimination and harassment while under the care and supervision of Defendant Allentown School District by and through its employees and representatives.

83.     The individuals acting as agents and employees of Defendant, Allentown School District are public school officials who had actual knowledge of sexual harassment, sexual discrimination, and sexual attacks being perpetrated upon the Plaintiffs by Defendant F.H.

84.     The individual employees and/or representatives of the Defendant Allentown School District failed to investigate Defendant F.H.'s background regarding his propensity for deviant sexual behavior as well as the specific instances of sexual assault identified within this Complaint and further take appropriate corrective action to prevent other acts of sexual harassment by Defendant F.H.

85.     At all times material hereto, Defendant F.H. committed acts of peer sexual harassment on the minor Plaintiffs by sexually assaulting and/or raping each of the Plaintiffs.

86.     At all times material hereto, Defendant Allentown School District by and through its employees and/or representatives had authority to take remedial action prior to and following the acts of sexual assault perpetrated by the Defendant F.H.

87.     The attacks by F.H. upon the Plaintiffs happened at Central Elementary School property during school hours.

88.     Defendant Allentown School District by and through its agents and employees identified above were aware that Defendant F.H. committed acts of peer sexual harassment on others in the past, and the minor Plaintiffs thereby creating a substantial risk of harm that F.H. would in the future sexually assault others including the minor Plaintiffs, yet failed to take any action to prevent Defendant F.H. from committing such acts on the Plaintiffs.

89.     At all times material hereto, the peer sexual harassment perpetrated by Defendant F.H. and known to Defendant Allentown School District by and through its employees and representatives were so severe, persistent, pervasive so as to limit each of the Plaintiffs' ability in their education programs within the Central Elementary School thereby creating a hostile educational environment for the minor Plaintiffs.

90.     The failure on the part of Defendant Allentown School District by and through its employees and representatives to take appropriate remedial action to prevent said attacks was clearly unreasonable under the circumstances.

91.     At all times material hereto, the acts of sexual harassment perpetrated by Defendant F.H. were so severe, pervasive and objectively offensive to prevent Plaintiffs as victims from access to educational opportunities and benefits within the Central Elementary School programs.

92.     At all times material hereto, the Defendant Allentown School District by and through its agents and employees identified above, were deliberately indifferent to known acts of sexual harassment perpetrated by Defendant F.H. on the minor Plaintiffs as well as others.

93.     At all times material hereto, Defendant Allentown School District by and through its employees of Central Elementary School and through the officials and representatives of the same had possessed enough knowledge of the prior sexual harassment/assaults perpetrated by Defendant F.H. that it reasonably could have responded and taken remedial measures as corrective action to prevent Defendant F.H. from sexually harassing and/or assaulting the minor Plaintiffs.

94.     Under Title IX of the Educational Amendments of 1972 Section 901 et seq. (20 U.S.C.A. Sections 1681 et seq.) Defendant Allentown School District is liable for Defendant

F.H.'s sexual abuse, assault, and molestation and/or rapes of the minor Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V.

95.     At the times material hereto, the failure on the part of the Defendant School District to take remedial action in light of the obvious need to act constituted a policy of inaction by Defendant Allentown School District.

96.     As a direct and proximate result of the violations of Title IX of the Educational Amendments of 1972 referred to above, the minor Plaintiffs have suffered damages as referred to above as well as psychological, physical, and emotional harm, lack of participation in school, fear of going to school, dropping grades, an increase in absence from school, and a complete loss of self esteem.

97.     The aforesaid discrimination and harassment suffered by the Plaintiffs was severe, pervasive, and objectively offensive, whereby it undermined and detracted from the Plaintiffs' educational experience in such a manner that they were denied equal access to Defendant school district's educational resources, benefits, and opportunities.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendant Allentown School District for compensatory damages in an amount to be proven at trial, interest, attorney's fees  and the costs of this proceeding.

## COUNT III

## PROFESSIONAL NEGLIGENCE

**JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V**
*Plaintiffs*
v.
**MARGARET PARRY (a/k/a PEG PARRY)**
*Defendant*

98.     Plaintiffs incorporate herein by reference paragraphs 1 through 97 above as if fully set forth at length.

99.    This Court has pendent and supplemental jurisdiction over this claim for relief of the Plaintiffs pursuant to 28 U.S.C. § 1367.

100.    At all times materials hereto, the Defendant, Margaret Parry (a/k/a Peg Parry), was a licensed and practicing nurse in the Commonwealth of Pennsylvania.

101.    At definitive points in time between December 2003 and March 2004 and for a period of time prior thereto, Defendant Parry was a school nurse at the Central Elementary School employed by Lehigh Valley Hospital, Inc.

102.    At all times relevant hereto, the Defendant Parry did provide medical and/or professional care, attention, treatment, and supervision to the Defendant F.H. and later to each of the Plaintiffs following their rapes and/or sexual assaults each of them suffered as set forth herein, during the time period that said minor Plaintiffs attended Central Elementary School.

103.    Defendant Parry owed each of the minor Plaintiffs a duty to provide proper professional medical care, attention, treatment and supervision as well as a duty to make proper reports and give notice to authorities of any suspected sexual assaults and/or abuse in a reasonable time after said events occurred.

104.    At all times material hereto, Defendant Parry committed acts of professional negligence and deviated from the accepted standard of care pertaining to school nurses by failing to provide notice of the sexual assaults upon the Plaintiffs within a reasonable time after they occurred to the appropriate authorities including the local enforcement agencies and otherwise in violation of the accepted professional standard of care pertaining to school nurses.

105.    As a direct and proximate result of Defendant Parry's professional negligence, the Plaintiffs suffered the damages identified above.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendant Parry, jointly and severally with the other named Defendants for compensatory damages in an amount to be proven at trial, interest and the costs of this proceeding.

## COUNT IV

## PROFESSIONAL NEGLIGENCE

### JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V
*Plaintiffs*
v.
### KATHLEEN COUGHLIN
*Defendant*

106.    Plaintiffs incorporate herein by reference paragraphs 1 through 105 above as if fully set forth at length.

107.    At all times material hereto, the Defendant, Kathleen E. Coughlin, was a licensed and practicing social worker in the Commonwealth of Pennsylvania.

108.    Defendant Coughlin was responsible for the custody, care, safety, and welfare of students attending Central Elementary School and owed a corresponding duty of care to Plaintiffs, John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V, during the time period that they attended Central Elementary School.

109.    Defendant Coughlin owed each of the minor Plaintiffs a duty to provide proper professional medical care, attention, treatment and supervision as well as a duty to make proper reports and give notice to authorities of any suspected sexual assaults and/or abuse in a reasonable time after said events occurred.

110.    At definitive points in time between December 2003 and March 2004, and for a period of time prior thereto, Defendant Coughlin did provide professional care, attention, treatment, and supervision to the Defendant F.H., and later to each of the Plaintiffs following their rapes and/or sexual assaults they suffered at the hands of Defendant F.H.

111.   At all times material hereto, Defendant Coughlin committed acts of professional negligence and deviated from the accepted standard of care pertaining to social workers by failing to provide notice of the sexual assaults upon the Plaintiffs within a reasonable time after they occurred to the appropriate authorities including the local enforcement agencies and otherwise in violation of the accepted professional standard of care pertaining to social workers.

112.   The professional care, attention, treatment and supervision provided by Defendant Coughlin was reckless, negligent, and in deviation from the accepted professional standard of care applicable to social workers.

113.   As a direct result of Defendant Coughlin's professional negligence, the Plaintiffs suffered damages as set forth above.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendant Coughlin, jointly and severally with the other named Defendants for compensatory damages in an amount to be proven at trial, interest and the costs of this proceeding.

## COUNT V

## PROFESSIONAL NEGLIGENCE

### JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V
*Plaintiffs*
v.
### LEHIGH VALLEY HOSPITAL, INC.
*Defendant*

114.   Plaintiffs incorporate herein by reference paragraphs 1 through 113 above as if fully set forth at length.

115.   At all times material hereto, Defendants Margaret Parry (a/k/a Peg Parry) and/or Defendant Kathleen E. Coughlin were agents, servants, and/or employees of the Defendant, Lehigh Valley Hospital, Inc.

116.    By virtue of the doctrine of respondeat superior, Defendant Lehigh Valley Hospital, Inc., is vicariously liable for the above-mentioned injuries and damages sustained by each of the Plaintiffs as a result of the aforesaid negligence of the Defendant Parry and/or the Defendant Coughlin.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendant, Lehigh Valley Hospital, Inc., jointly and severally with the other named Defendants for compensatory damages in an amount to be proven at trial, interest and the costs of this proceeding.

## COUNT VI

## NEGLIGENCE

### JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V
*Plaintiffs*
v.
*F.H., a minor*
*Defendant*

117.    Plaintiffs incorporate herein by reference paragraphs 1 through 116 above as if fully set forth at length.

118.    At separate and distinct points in time between December 2003 and March 16, 2004 as set forth in detail above, Defendant F.H. was negligent and failed to exercise the reasonable care which other minors of like age, experience, capacity and development would ordinarily exercise under similar circumstances, whereby he forcibly entered occupied bathroom stalls at Central Elementary School and negligently engaged in offensive and harmful sexual contact with Plaintiffs, John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V.

119.    As a direct and proximate result of the Defendant's intentional actions and/or negligence actions/inactions, the Plaintiffs have suffered damages as enumerated above.

**WHEREFORE,** Plaintiffs demand that judgment be entered against Defendant F.H., jointly and severally with the other named Defendants for compensatory damages in an amount to be proven at trial, interest and the costs of this proceeding.

## COUNT VII

## NEGLIGENCE

### JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V,
*Plaintiffs*
v.
### F.H. FATHER, F.H. MOTHER
*Defendants*

120.    Plaintiffs incorporate herein by reference paragraphs 1 through 119 above as if fully set forth at length.

121.    Defendants, F.H. FATHER and F.H. MOTHER, are the biological parents of Defendant F.H., and at all times material hereto, said Defendants had physical and legal custody of F.H. who resided with said Defendants in the same residence.

122.    At or prior to the beginning of the 2003-2004 school year, Defendants F.H. FATHER and F.H. MOTHER knew or should have known of the deviant sexual propensities of their son, F.H., and his prior history of sexual abuse, deviant sexual conduct, and/or sexual harassment involving other children, such that said Defendants were aware or should have been aware that F.H. posed a known, clear and continuing danger to the general student population at Central Elementary School.

123.    Notwithstanding their aforesaid knowledge and awareness, Defendants F.H. FATHER and F.H. MOTHER were negligent and failed to exercise reasonable care to control F.H. so as to prevent him from intentionally harming others or from conducting himself in a manner that created an unreasonable risk of bodily harm to them.

124.    As a direct and result of the negligence of the Defendants F.H. FATHER and F.H.

MOTHER, Plaintiffs have suffered the damages as enumerated above.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendants F.H.

FATHER and F.H. MOTHER, jointly and severally with the other named Defendants, for

compensatory damages in an amount to be proven at trial, interest and the costs of this

proceeding.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V
*Plaintiffs*
v.
**F.H. ,** *a minor*
*Defendant*

125.    Plaintiffs incorporate herein by reference paragraphs 1 through 124 above as if

fully set forth at length.

126.    The aforesaid extreme, outrageous, atrocious, and utterly intolerable conduct,

acts, omissions, or deliberate indifference of the Defendant F.H., as set forth in this Complaint,

surpassed all bounds of decency universally recognized in a civilized society, and was

intentionally and/or recklessly calculated and/or designed by said Defendant F.H. to cause and/or

inflict deliberate, reasonably foreseeable emotional distress, psychological trauma, and psychic

pain and suffering upon the Plaintiffs and to instill in their minds an immediate and permanent

sense of fear and trepidation.

127.    As direct, proximate, and legally substantial result of the aforesaid conduct, acts,

omissions, or deliberate indifference of the Defendant F.H., which constitute extremely

outrageous conduct, all Plaintiffs have suffered, are suffering, and will continue to suffer for an

indefinite time into the future, the following:

(a)     emotional, psychological, and physical distress, trauma, injury, and harm;

(b)     mental anguish;

(c)     psychic pain and suffering;

(d)     severe fright, horror, and grief;

(e)     shame, humiliation, and embarrassment;

(f)     severe anger, chagrin, disappointment, and worry; and

(g)     the need to expend funds for medical care and treatment.

128.    As a direct and proximate and legally substantial consequence and result of the aforesaid deliberately indifferent and callous conduct of the Defendant F.H., all Plaintiffs have suffered as stated above.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendant F.H., jointly and severally with the other named Defendants for compensatory damages in an amount to be proven at trial, punitive damages, interest and the costs of this proceeding.

## COUNT IX

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V**
*Plaintiffs*
v.
**LEHIGH VALLEY HOSPITAL, INC.,**
**MARGARET PARRY (a/k/a PEG PARRY), KATHLEEN E. COUGHLIN, F.H.,** *a minor*
*Defendants*

129.    Plaintiffs incorporate herein by reference paragraphs 1 through 128 above as if fully set forth at length.

130.    This Court has pendent and supplemental jurisdiction over this claim for relief of the Plaintiffs pursuant to 28 U.S.C. § 1367.

131.    The above-named Defendants in Count IX each owed a duty of care to all Plaintiffs regarding either their personal health, safety, and welfare, or to the care, custody, and control of the Central Elementary School building in which Plaintiffs attended as a six-year old students, and the aforesaid extreme, outrageous, negligent, careless, wrongful, and reckless conduct, acts, omissions, or deliberate indifference of the above-named Defendants was: (a) negligent, careless, wrongful, and/or reckless; (b) created an unreasonable risk of foreseeable bodily harm or emotional disturbance to the Plaintiffs and/or rendered the Central Elementary School building unsafe for the activities for which it was intended and generally used; (c) constituted a breach of the aforementioned duties owed to Plaintiffs; and (d) directly and proximately caused physical impact and/or injury to the Plaintiffs as well as continued, reoccurring emotional distress, psychological trauma, and psychic pain and suffering upon the Plaintiffs and to instill in their minds an immediate and permanent sense of fear and trepidation.

132.    The aforesaid negligent conduct, acts, omissions, or deliberate indifference of the Defendants was in violation of Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V's rights guaranteed under the Fourteenth Amendment of the United State Constitution, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, as well as in direct violation of federal and state education laws and regulations, in particular the No Child Left Behind Act of 2001, 20 U.S.C. § 6301 *et. seq.*, and Pennsylvania's Safe Schools Act, 24 P.S. § 13-1301 *et seq.*, and in regards to Defendant F.H.'s conduct, his actions were in violation of the Pennsylvania Crimes Code.

133.    As a direct and proximate result of the aforesaid conduct, acts, omissions or deliberate indifference of the above named Defendants, all Plaintiffs have suffered the damages as stated above.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendants Lehigh Valley Hospital, Inc., Margaret Parry (a/k/a Peg Parry), Kathleen E. Coughlin and F.H., jointly and severally with the other named Defendants for compensatory damages in an amount to be proven at trial, punitive damages, interest and the costs of this proceeding.

## COUNT X

## ASSAULT AND BATTERY

### JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, JOHN DOE V AND JOHN DOE VI
*Plaintiffs*
v.
**F.H.,** *a minor*
*Defendant*

134.    Plaintiffs incorporate herein by reference paragraphs 1 through 133 above as if fully set forth at length.

135.    This Court has pendent and supplemental jurisdiction over this claim for relief of the Plaintiffs pursuant to 28 U.S.C. § 1367.

136.    The sexual assaults committed by the Defendant F.H. upon Plaintiffs constituted assault and battery of the individual Plaintiffs.

137.    As a direct result of the assault and battery committed by Defendant F.H., Plaintiffs have suffered damages as suffered above.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendant F.H., jointly and severally with the other named Defendants for compensatory damages in an amount to be proven at trial, punitive damages, interest and the costs of this proceeding.

## COUNT XI

## FALSE IMPRISONMENT

### JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V
*Plaintiffs*

**v.**
**F.H.,** *a minor*
*Defendant*

138.    Plaintiffs incorporate herein by reference paragraphs 1 through 137 above as if fully set forth at length.

139.    This Court has pendent jurisdiction over this claim for relief of Plaintiff pursuant to 28 U.S.C. § 1367.

140.    At all times material hereto, the acts committed by F.H. with respect to the Plaintiffs constituted false imprisonment of each of the individual minor Plaintiffs since at all times during the attacks he placed and kept Plaintiffs in custody by physically restraining and/or blocking reasonable means of escape and fight the Plaintiffs for fear of future harm.

141.    As a direct and proximate result of Defendant F.H.'s false imprisonment of the Plaintiffs, they suffered damages as enumerated above.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendant F.H., jointly and severally with the other named Defendants for compensatory damages in an amount to be proven at trial, punitive damages, interest and the costs of this proceeding.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), the Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

**PFEIFFER, BRUNO, MINOTTI & DeESCH**

BY:      /S/ JAMES L. PFEIFFER
JAMES L. PFEIFFER, ESQ., I.D. # 47268
44 North 2nd Street
P.O. Box 468
Easton, PA 18042
(610) 258-4003, FAX: (610) 258-1943
jpfeiffer@pbmdlaw.com
Attorney for Plaintiffs

_/S/ CHARLES BRUNO_____

CHARLES BRUNO, ESQ., I.D. #52812
44 North 2nd Street
P.O. Box 468
Easton, PA 18042
(610) 258-4003, FAX: (610) 258-1943
cbruno@pbmdlaw.com
Attorney for Plaintiffs

_/S/ BLAKE W. RUSH_____

BLAKE W. RUSH, ESQ., I.D. # 94498
44 North 2nd Street
P.O. Box 468
Easton, PA 18042
(610) 258-4003, FAX: (610) 258-1943
brush@pbmdlaw.com
Attorney for Plaintiffs

DATED:  July 13, 2011

## VERIFICATION

We, James L. Pfeiffer, Esq., Charles Bruno, Esq., and Blake W. Rush, Esq., state that we are Attorneys for Plaintiffs in the within action and verify that the Complaint is legal in nature, that we are familiar with the facts contained therein and that the statements within are true and correct to the best of our knowledge, information and belief; and further state that as Attorneys for the Plaintiffs, we are best qualified to execute this verification to the foregoing Complaint. We understand that any false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.


　　　　　　　　　　　　　　　　　　/S/ JAMES L. PFEIFFER
　　　　　　　　　　　　　　　　　JAMES L. PFEIFFER, ESQ.


　　　　　　　　　　　　　　　　　　/S/ CHARLES BRUNO
　　　　　　　　　　　　　　　　　CHARLES BRUNO, ESQ.


　　　　　　　　　　　　　　　　　　/S/ BLAKE W. RUSH
　　　　　　　　　　　　　　　　　BLAKE W. RUSH, ESQ.

DATED:  July 13, 2011